1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICHARD NOLL, individually and on behalf of all others similarly situated, | Case No. 5:11-CV-04585 EJD |
|                    Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |
|     v. | [Re: Docket Item Nos. 24, 40] |
| EBAY, INC., et al., | |
|                    Defendant(s). | |

## I.   INTRODUCTION

Presently before the court are motions to dismiss Plaintiff  Richard Noll's ("Plaintiff") alleged class action complaint ("Complaint") brought by Defendants eBay, Inc.; eBay Europe S.A.R.L.; and eBay International AG ("Defendants").  See Docket Item Nos. 24, 40.

## II.   BACKGROUND

Plaintiff is an eBay seller who alleges that he has listed items for sale on the eBay website since approximately September 2010.  See Complaint, Docket Item No. 1, at ¶ 1.  Defendant eBay is a Delaware corporation with its principal office in San Jose, California; eBay Europe is located in Luxembourg; and eBay International has its principal office in Bern, Switzerland.  Id. at ¶ 2. eBay is an "online marketplace" which connects buyers and sellers by allowing sellers to list items for sale on the eBay website.  Id. at ¶ 6.  eBay operates three online marketplaces, including eBay Motors and eBay Stores.  Id.  The eBay marketplace is located at www.ebay.com, eBay Motors'

1

United States District Court
For the Northern District of California

marketplace is located at www.motors.ebay.com, and eBay Stores' marketplace is located at www.stores.ebay.com.  Id. at ¶ 8.

The relationship between eBay and its sellers is governed by a User Agreement.[1]  Id. at ¶ 7; see also Dec'l of Keith Verges, Docket Item No. 39-2.  The User Agreement provides that sellers will be charged fees for listing items on eBay's online marketplace based on eBay's "Fee Schedule," which is a hyperlink that leads to a set of web pages that describe and quantify applicable fees.  Id. at ¶ 8.  The basic fee for listing an item for sale on eBay is known as an "Insertion Fee."  Id. at ¶ 11.  Additionally, paying "Feature Fees" allows customers to enhance the appearance and prominence of their sales listing.  Id.  Plaintiff refers to these fees collectively as "Listing Fees."  Id.  Sellers are also charged a "Final Value Fee" if an item sells, based on the total cost of the item sold.  Id. at n.1.

Sellers can select from a variety of listing formats when listing an item for sale on eBay. Id. at ¶¶ 9-11.  For the "Fixed Price" listing, which is at issue here, sellers list items on eBay for a specified period of time at a specified price.  Id. at ¶¶ 9-10.  Before September 16, 2008, Fixed Price listings could have a duration of one, three, five, seven, or ten days.  Id. at ¶ 10.

On September 16, 2008, eBay revised its Fee Schedule, reducing the Insertion Fee to $.35, and expanding the listing durations available for Fixed Price listings.  Id. at ¶ 10; see also Docket Item No. 27-1.  On this date, eBay introduced a 30-day listing duration for Fixed Price listings and also introduced the Good 'Til Canceled ("GTC") feature, which would automatically renew a listing every 30 days until the item sold or the listing was cancelled.  Id.  Subsequently, eBay charged sellers recurring Listing Fees every 30 days for GTC listings that were not cancelled.  Id. at ¶ 11.

eBay's August 2008 Seller Update provided that the GTC feature would be available at "no extra cost."  Id. at ¶ 10; see also Docket Item No. 27-3, at 4.  In the section titled "Frequently

---

[1] The court may properly take judicial notice of facts which are "not subject to reasonable dispute" because they are generally known within the jurisdiction of the court or capable of verification by reliable sources. Fed. R. Evid. 201(b).  The court takes judicial notice of the User Agreement, Fee Schedule, and August 2008 Seller Update.  These documents were incorporated by reference in the Complaint and there is no dispute about these documents.

Case No. 5:11-CV-04585 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

United States District Court
For the Northern District of California

1 Asked Questions," the 2008 Seller Update noted that for GTC listings, "Insertion Fees and all

2 Feature Fees will be charged every 30 days at the time the listing is renewed."  See Docket Item

3 No. 27-3, at 7.  Plaintiff contends that the new recurring Listing Fees for GTC listings were not

4 reflected in the eBay User Agreement or the Fee Schedule.[2]  Plaintiff refers to this time period,

5 starting on September 16, 2008, as the "No Recurring Charge Period."

6          Sometime after September 16, 2008,[3] eBay revised the User Agreement to reveal some

7 recurring charges for GTC listings and a disclosure was added to the Fee Schedule on December

8 16, 2008 that noted, "Good 'Til Cancelled renews automatically every 30 days . . . .  Insertion fees

9 are charged every 30 day period."  See Docket Item No. 1, at ¶ 11; see Docket Item No. 27-2, at 7.

10 Additionally, the eBay help center web page titled "Selecting a Selling Format" had the same

11 disclosure.  See Docket Item No. 27-5, at 2.  Plaintiff claims a statement about recurring Insertion

12 Fees was "buried within several other paragraphs [of the eBay.com Fee Schedule] under the

13 heading 'A note about eBay fees.'"  See Docket Item No. 1, at ¶ 11.  Plaintiff alleges that this

14 statement regarding insertion fees did not appear on the eBay Motors Fee Schedule until 2010.  Id.

15 Plaintiff refers to the time period after the Fee Schedule was amended as the "Insertion Fee Only

16 Period."  Plaintiff contends that as of the time of filing, eBay's Fee Schedules have never revealed

17 that eBay imposes all Listing Fees on a recurring basis every 30 days for GTC listings.  Id. at ¶ 12.

18          Plaintiff became a seller on eBay in September 2010.  Id. at ¶ 1.  He reviewed and relied on

19 the Fee Schedule in effect in September 2010.  Id. at ¶ 15.  Plaintiff claims that the monthly

20 invoices he has received from eBay contain only "a monthly total, rather than any details on items

21 and fees."[4]  Id.

22 _____

[2] eBay Stores, however, listed recurring Optional Fees (which permit sellers to add optional
23 features to their listings) for the GTC listings in the eBay Stores Fee Schedule in effect as of
September 16, 2008.  See Docket Item No. 1, at ¶ 11.  Plaintiff contends that these fees were
24 subsequently removed from the eBay Stores Fee Schedule in 2010.  Id.

25 [3] eBay, in its Motion to Dismiss, notes that the disclosure was added to the eBay.com Fee Schedule
on December 16, 2008.  See Docket Item No. 24, at 13; see also Docket Item No. 27-2.

26 [4] In the Complaint, Plaintiff inserted an "example of overcharges," which shows a breakdown of
27 fees charged each month for his GTC listing, including separate monthly charges for Insertion Fee,
Item Subtitle Fee, and Picture Fee.  See Docket Item No. 1, at ¶ 15.  It is unclear to the court
28 whether this chart was part of an invoice sent by eBay or a chart created by Plaintiff solely for the
purposes of the Complaint.

Case No. 5:11-CV-04585 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

**United States District Court**
For the Northern District of California

1    On September 15, 2011, Plaintiff filed the Complaint on behalf of himself and the putative

2    class.  The putative class is defined as "all eBay members . . . who, on and after September 16,

3    2008 (the "Class Period"): (a) placed GTC listings on eBay.com, eBay Stores, or eBay Motors; and

4    (b) were charged at any time after the initial listing: (i) Listing Fees during the No Recurring

5    Charge Period; and/or (ii) any other Fees (excluding Final Value Fees) in excess of Insertion Fees

6    during the applicable Insertion Fee Only Period."  Id. at ¶ 16.

7    Plaintiff claims that eBay was prohibited from charging any recurring Listing Fees for GTC

8    listings during the "No Recurring Charge Period," starting on September 16, 2008, because the

9    recurring charges were not revealed in all of the applicable Fee Schedules.  Id. at ¶¶ 11-13.

10    Plaintiff claims that after eBay revised its User Agreement and Fee Schedules to reflect recurring

11    Insertion Fees, eBay improperly charged Feature Fees when GTC listings were renewed every 30

12    days.  Id.  The Complaint asserts claims for breach of contract, violation of the Unfair Competition

13    Law, violation of the False Advertising Law, violation of the Consumer Legal Remedies Act,

14    common law fraud and deceit, unjust enrichment, and declaratory judgment.  Id. at ¶¶ 21-47.

15    ### III.    LEGAL STANDARD

16    Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to

17    state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must

18    contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

19    face."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

20    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

21    draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Recitals

22    of the elements of a cause of action and conclusory allegations are insufficient.  Id.

23    Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

24    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

25    rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

26    Moreover, the factual allegations "must be enough to raise a right to relief above the speculative

27    level" such that the claim "is plausible on its face."  Id. at 555, 570.  Pursuant to Rule 9(b), when

28    an allegation involves fraud, a heightened pleading standard applies and a party must state with

4

particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). A motion to dismiss a complaint grounded in fraud under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

In considering the sufficiency of a claim, the court must accept as true all of the factual allegations contained in the complaint. Twombly, 550 U.S. at 555-56. The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court is not required to accept as true legal conclusions cast in the form of factual allegations. Twombly, 550 U.S. at 555.

If dismissal is granted under either Rule 12(b)(6) or 9(b), leave to amend should be allowed unless the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Vess, 317 F.3d at 1108. If amendment would be futile, however, a dismissal may be ordered with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   DISCUSSION

### A. Standing

Under Article III of the Constitution, plaintiffs have standing to pursue a claim in federal court if they have suffered an "injury in fact," there is a causal connection between the injury and the alleged misconduct, and the injury can be redressed by the court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In the context of a putative class action, "the named representatives must allege and show that they personally have been injured." Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting Pence v. Andrus, 586 F.2d 733, 736-37 (9th Cir. 1978)).

Furthermore, under California law, in order to bring a breach of contract claim, the plaintiff must have a contractual relationship with the defendant. See Berclain Am. Latina v. Baan Co., 74 Cal. App. 4th 401, 405 (1999); CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). Federal courts applying California law have routinely dismissed breach of contract claims where there is no direct contract between the plaintiff and defendant. See Just Film, Inc. v.

United States District Court
For the Northern District of California

1   Merchant Services, Inc., 2010 WL 4923146, at *18 (N.D. Cal. Nov. 29, 2010); Conder v. Home

2   Savings of Am., 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010).

3       **1.   "No Recurring Charge Period" Claims**

4       Defendants argue that Plaintiff lacks standing to pursue the "No Recurring Charge Period"

5   claims because Plaintiff does not allege that he suffered any injury during this time and he had no

6   listings on eBay.

7       Because Plaintiff plainly states that he did not have any listings on eBay before September

8   2010, Plaintiff did not suffer any injury during the "No Recurring Charge Period" and has no

9   standing to bring claims regarding improper Insertion Fees from September 16, 2008 through

10  December 16, 2008.  Accordingly, Defendants' motions to dismiss are GRANTED as to claims

11  prior to December 16, 2008.

12      **2.   Claims Related to eBay Motors and eBay Stores**

13      Plaintiff has named eBay Motors and eBay Stores as defendants, but he fails to allege that

14  he ever paid any fees to those marketplaces or that he was injured by them.  As such, Plaintiff has

15  no standing to bring claims against eBay Motors and eBay Stores.  Accordingly, Defendants'

16  motions to dismiss are GRANTED as to claims against these entities.

17      **3.   Claims Related to eBay Europe S.A.R.L. and eBay International AG**

18      Plaintiff has named eBay Europe S.A.R.L. and eBay International AG as defendants, but

19  fails to allege that he has a contractual relationship with either entity.  Furthermore, Plaintiff fails to

20  allege any facts showing that the alleged harm was caused by either eBay Europe S.A.R.L. or eBay

21  International AG.  As such, Plaintiff has no standing to bring claims against either entity.

22  Accordingly, Defendants' motions to dismiss are GRANTED as to claims against these entities.

23      The court will continue to analyze the claims brought by Plaintiff against eBay, Inc. only

24  for the applicable time period.

25  **B.  Breach of Contract Claim**

26      To allege a breach of contract claim in California, a plaintiff must prove the existence of a

27  contract, the plaintiff's performance of duties or excuse for non-performance, the defendant's

28  breach, and the resulting damages to the plaintiff.  CDF Firefighters, 158 Cal. App. 4th at 1239.

Case No. 5:11-CV-04585 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

*(left margin, vertical text)* **United States District Court** For the Northern District of California

1    Plaintiff contends that the User Agreement and incorporated Fee Schedules are the

2  governing contracts between eBay and its users.  Plaintiff claims that eBay breached its contracts

3  with Plaintiff and the Class by charging fees for GTC listings in a manner different than that set

4  forth in the applicable Fee Schedules, by collecting fees in excess of those permitted by the

5  applicable Fee Schedules, and by interfering with the right of Plaintiff and the Class to receive the

6  benefits under the contracts.

7    eBay contends that this claim should be dismissed because the disputed fees were, in fact,

8  disclosed to Plaintiff through the August 2008 Seller Update and a web page on eBay's help center.

9  eBay relies on two cases decided by district courts in this circuit dismissing claims that phone

10  carrier companies had improperly charged consumers certain fees that were allegedly not disclosed

11  to customers.  Janda v. T-Mobile, USA, Inc., 2009 WL 667206 (N.D. Cal. March 13, 2009); Smale

12  v. Cellco Partnership, 547 F. Supp. 2d 1181 (W.D. Wash. 2008).  In dismissing plaintiff's claim in

13  Smale v. Cellco, the court considered not only the customer agreement between Verizon and

14  customers, which disclosed the possibility of other unnamed charges, but also took judicial notice

15  of Verizon's other disclosures, which were attached to the agreement, and monthly invoices to

16  customers, which included an explanation of the charges.  Smale, 547 F. Supp. 2d. at 1185-86.

17  Similarly, in Janda v. T-Mobile, the court considered the Terms and Conditions attached to T-

18  Mobile's Service Agreement.  Janda, 2009 WL 667206, at *6.

19    However, the facts of the current case are distinguishable from those in Smale and Janda.

20  First, the Verizon customer agreement specifically stated that Verizon could charge other unnamed

21  fees.  eBay's User Agreement, on the other hand, states that all fees charged are based on the Fee

22  Schedule: "you will be charged based on our Fees schedule, which we may change from time to

23  time."  See Docket Item No. 39-2.  Second, the case is distinguishable because it is undisputed the

24  Seller Update and FAQ were not attached to the User Agreement or Fee Schedules, as Verizon's

25  disclosures and T-Mobile's Terms and Conditions were.  Furthermore, Plaintiff claims that

26  monthly invoices from eBay contained only a monthly total, without explanation of charges.

27    The California Court of Appeal has held that for the terms of an extrinsic document to be

28  incorporated into the document executed by the parties the reference must be clear and

7

United States District Court
For the Northern District of California

1   unequivocal, the reference must be called to the attention of the other party and he must consent

2   thereto, and the terms of the incorporated document must be known or easily available to the

3   contracting parties.  Baker v. Osborne Dev. Corp., 159 Cal. App. 4th 884, 895 (2008) (internal

4   quotations omitted).  California's common law is clear that "an offeree, regardless of apparent

5   manifestation of his consent, is not bound by inconspicuous contractual provisions of which he is

6   unaware, contained in a document whose contractual nature is not obvious."  Specht v. Netscape

7   Comm. Corp., 306 F.3d 17, 29 (2d Cir. 2002) (applying California state law to the question of

8   contract formation) (quoting Windsor Mills, Inc. v. Collins & Aikman Corp., 25 Cal. App. 3d 987,

9   991 (1972)).  Whether the document purportedly incorporated by reference was "readily available"

10  is a question of fact.  Baker, 159 Cal. App. 4th at 895.

11         As a number of California cases suggest, receipt of a physical document containing contract

12  terms or notice thereof is frequently deemed sufficient to place the offeree on inquiry notice of

13  those terms.  Specht, 306 F.3d at 31.  While interpreting California contract law in Specht, the

14  Second Circuit noted, "[t]hese principles apply equally to the emergent world of online product

15  delivery, pop-up screens, hyperlinked pages, clickwrap licensing, scrollable documents, and urgent

16  admonitions to 'Download Now!'"  Id.  In Specht, the court found that where plaintiffs were

17  offered to download free software, a reference to the existence of license terms on a submerged

18  screen was not sufficient to place consumers on inquiry or constructive notice of those terms.  Id. at

19  32.

20         At this point, the court must construe the Complaint in the light most favorable to Plaintiff,

21  resolving any apparent ambiguity in his favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421

22  (1969).  Plaintiff claims that, like the plaintiff in Specht, he was unaware of any fees which were

23  not listed in the User Agreement or the Fee Schedule.  At this stage, the court cannot decide as a

24  matter of law whether the 2008 Seller Update or help center web page were incorporated by

25  reference into the contract.  As such, the court cannot determine the scope of the contract between

26  eBay and Plaintiff and whether disputed fees were disclosed to Plaintiff.  Accordingly, Defendants'

27  motions to dismiss Plaintiff's breach of contract claim are DENIED.

28

8

**C. Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). It is established law that Rule 9(b)'s particularity requirement applies to state-law causes of action. Vess, 317 F.3d at 1103.

Fraud is not an essential element of either a CLRA or UCL claim, but that does not mean that heightened pleading never applies to such claims. Id. As the Ninth Circuit has previously stated:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b) . . . ."

Id. at 1103-04.

When averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . ." [5] Id. at 1106 (internal quotations omitted). Such averments "must be accompanied by the who, what, where, and how of the misconduct charged." Id. (internal quotations omitted). A plaintiff must plead reliance on alleged misstatements with particularity by alleging facts "of sufficient specificity," allowing a court to infer that "misrepresentations caused injury to plaintiffs by inducing them to pay" for products or services. In re Actimmune Marketing Litig., 2009 WL 3740648, at *11 (N.D. Cal. Nov. 6, 2009). However, in the context of a fraudulent omission claim, a plaintiff cannot plead a specific time or place of a failure to act and may accordingly plead fraud in alternative ways. Washington v. Baenziger, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987).

---

[5] In Vess, 317 F.3d 1097, the Ninth Circuit found that plaintiff's claims of non-disclosure were not based in fraud. However, the court in Vess derived its elements of fraudulent misrepresentation from the California Court of Appeals case Hackethal v. Nat'l Casualty Co., 189 Cal. App. 3d 1102 (1987) (stating the first element of a fraud claim under California law as "false representation"). The elements have since been changed by the Supreme Court of California to encompass false representation, concealment, and nondisclosure. Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th 951, 974 (1997); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009). As such, claims based on non-disclosure must meet the heightened pleading standard of Rule 9(b).

Case No. 5:11-CV-04585 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

United States District Court
For the Northern District of California

1    Plaintiff's UCL, FAL, CLRA, and common law fraud claims are entirely based on

2    allegations that Defendants made misrepresentations and omissions that are "grounded in fraud."

3    See Tietsworth v. Sears, Roebuck and Co., 2009 WL 3320486, at *6 (N.D. Cal. Oct. 13, 2009)

4    ("[b]ecause Plaintiffs' UCL claims are predicated on misrepresentations and omissions that are

5    'grounded in fraud,' those claims are subject to the heightened pleading requirements of Rule

6    9(b)").  Accordingly, these claims are subject to the heightened pleading requirement of Rule 9(b).

7    This district has previously required plaintiffs to satisfy Rule 9(b) where their claims were

8    premised on allegations that misleading statements on a defendant's website caused harm.  See In

9    re Facebook PPC Adver. Litig., 2010 WL 3341062, at *8-11 (N.D. Cal. Aug. 25, 2010); Parrish v.

10   Nat'l Football League Players Ass'n, 534 F. Supp. 2d 1081, 1093-94 (N.D. Cal. 2007).

11   Furthermore, Rule 9(b) has been applied even where the claims at issue overlap with breach of

12   contract claims premised on the same course of conduct.  Id. at *9-10; Parrish, 534 F. Supp. 2d at

13   1093-94.

14       Plaintiff's Complaint does not meet Rule 9(b)'s pleading standard for the UCL, FAL,

15   CLRA, or common law fraud claims.  Plaintiff alleges only that he "reviewed and relied on the Fee

16   Schedules in effect in September 2010 to state the applicable charges."  See Docket Item No. 1, at

17   ¶ 15.  This statement falls short of Rule 9(b)'s pleading standard because it does not specify which

18   exact misrepresentation Plaintiff relied on, whether that misrepresentation induced Plaintiff's

19   decision to use GTC listings, or whether Plaintiff would have acted differently had there been no

20   misrepresentation.

21       Accordingly, Defendants' motions to dismiss Plaintiff's UCL, FAL, CLRA, and fraud

22   claims are GRANTED and Plaintiff is given leave to amend.

23   **D.  Unjust Enrichment / Common Law Restitution Claim**

24       There is a split between federal courts regarding the viability of unjust enrichment as an

25   independent claim.  This district has recognized that a claim for unjust enrichment exists under

26   California law when there is no contractual relationship between the parties.  See Sanders v. Apple,

27   Inc., 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) ("To plead a claim for unjust enrichment, a

28   plaintiff must allege a receipt of a benefit and unjust retention of the benefit at the expense of

10

another"); <u>Blennis v. Hewlett-Packard Co.</u>, 2008 WL 818526, at *4. (N.D. Cal. Mar. 25, 2008)

("[a] plaintiff can recover for unjust enrichment only where there is no contractual relationship

between the parties . . . . Plaintiffs are entitled to plead an unjust enrichment claim in the

alternative").  However, as previously stated by this district, a party may "state as many separate

claims or defenses as the party has, regardless of consistency."  <u>Blennis</u>, 2008 WL 818526, at *4.

Therefore, the court will not dismiss Plaintiff's claim for unjust enrichment, even if such a

claim is in conflict with Plaintiff's claim for breach of contract.  Accordingly, Defendants' motions

to dismiss Plaintiff's claim for unjust enrichment are DENIED.

**D.  Declaratory Judgment**

Plaintiff seeks a declaration construing and enforcing the User Agreement and applicable

Fee Schedules for GTC listings.  Specifically, Plaintiff seeks a declaration that GTC listings are

subject only to the initial Listing Fees or, alternatively, that such listings are subject to recurring

Insertion Fees, but no other recurring fees.  eBay argues that the claim should be dismissed because

declaratory relief is not an appropriate remedy for past conduct and the claim is duplicative of other

substantive claims in the Complaint.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that in "a case of actual

controversy," a court may "declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought."  <u>McGraw-Edison Co.</u>

<u>v. Performed Line Products Co.</u>, 362 F.2d 339, 342 (9th Cir. 1966).  In considering whether to hear

a claim for declaratory relief, courts consider (1) whether the judgment "will serve a useful purpose

in clarifying and settling the legal relations in issue" and (2) if "it will terminate and afford relief

from the uncertainty, insecurity, and controversy giving rise to the proceeding."  <u>Id.</u>

At the pleading stage, it seems that declaratory judgment may clarify which recurring fees

eBay may charge on GTC listings under the existing agreement with sellers.  As such, Plaintiff's

claim for declaratory judgment will not be dismissed.  Accordingly, Defendants' motions to

dismiss this claim are DENIED.

Case No. 5:11-CV-04585 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

1

## V.      CONCLUSION

2        For the reasons discussed above, Plaintiff's claims regarding the "No Recurring Charge

3  Period" are dismissed with prejudice, as are Plaintiff's claims against eBay Stores, eBay Motors,

4  eBay Europe S.A.R.L., and eBay International AG.  Furthermore, Plaintiff's UCL, FAL, CLRA,

5  and common law fraud claims are dismissed with leave to amend.  However, Defendants' motions

6  to dismiss Plaintiff's remaining claims for breach of contract, unjust enrichment / restitution, and

7  declaratory judgment are denied.

8        IT IS HEREBY ORDERED that Defendants' motions to dismiss are granted in part and

9  denied in part.

10  **IT IS SO ORDERED.**

11  Dated: April 23, 2012

12  _____

13  EDWARD J. DAVILA
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-CV-04585 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

**United States District Court**
For the Northern District of California