KEITH R. VERGES (kverges@figdav.com)
PARKER D. YOUNG (parker.young@figdav.com)
RAYMOND E. WALKER (ray.walker@figdav.com
FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: (214) 939-2000
Fax: (214) 939-2090
(*Admitted Pro Hac Vice*)

SHAWN T. LEUTHOLD
(leuthold@aol.com)
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 The Alameda #303
San Jose, California 95126
Tel: (408) 924-0132
Fax: (408) 924-0134

VERA BROOKS
(vbrooks@thompsonbrookslaw.com)
THOMPSON & BROOKS
412 E. Madison Street, Suite 900
Tampa, Florida 33602
Tel: (813) 387-1822
Fax: (813) 387-1824
(*Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFF
RICHARD NOLL

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| RICHARD NOLL, Individually and on behalf of all others similarly situated, | CASE NO. 5:11-CV-04585-EJD |
| Plaintiff, | |
| v. | **PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |
| EBAY, INC., EBAY EUROPE S.A.R.L, AND EBAY INTERNATIONAL AG | Judge: Hon. Edward J. Davila |
| | Courtroom: 4, 5th Floor |
| | Trial Date: Not Yet Set |
| Defendants. | |
| | Jury Trial Demanded |

Plaintiff Richard Noll ("Noll") individually and on behalf of all those similarly situated, brings this action for damages and injunctive relief, and states:

# I. INTRODUCTORY STATEMENT

Plaintiff brings this case individually and on behalf of all other persons who paid listing fees in excess of those promised and agreed to on websites wholly owned and operated by Defendants eBay, Inc. ("eBay"), eBay Europe S.à.r.l. ("eBay Europe"), and/or eBay International AG ("eBay International") (collectively, "eBay").[1]  As set forth more fully below, Plaintiff seeks a declaration construing the web pages that establish the so-called "Good 'Til Cancelled" listing fees and monetary damages arising from eBay's practice of systematically repeating charges for these listings.

# II. PARTIES

**1.      Noll.**  Richard Noll is an individual who resides in Florida.  Noll has been a seller on eBay since approximately September 2010.  Noll is typical of the Class insofar as he has been forced to pay fees in excess of those promised and agreed to by eBay.

**2.      eBay.**  eBay is a Delaware corporation with its principal office at 2145 Hamilton Avenue, San Jose, California 95125.  eBay has appeared and may be served through its counsel of record.

**3.      eBay Europe.**  eBay Europe is located at 22-24 Boulevard Royal, L-2449 Luxembourg.  eBay Europe has appeared and may be served through its counsel of record.

**4.      eBay International.**  eBay International is a company incorporated under the laws of Switzerland with its principal office located at Helvetiastrasse 15/17, 3005, Bern, Switzerland.  eBay International has appeared and may be served through its counsel of record.

---

[1] Plaintiff acknowledges the Court's prior dismissal of all claims against eBay Europe and eBay International and are repeating and realleging the allegations regarding these two entities in this Amended Complaint solely for purpose of preserving the appellate rights of Plaintiff and the proposed Class.

### III. JURISDICTION AND VENUE

**5.     Subject Matter Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is filed as a class action under Fed. R. Civ. P. 23 and the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, and a substantial number of members of the class of Plaintiffs are citizens of a state different from California.

**6.     Venue.**  Venue is proper in this district and division under 28 U.S.C. § 1391(a) because (1) eBay resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) eBay is subject to personal jurisdiction in the Northern District of California.

### IV. BACKGROUND FACTS

**7.     eBay's Business.**  According to eBay's 2010 Form 10-K, eBay "connects millions of buyers and sellers globally on a daily basis through eBay, the world's largest online marketplace." At the end of September, 2011, eBay had almost 99 million active users (*i.e.*, persons who bid on, bought, listed or sold an item during the preceding 12-month period).

**8.     Core eBay, eBay Motors, and eBay Stores.**  During the Class Period, eBay operated an integrated online business, including www.ebay.com (also known as "Core eBay"), www.motors.ebay.com ("eBay Motors"), and stores.ebay.com ("eBay Stores").  eBay Motors is a listing category within eBay's website that encompasses vehicles and vehicle-related merchandise; for purposes relevant to this case, it is not functionally different from any of the thousands of other merchandise categories within eBay.  In fact, listings in the eBay Motors category are fully and functionally integrated into Core eBay and can now be found at www.ebay.com/motors.  eBay Stores is simply an additional eBay feature that sellers can employ to gain more exposure to buyers.  eBay Stores listings are searchable from Core eBay in the

applicable category.  In addition, a particular seller's eBay Stores listings can be gathered on a single web page so that buyers can readily find them in one location.  Listings that appear in eBay Stores are created in exactly the same manner as all other eBay listings and simultaneously also appear on the regular eBay web pages within their applicable eBay merchandise category.  All of eBay's various web pages are interconnected and controlled solely by eBay.[2]  All listings placed by eBay sellers are placed with the same entity, eBay, and all related fees for those listings are paid only to eBay, regardless of which product category a particular listing may appear in, including listings appearing in the eBay Motors and eBay Stores categories.  eBay Motors and eBay Stores are not separate or distinct entities from eBay, nor do they have differing contractual arrangements with members of the Class.  Rather, listings placed by sellers in the eBay Motors and eBay Stores categories are no different from listings placed within other categories of eBay's integrated online business and all of those listings are governed by the same identical contract of adhesion between eBay and each Class member.[3]

       **9.**    **Common Databases for All Users.**  On information and belief, all data for all users, including listings and fees charged, are contained in a single database system common for all eBay URLs and for all eBay entities, including without limitation eBay Inc, eBay International and eBay Europe.

---

[2] In many instances, because of the common web design, format, and interconnectedness of the different eBay web pages, users navigating within the eBay website cannot readily discern whether they are on a web page that is technically within the Core eBay, eBay Motors, or eBay Stores areas of the eBay online marketplace unless the user (1) pays specific attention to the URL of the particular webpage he is viewing and (2) has a full understanding of the organizational structure of eBay's web pages.

[3] Noll's eBay listings have been in merchandise categories other than eBay Motors and eBay Stores.  As noted above, eBay Motors and eBay Stores are not separate entities from eBay and are not separately named defendants in this action.  Regardless of whether a listing is technically placed in an eBay Motors category or whether that listing also appears in an eBay Stores in addition to the standard eBay category, the fees associated with those listings are all paid to eBay pursuant to the same contract that applies to all Class members.  Furthermore, as shown below, the manner in which eBay has breached the contract is identical regardless of where or how a particular listing was initially placed.  The breach occurred when eBay charged recurring Good 'Til Cancelled listing fees.

**10.** __eBay Membership and User Agreement.__  In order to list items for sale, eBay requires sellers on the web sites listed above to first become "members" of eBay by accepting the User Agreement located at http://pages.ebay.com/help/policies/user-agreement.html (the "User Agreement").  The User Agreement is a contract of adhesion and its terms are not negotiable by prospective eBay members.  The User Agreement, effective August 13, 2008, states:

> By using the services on the eBay websites (eBay.com and other related websites where this agreement appears), you are agreeing to the following terms, including those available by hyperlink, with eBay Inc. . . . .

In the latter part of 2009, eBay amended the User Agreement, deleting the reference to hyperlinks:

> By using eBay (including eBay.com and its related sites, services, and tools), you agree to the following terms with eBay Inc. . . . .

The User Agreement further provides that eBay members residing in the United States contract with eBay; whereas members residing elsewhere contract with either eBay Europe or eBay International.  However, the terms of the User Agreement are the same regardless of which eBay entity is involved.  Among other things, the User Agreement contains a California choice of law provision and a forum selection clause designating courts located in Santa Clara, County, California as the exclusive forum for litigating disputes with eBay.

**11.** __Fees Schedule Web Pages.__  The User Agreement states that eBay will charge sellers based upon its "Fees schedule," which is a hyperlink that leads to other web pages that describe and quantify the applicable fees.  The immediate link is to a page entitled "eBay.com Fees," which (1) begins with two links to fee pages for listings placed in the eBay Motors and eBay Stores categories; and (2) goes on to describe the general fees for listings in eBay categories other than eBay Motors and eBay Stores.  *See* http://pages.ebay.com/help/sell/fees.html (the "eBay.com Fees Schedule"),

http://pages.ebay.com/help/sell/motorfees.html (the "eBay Motors Fees Schedule"), and http://pages.ebay.com/help/sell/storefees.html (the "eBay Stores Fees Schedule") (collectively the "Fees Schedules"). Collectively, the User Agreement and the Fees Schedules comprise the operative contractual documents for identifying and calculating the fees for listing and selling items on eBay. For pleading purposes, Plaintiff incorporates by reference the User Agreement and linked Fees Schedules and all applicable versions thereof during the Class Period defined below, so long as the web pages were readily accessible to Plaintiff and the proposed Class.

12. **eBay's Listing Formats.** Sellers can list their merchandise for sale in different formats, including as an "Auction-Style Listing" or as a "Fixed-Price Listing". Under the Auction-Style Listing, the sale goes to the highest bidder at or above the minimum opening price, provided any reserve is met. Under the Fixed-Price, a buyer willing to pay the seller's asking price can immediately consummate the transaction, rather than waiting for the listing duration to expire.

13. **Listing Duration.** Every listing has a specified duration selected by the seller, typically 1, 3, 5, 7, or 10 days. Beginning on or about September 16, 2008, eBay added two more options for Fixed-Price Listings: (i) a 30-day listing, and (ii) "Good 'Til Cancelled" ("GTC Listings").

14. **Fees Schedules.** On information and belief, eBay regularly reviewed and revised the Fees Schedules, as the available internet archives show many different versions of these pages. Thus, eBay's drafting of these pages was not accidental, but was deliberate and intentional, especially as to the following:

a. **Basic Fees and Optional Feature Fees.** The Fees Schedules define two distinct categories of fees, Basic fees ("Basic Fees") and Optional feature fees ("Optional Feature

Fees"). The Basic Fees consist of the Insertion Fee and the Final Value Fee.[4] An Insertion Fee is a mandatory fee eBay charges for placing a listing. The Optional Feature Fees permit sellers to "add optional features to help increase bid activity … and chances for a successful sale" at an additional cost. The Fees Schedules state that Insertion Fees and Optional Feature Fees "are charged at the time of listing and are non-refundable." (emphasis added). The Insertion Fee and Optional Feature Fees thus comprise the total fee eBay charges sellers at the time of listing (collectively the "Listing Fees").

        **(i)**    <u>**Insertion Fee.**</u>  The Insertion Fee is contained in a specific table on each Fees Schedule. For example, the version of the eBay.com Fees Schedule hyperlinked to the User Agreement on September 16, 2008, contains a section entitled "Basic fees," which provides: "When you list an item on eBay, you're charged an Insertion Fee." This section contains a table that sets forth how Insertion Fees are calculated for Fixed-Price Listings:

| Insertion Fees: Fixed Price | | |
|---|---|---|
| Starting Price | Books, Music, DVDs & Movies, Video Games¹ | Other Categories |
| $1.00 and Above | $0.15 | $0.35 |

Consequently, the eBay.com Fees Schedule sets $0.35 (later raised to $0.50) as the maximum Insertion Fee for a Fixed-Price Listing. The Insertion Fees for merchandise listed in the eBay Motors Parts & Accessories category are identical to those for eBay, as the eBay Motors Fees Schedule incorporates by reference the eBay Fees Schedule Insertion Fees.

        **(ii)**    <u>**Optional Feature Fees.**</u>  Importantly, all of the Fees Schedules have Optional Feature Fees defined separately from the Basic Fees. In particular, Optional

---

[4] eBay charges the Final Value Fee only if the item sells or receives a suitable bid and, depending on the type of item, that amount varies with the sales price. Final Value Fees are not the subject of this action.

Feature Fees are described in tables distinct and separate from the tables for Basic Fees. By way of example, perhaps the largest subcategory of Optional Feature Fees is the table setting forth "Listing Upgrade Fees":

| Feature | Fee -- Auction Style, Fixed Price Format (3, 5, 7, 10 Days) | Fee -- Fixed Price (30 Days, Good 'Til Cancelled), Classified Ad |
|---|---|---|
| Value Pack | $0.65 | $2.00 |
| Gallery* | Free | Free |
| Gallery Plus | $0.35 | $1.00 |
| Listing Designer** | $0.10 | $0.30 |
| Subtitle | $0.50 | $1.50 |
| Bold | $2.00 | $4.00 |
| Scheduled Listings | $0.10 | $0.10 |
| Gift Services | $0.25 | $0.75 |
| Border | $4.00 | $8.00 |
| Highlight | $5.00 | $10.00 |
| Gallery Featured | $24.95 | $74.95 |
| Home Page Featured | $39.95 | $179.95 |
| List in Two Categories*** | x2 | x2 |

Other subcategories of Optional Feature Fees include: (1) Reserve Fees; (2) Buy It Now Fees; (3) Featured Plus!; (4) Pro Pack; (5) International Site Visibility; (6) eBay Picture Hosting Fees; and (7) Seller Tool Fees. The eBay Motors and Stores Fees Schedules have Optional Feature Fees segregated from Insertion Fees; the subcategories of fees are for the most part identical.

(iii) **Listing Fees.** The Listing Fees, comprised of the Insertion Fee and any Optional Feature Fees, are expressly charged by eBay "at the time of listing;" Plaintiff and the Class complain that eBay improperly re-charged some or all of these fees every 30 days for GTC Listings.

b. **GTC Listings and Recurring Charges.** On information and belief, eBay has always charged recurring fees every 30 days for GTC Listings that are not canceled. For example, eBay repeatedly charges the Insertion Fee and some or all Optional Feature Fees every 30 days; however, these recurring charges were not revealed in all of the applicable Fees

Schedules. As of September 16, 2008, when the GTC option was introduced for Fixed Price Listings, there was no mention in the User Agreement or eBay and eBay Motors Fees Schedules of any recurring charges for GTC Listings. The only time Listing Fees were supposed to be imposed was at the time a listing was initially placed: "Insertion fees and optional feature fees are charged at the time of listing and are nonrefundable."

The eBay Stores Fees Schedule in effect as of September 16, 2008, did provide for some recurring fees. For example, the eBay Stores Listing Upgrade Fees table sets out the following fees every 30 days:

| Listing Upgrade Fees | | |
|---|---|---|
| Features | 30 days | Good 'Til Cancelled (recurring 30-day listing) |
| Gallery | Free | Free |
| Gallery Plus | $0.35 | $0.35 / 30 days |
| Subtitle | $0.02 | $0.02 / 30 days |
| Listing Designer | $0.10 | $0.10 / 30 days |
| Scheduled Listings | $0.10 | $0.10 |
| Bold | $1.00 | $1.00 / 30 days |
| Border | $3.00 | $3.00 / 30 days |
| Highlight | $5.00 | $5.00 / 30 days |

Consistent with this table is nearby verbiage that "Good 'Til Cancelled will be charged the relevant fees every 30 days." These disclosures were absent from the substantially identical tables in the eBay and eBay Motors Fees Schedules. However, as explained below, eBay removed the disclosure of these recurring fees from the eBay Stores Fees Schedule in 2010.

      **c.**    **<u>Recurring Charges Limited to Insertion Fee.</u>** Sometime after September 16, 2008, eBay revised the eBay User Agreement to reveal some recurring charges every 30 days for GTC Listings in Core eBay merchandise categories. A statement was buried

within several other paragraphs under the heading "**A note about eBay fees**" on the eBay.com

Fees Schedule:

> Good 'Til Cancelled renews automatically every 30 days until the item sells or you end the listing.  **Insertion fees** are charged every 30 day period.

(emphasis added).  This statement did not appear, however, on the eBay Motors Fees Schedule

until 2010, when eBay buried similar language in a section literally entitled "**The fine print**."  At

about the same time in 2010, eBay fundamentally changed the eBay Stores Fees Schedule by (i)

changing how it listed fees from an amount to be charged every 30 days (*e.g.*, "$.35 / 30 days")

to a flat rate for GTC Listings without mentioning a time period (*e.g.*, "$.35") and (ii) dropping

the earlier reference to recharging "relevant fees" every 30 days in favor of a provision reading

substantially the same as the excerpt set forth above, *i.e.*, noting that only Insertion Fees would

be charged every 30 days.  Importantly, none of eBay's defective Fees Schedules, regardless of

the time period involved, state that eBay would charge Optional Feature Fees every 30 days.

     **15.**     <u>**Summary of Promised and Agreed Fees for GTC Listings.**</u>

     **a.**     <u>**No Recurring Charge Period.**</u>  As set forth more fully above, as of

September 16, 2008, the eBay.com and eBay Motors Fees Schedules did not mention any

recurring charges for GTC Listings (*i.e.,* no recurring Insertion Fees or Optional Feature Fees).

On December 16, 2008, eBay added the verbiage "Insertion fees are charged every 30 day

period" to the eBay Fees Schedule, although this language was buried under headings entitled "**A**

**note about fees**" or "**The fine print**," far from the Fees Schedules' tables of Insertion Fees.  The

same verbiage was added to the eBay Motors Fee Schedule in 2010.  Plaintiff contends this

statement was in fact intended by eBay to prevent sellers from learning about or knowingly

agreeing to recurring charges.  The time period from September 16, 2008, until the change to the

Fees Schedules, is referred to herein as the "No Recurring Charge Period."

b.  **Insertion Fee Only Period.**  Even when eBay added verbiage about recurring charges for GTC Listings, this verbiage mentioned only Insertion Fees, not Optional Feature Fees.  The time period after eBay added the verbiage "Insertion fees are charged every 30 day period" to each Fees Schedule is defined herein as the Insertion Fee Only Period.  As of today, eBay's Fees Schedules have never revealed that eBay imposes all Listing Fees, including Optional Feature Fees, every 30 days for GTC Listings.

16.  **eBay Charged Incorrect Fees to Sellers.**  On information and belief, eBay has consistently overcharged Listing Fees on GTC Listings as follows:

· eBay improperly charged all Listing Fees every 30 days for GTC Listings during the No Recurring Charge Period; and/or

· eBay improperly charged al Listing Fees, especially fees in addition to Insertion Fees, every 30 days for  GTC Listings  during the Insertion Fee Only Period.

17.  **eBay's Agreements, Policies, and Practices Are Identical for All Class Members.**  All of the foregoing allegations are based entirely upon eBay's published Fees Schedules from its website.  There are no variations whatsoever between and among the agreements with, and representations made to, Plaintiff or any Class member as to those fees; the Fees Schedules should therefore be interpreted uniformly as to all Class members.  Moreover, the eBay User Agreement has a California choice of law provision.  California law may therefore be applied to claims of all Class members.

18.  **Examples of Noll's Typical and Common Experience with eBay.**  Noll has placed listings on eBay entirely for personal purposes as a consumer.  Noll reviewed and relied on the Fees Schedules in effect in September 2010 to fully and conspicuously disclose all fees.  In particular, Noll Relied on the User Agreement and linked eBay Fees Schedule to set forth all fees associated with listing items for sale on eBay.  The eBay Fees Schedule states that the

"Basic fees" consist of an Insertion Fee and Final Value Fee and that the "total cost of selling an item is the Insertion Fee plus the Final Value Fee." The Fees Schedule also states that the Insertion Fee is charged "when you list an item . . . ." Noll relied on this language and the tables of Insertion Fees immediately below this language to set forth the amount and timing of Insertion Fees. The eBay Fees Schedule goes on to disclose Optional Feature Fees in tables with bold headings and highlighted titles, including "Subtitle" and "Picture Hosting Fees." When Noll read the eBay Fees Schedule, he expected that the timing and amount of Insertion Fees and Optional Feature Fees would appear in the tables for those fees and he therefore relied on those tables. These tables in the eBay Fees Schedule had no mention that any fees for GTC Listings would recur and Noll therefore relied on that omission to believe that GTC Listings would not incur any recurring fees. Noll did not expect that the timing or amount of Listing Fees would appear at the end of the eBay Fees Schedule in an area entitled "The fine print." Noll expected that this section at the end of the eBay Fees Schedule would contain details unrelated to the timing and amount of Listing Fees, like his obligation to keep his account in good standing. Noll also used and relied on eBay's "Sell-Your-Item" ("SYI") form to create GTC Listings on eBay. On the form, eBay gave him the option to set the duration of his listings. The SYI form set out the amount of Listing Fees. The SYI form omitted any disclosure that that GTC Listings entailed recurring charges for all Listing Fees every 30 days. Noll relied on this omission from the SYI form in placing GTC Listings. In reliance on the foregoing representations and omissions, and the name "Good 'Til Cancelled," Noll believed that GTC Listings required payment of the initial Listing Fees and that the listings would remain "good" at no extra charge until canceled or the item sold, without recurring charges of Listing Fees. Noll therefore selected GTC for the listing duration, rather than any other duration. Had Noll known that GTC Listings

would have recurring fees, he would not have selected the GTC option. Alternatively, Noll would not have selected Optional Features for his GTC Listings. In no event would Noll have simply allowed his GTC Listings to simply incur recurring Listing Fees without some action on his part to reduce or eliminate those fees by, for example, omitting or removing Optional Features. The invoices Noll has ordinarily received simply contain a monthly total, rather than any details on items and fees. After paying the monthly invoices and once he investigated the details of additional information omitted from the invoices, Noll discovered eBay had been improperly imposing recurring fees on his GTC Listings. The following are examples of overcharges resulting from eBay's practice of improperly re-charging Optional Feature Fees on Noll's GTC Listings:

| Date | Title | Item | Fee Type | Amount |
|---|---|---|---|---|
| 11/28/2010 | R255VD/W 1/3" Color Sony Super HAD 550 TV Lines,3D DNR | 260700158313 | Insertion Fee | $0.50 |
| | | | Item Subtitle Fee | $1.50 |
| | | | Picture Fee | $0.15 |
| 12/28/2010 | R255VD/W 1/3" Color Sony Super HAD 550 TV Lines,3D DNR | 260700158313 | Insertion Fee | $0.50 |
| | | | Item Subtitle Fee | $1.50 |
| | | | Picture Fee | $0.15 |
| 1/27/2011 | R255VD/W 1/3" Color Sony Super HAD 550 TV Lines,3D DNR | 260700158313 | Insertion Fee | $0.50 |
| | | | Item Subtitle Fee | $1.50 |
| | | | Picture Fee | $0.15 |

The foregoing is not an invoice from eBay. These examples show that eBay charged Insertion Fees on November 28, 2010, December 28, 2010, and January 27, 2011, totaling $1.50. eBay should not have re-charged the Item Subtitle and Picture Fees (both are Optional Feature Fees, not Insertion Fees) every 30 days. Because eBay improperly re-charged these fees (totaling $1.65) in December and January, eBay overcharged Noll a total of $3.30 for this listing. Noll also complains of the re-charged Insertion Fees, as that was not conspicuously disclosed. In

short, just like all other sellers who listed items on eBay.com after September 16, 2008, eBay improperly charged Noll Listing Fees every 30 days on his GTC Listings. This calculation is representative of, typical of, and common to all members of the Class and readily determinable from the computer data maintained by eBay.

19. **Plaintiff is a Proper Representative of All Sellers.** While eBay's fees structure charges different monetary amounts for listings based on a variety of different factors, including, for example, which merchandise category the listing is placed in, the duration of the listing, the listing format, and other options, eBay's obligation not to charge sellers improper recurring fees for GTC listings are the same regardless of which Fees Schedule applies to a particular listing. Thus, Noll is a proper representative to bring claims on behalf of all sellers for excessive fees charged by eBay for GTC listings that are subject to the eBay.com Fees Schedule, the eBay Motors Fees Schedule, and/or the eBay Stores Fees Schedule.

## V. CLASS ACTION ALLEGATIONS

20. **Class Definition.** Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of the following class (the "Class"): all eBay members subject to the eBay User Agreement who, on and after September 16, 2008 (the "Class Period"):

    **a.** placed GTC Listings on eBay that are subject to the Fees Schedules;[5] and

    **b.** were charged at any time after the initial listing:

        **(i)** Listing Fees; and/or

        **(ii)** Any other Fees (excluding Final Value Fees) in excess of Insertion Fees during the applicable Insertion Fee Only Period.

Excluded from the Class are eBay and its management, officers, and directors, members of each of their immediate families, and any presiding magistrate or district judge and their staff.

---

[5] The Class period will need to be adjusted based on the exact content of the Fees Schedules.

**21.** **Class Certification.** This action may be maintained as a class action because:

    **a.** The Class is so numerous that joinder of all members is impracticable;

    **b.** There are questions of law or fact common to the Class;

    **c.** The claims or defenses of the representative parties are typical of the claims or defenses of the Class; and

    **d.** The representatives of the Class will fairly and adequately protect the interests of the Class.

**22.** **Declaratory/Injunctive Relief.** The Class is properly certifiable pursuant to Rule 23(b)(2) because eBay has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

**23.** **Damages Class.** The Class is properly certifiable pursuant to Rule 23(b)(3) as a damages class because the questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, each Class member's interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context. Moreover, there is no other litigation known by the undersigned counsel that asserts claims based on the facts in this controversy. Concentrating litigation in this forum makes sense because it is the location of eBay's principal office and principal place of business, the forum of eBay's choice under the User Agreement, and because eBay has selected California law under the User Agreement. Finally, there are no likely difficulties in managing this case as a class action and the Plaintiff's counsel is experienced in class actions.

24.     **Common Questions.**  The common questions of law and fact include at least the following:

    **a.**     The construction of the agreement between eBay and the Class members;

    **b.**     The Listing Fees for GTC Listings and method of calculation thereof by eBay as to the Class;

    **c.**     Whether eBay has breached its agreement and covenant of good faith and fair dealing with the Class;

    **d.**     Whether eBay has violated California Business & Professional Code § 17200 *et seq.*;

    **e.**     Whether the Fees Schedule web pages are an unlawful, unfair, or fraudulent business practice insofar as they deviate from the fees actually charged;

    **f.**     Whether eBay was unjustly enriched by charging fees in a manner and in excess of what it agreed to and promised for GTC Listings;

    **g.**     Whether the advertised GTC fees are untrue or misleading;

    **h.**     Whether charges by eBay of GTC fees greater than those advertised were unconscionable and/or unfair;

    **i.**     Whether eBay's omission from the Fees Schedules any reference to recurring Listing Fees or the placement of verbiage about recurring Insertion Fees at the end of the Fees Schedule was untrue, misleading, unconscionable, or unfair; and

    **j.**     The method of calculation of damages for members of the Class.

## VI.  <u>FIRST CAUSE OF ACTION – BREACH OF CONTRACT</u>

25.     Plaintiff re-alleges each of the preceding paragraphs as if set forth fully herein.

**26.** Throughout the Class Period, eBay entered into identical contracts with Plaintiff and all Class Members setting forth the fees for GTC Listings. As set forth more fully above, the User Agreement incorporates the applicable Fees Schedules. Plaintiff and the Class therefore entered into unambiguous contracts with eBay to pay only the certain and defined fees for GTC Listings in the manner set forth in each Fees Schedule.

**27.** eBay breached its contracts with Plaintiff and the Class, and its covenant of good faith and fair dealing, by charging fees for GTC Listings in a manner different than set forth in the applicable Fees Schedules; by collecting fees in excess of those permitted by the applicable Fees Schedules; and by interfering with the right of Plaintiff and the Class to receive the benefits under the contracts. In particular, eBay improperly re-charged all Listing Fees on GTC Listings. Alternatively and in addition, eBay continues to overcharge sellers by improperly re-charging fees in excess of the Insertion Fee every 30 days on GTC Listings.

**28.** Plaintiff and the Class in no way agreed or consented to any charges above and beyond those set forth in the applicable Fees Schedules and did not agree to alter, modify, or amend their contracts with eBay. Among other things, Plaintiff and the Class did not voluntarily agree to fees different from those in the applicable Fees Schedule by paying invoices prepared by eBay, regardless of whether those invoices were sent to or otherwise made available to Plaintiff or Class member.

**29.** Alternatively and in addition, the User Agreement and applicable Fees Schedules, are contracts of adhesion that must be construed against their drafter, eBay, and in favor of Plaintiff and the Class.

**30.** Further, any and all provisions of any web page, invoice, or communication from eBay purporting to contradict or alter the terms sets out in the applicable Fees Schedules must be

disregarded, construed in favor of Plaintiff and Class Members, and/or declared unconscionable and unenforceable.

31.    As a direct and proximate result of eBay's breach of contract, and the attendant covenant of good faith and fair dealing, Plaintiff and the Class have been damaged in an amount easily calculated by taking the difference between the amount of Listing Fees actually charged and deducting inapplicable Listing Fees pursuant to the Fees Schedule applicable at the time of the charge.  The damages are readily calculable from eBay's data and the calculation is common to and typical of all Class members and readily determinable from the computer data in the possession of eBay.

## VII.  SECOND CAUSE OF ACTION – UNFAIR COMPETITION

32.    Plaintiff repeats and re-alleges each of the preceding paragraphs, as if set forth fully herein.

33.    The California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Defendants' policy and practice regarding Listing Fees constitutes a "business practice" and is unlawful, unfair, and/or fraudulent.  Beginning September 16, 2008, eBay represented and promised on the applicable Fees Schedules that GTC Listings would require the payment of Listing Fees only at the time of listing and eBay omitted any disclosure of the existence or amount of recurring fees of any kind.  To the extent eBay remedied these misrepresentations and omissions, it did so inadequately in literal "fine print" designed to be overlooked by Class members.  These inadequate and obscure disclosures at most revealed the recurring nature of Insertion Fees, not Optional Feature Fees.  However, eBay unlawfully charged recurring Listing Fees for all GTC Listings.

34.    eBay's business practices described above as to GTC Listing Fees is unlawful,

unfair, and/or fraudulent in that they violate at least the following laws:

   **a.**   Breach of contract and the duty of good faith and fair dealing.

   **b.**   eBay's conduct constitutes unjust enrichment insofar as it charged fees in excess of those advertised and agreed to at the applicable Fees Schedule web pages.

   **c.**   eBay violated Cal. Bus. & Prof. Code § 17500 because its representations regarding GTC Listings were untrue and misleading, and eBay knew, or by the exercise of reasonable care should have known, that the applicable Fees Schedules were untrue or misleading.

   **d.**   eBay violated Cal. Bus. & Prof. Code § 17500 and/or § 17507 because its representations regarding GTC Listing Fees were misleading and did not clearly and conspicuously state that all Listing Fees would be re-charged every 30 days on uncanceled GTC Listings.

   **e.**   eBay violated Cal. Bus. & Prof. Code § 17507 because its representations regarding GTC Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the recurring fees associated with GTC Listings.

   **f.**   eBay violated Cal. Bus. & Prof. Code § 12024.1 because it willfully misrepresented a charge for services rendered on the basis of time, measure or count via its Fees Schedules and, insofar as eBay actually charged fees premised on a different time, measure and/or count than represented; namely GTC Listings were "not Good 'Til Canceled" but instead were as expensive or more expensive than traditional listings if the listing extended past 30 days.

   **g.**   eBay violated Cal. Civ. Code § 1670.5 by, among other things, procuring contracts or contract provisions from Plaintiff and the Class that were unconscionable at the time

they were made and further by promising and representing that GTC Listings would be charged (at most) only Insertion Fees every 30 days, but instead repeatedly charged all Listing Fees for GTC Listings, using both its substantially greater bargaining power and greater knowledge in order to do so.

      **h.**      eBay violated Cal. Civ. Code § 1750 as set forth more fully in ¶ 44 below.

     **35.**     Independently and in addition, eBay's conduct described above is unfair under Cal. Bus. & Prof. Code § 17200 *et seq.*  It is fundamentally unfair, contrary to public policy, immoral, unethical, oppressive, unscrupulous, and injurious to Plaintiff and the Class for eBay to obscurely "disclose" recurring Insertion Fees every 30 days for GTC Listings; and then nevertheless charge all Listing Fees every 30 days.  There is no justification or excuse for eBay's practices and/or any such justification is outweighed by the consequences and harm to Plaintiff and Class members.  In addition, to the extent that eBay attempts to avoid its published Fees Schedules by reference to other web pages, extra-contractual communications, or portions of web pages not specifically identified within the User Agreement, that conduct is also unfair, unconscionable, and violates §§ 17200 *et seq.*  In that regard, eBay's conduct constitutes an unfair business practice for the following additional reasons:

      **a.**      The consumer injury resulting from eBay's malfeasance is substantial;

      **b.**      The consumer injury is not outweighed by countervailing benefits to consumers or competition; and

      **c.**      Consumers could not reasonably have avoided the injury caused by eBay's conduct.

     **36.**     Plaintiff and the Class are officers, persons, corporations or associations that have suffered an injury in fact and lost money or property as a result of eBay's violations of Cal. Bus.

& Prof. Code § 17200 *et seq.*

## VIII.  <u>THIRD CAUSE OF ACTION - FALSE ADVERTISING LAW</u>

**37.**     Plaintiff repeats and re-alleges each of the preceding paragraphs, as if set forth fully herein.

**38.**     eBay violated Cal. Bus. & Prof. Code § 17500 because its representations regarding GTC Listing Fees were untrue and misleading, and eBay knew, or by the exercise of reasonable care should have known, that these fees were untrue or misleading.

**39.**     eBay violated Cal. Bus. & Prof. Code § 17500 and/or § 17507 because its representations regarding Listing Fees were misleading and did not clearly and conspicuously state that eBay would charge recurring fees every 30 days for GTC Listings and/or that such fees would include all Listing Fees.

**40.**     eBay violated Cal. Bus. & Prof. Code § 17507 because its representations regarding Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the prices associated with GTC Listings.

**41.**     Plaintiff and the Class are officers, persons, corporations or associations that suffered an injury in fact and lost money as a result of eBay's violation of Cal. Bus. & Prof. Code § 17500 *et seq.*

**42.**     eBay's conduct described above violates Cal. Bus. & Prof. Code § 17500 *et seq.* and entitles Plaintiff and the Class to restitution and injunctive relief as provided by Cal. Bus. & Prof. Code § 17535.

## IX.  FOURTH CAUSE OF ACTION - <br> <u>CONSUMER LEGAL REMEDIES ACT</u>

**43.**     Plaintiff repeats and re-alleges each of the preceding paragraphs, as if set forth

fully herein.

44. Plaintiff and the consumer members of the Class also have causes of action under Cal. Civ. Code § 1750 *et seq.* for unfair methods of competition and unfair or deceptive acts or practices, including, without limitation:

a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have;

b. Advertising services with the intent not to sell them as advertised;

c. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

d. Inserting an unconscionable provision in a contract.

45. Plaintiff and the Class seek damages to include all recurring charges for GTC Listings and all other remedies available under the CLRA.

## X. FIFTH CAUSE OF ACTION - <br> UNJUST ENRICHMENT/COMMON LAW RESTITUTION

46. Plaintiff repeats and re-alleges each of the preceding paragraphs, as if set forth fully herein.

47. By charging fees in excess of those promised and agreed to under the applicable Fees Schedules, eBay collected fees in excess of those to which it was contractually or otherwise entitled. eBay has therefore unlawfully and unjustly enriched itself at the cost of Plaintiff and the Class. Plaintiff and members of the Class therefore seek an order of restitution and disgorgement of all fees eBay collected in excess of those expressly agreed to.

## XI.  SIXTH CAUSE OF ACTION - FRAUD AND DECEIT

**48.**  Plaintiff repeats and re-alleges each of the preceding paragraphs, as if set forth fully herein.

**49.**  eBay violated Cal. Civ. Code §§ 1572 (actual fraud), 1709 and 1710, because at the time eBay published its Fees Schedules and Plaintiff and the Class listed items for sale, eBay knowingly, willfully, and/or recklessly made material misrepresentations regarding the fees for GTC Listings, without any intent to charge the fees as actually stated within the applicable Fees Schedules, and eBay instead intended to charge, and did charge recurring Listing Fees.  eBay engaged in this conduct in order to induce Plaintiff and Class members to list items for sale and pay the improper fees, and Plaintiff and the Class reasonably relied on eBay's misrepresentations to their detriment.  Plaintiff and the Class therefore seek all damages proximately caused by eBay as a result of this wrongful conduct.

## XII.  SEVENTH CAUSE OF ACTION - DECLARATORY JUDGMENT

**50.**  **Declaratory Relief.**  Pursuant to 28 U.S.C. §§ 2201-2, Plaintiff and the Class state that an actual controversy with eBay exists and they seek a declaration regarding their rights and other legal relations as follows.

**51.**  **Contractual Rights.**  Plaintiff and the Class seek a declaration construing and enforcing the User Agreement and applicable Fees Schedules for GTC Listings.  Plaintiff and the Class will rely on the Fees Schedules published and amended over time, including those referenced or excerpted above.  In particular, Plaintiff and the class seek a declaration that GTC Listings under the applicable Fees Schedules are subject only to the initial Listing Fees, as set forth on the applicable Fees Schedule; upon automatic renewal every 30 days, there should be no further fees or, alternatively, only additional Insertion Fees and in no event any other additional

fees (excluding Final Value Fees). Further, eBay's conduct is ongoing, and Plaintiff therefore seeks prospective relief regarding the parties' rights and obligations under the User Agreement.

## XIII.  MISCELLANEOUS

**52.** **Conditions Precedent.** Plaintiff and the Class hereby allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action and/or all such obligations or conditions are excused.

**53.** **Jury Demand.** Plaintiff and the Class demand a trial by jury.

## XIV.  PRAYER FOR RELIEF

**54.** Plaintiff, on behalf of himself and on behalf of the Class, requests the following relief:

**a.** An order certifying the Class and appointing Plaintiff as representative of the Class and the undersigned counsel as Class Counsel;

**b.** Declaratory judgment interpreting the applicable Fees Schedules and the proper method of calculation of listing fees for GTC Listings and as otherwise set forth above and an injunction prohibiting eBay from charging recurring Listing Fees on GTC Listings;

**c.** Imposition of a constructive trust upon all the monies and assets eBay has acquired as a result of its unfair practices and fees;

**d.** Actual damages suffered by Plaintiff and the Class and/or full restitution of all funds acquired from eBay's unfair business practices, including disgorgement of profits;

**e.** Punitive damages, in an amount determined by the Court and/or jury;

**f.** Any and all statutory enhanced damages or punitive damages;

**g.** All reasonable and necessary attorneys' fees provided for by statute or common law;

**h.** Pre- and post-judgment interest; and

1    **i.**    All other and further relief, general and special, legal and equitable, to

2   which the Plaintiff and Class may be justly entitled.

3   ### XV.   CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

4       **55.**    Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, other

5   than the named parties, there is no such interest to report.

        Dated:  June 15, 2012.

                                                Respectfully submitted,


                                                By: /s/ Keith R. Verges
                                                    Keith R. Verges

                                                Keith R. Verges
                                                Parker D. Young
                                                Raymond E. Walker
                                                FIGARI & DAVENPORT, L.L.P.
                                                3400 Bank of America Plaza
                                                901 Main Street
                                                Dallas, Texas 75202
                                                Telephone (214) 939-2017
                                                Facsimile (214) 939-2090
                                                *(Admitted Pro Hac Vice)*

                                                Vera Brooks
                                                THOMPSON & BROOKS
                                                412 E. Madison Street, Suite 900
                                                Tampa, Florida  33602
                                                Telephone: (813) 387-1822
                                                Facsimile: (813) 387-1824
                                                *(Admitted Pro Hac Vice)*

                                                Shawn T. Leuthold
                                                LAW OFFICE OF SHAWN T. LEUTHOLD
                                                1671 The Alameda #303
                                                San Jose, California  95126
                                                Telephone: (408) 924-0132
                                                Facsimile: (408) 924-0134

                                                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 15th day of June, 2012.

/s/ Keith R. Verges
Keith R. Verges