KEITH R. VERGES (kverges@figdav.com)
PARKER D. YOUNG (parker.young@figdav.com)
RAYMOND E. WALKER (ray.walker@figdav.com
FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel: (214) 939-2000
Fax: (214) 939-2090
(*Admitted Pro Hac Vice*)

SHAWN T. LEUTHOLD                     VERA BROOKS
(leuthold@aol.com)                        (vbrooks@thompsonbrookslaw.com)
LAW OFFICE OF SHAWN T. LEUTHOLD        THOMPSON & BROOKS
1671 The Alameda #303                   412 E. Madison Street, Suite 900
San Jose, California  95126             Tampa, Florida  33602
Tel: (408) 924-0132                     Tel: (813) 387-1822
Fax: (408) 924-0134                     Fax: (813) 387-1824
                                        (*Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFF RICHARD
NOLL AND PLAINTIFF/INTERVENOR
RHYTHM MOTOR SPORTS, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RICHARD NOLL, Individually and on behalf of all others similarly situated, )<br><br>    Plaintiff, )<br><br>AND )<br><br>RHYTHM MOTOR SPORTS, LLC, Individually and on behalf of all others similarly situated, )<br><br>    Plaintiff/Intervenor, )<br><br>v. )<br><br>EBAY INC., )<br><br>    Defendant. ) | CASE NO. 5:11-CV-04585-EJD<br><br><br><br>**PLAINTIFF/INTERVENOR'S ORIGINAL CLASS ACTION COMPLAINT IN INTERVENTION**<br><br><br><br><br><br>Jury Trial Demanded |

Plaintiff/Intervenor Rhythm Motor Sports, LLC ("Rhythm"), individually and on behalf of all those similarly situated, brings this complaint in intervention for damages and injunctive relief against Defendant eBay Inc., and states:[1]

## I. INTRODUCTORY STATEMENT

Rhythm asserts its claims individually and on behalf of all other persons who paid listing fees in excess of those promised and agreed to on websites wholly owned and operated by Defendant eBay Inc. ("eBay").  As set forth more fully below, Rhythm seeks a declaration construing the web pages that establish the so-called "Good 'Til Cancelled" listing fees and monetary damages arising from eBay's practice of systematically repeating charges for these listings.

## II. PARTIES

**1.** **Rhythm.**  Rhythm Motor Sports LLC is an Arizona limited liability company that has sold on eBay for over four years.  Rhythm is typical of the Class insofar as it has been forced to pay fees in excess of those promised and agreed to by eBay.

**2.** **Noll.**  Richard Noll ("Noll') is the original plaintiff in this case.  Rhythm is a member of the proposed class alleged in Noll's Original Complaint.

**3.** **eBay.**  eBay is a Delaware corporation with its principal office at 2145 Hamilton Avenue, San Jose, California 95125.  eBay has appeared and may be served via its counsel.

## III. JURISDICTION AND VENUE

**4.** **Subject Matter Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is filed as a class action under Fed. R. Civ. P. 23 and the aggregate amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and

---

[1] This Complaint in Intervention is filed pursuant to the Court's Order Granting Rhythm Motor Sports LLC's Motion to Intervene and Denying Defendants' Motion to Dismiss as Moot (Docket Item No. 83).  In accordance with that Order, Plaintiffs will file a Consolidated Complaint by no later than October 2, 2012.

costs, and a substantial number of members of the class are citizens of a state different from California.

**5.** **<u>Venue.</u>** Venue is proper in this district and division under 28 U.S.C. § 1391(a) because (1) eBay resides in this judicial district; (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district; and (3) eBay is subject to personal jurisdiction in the Northern District of California.

**6.** **<u>Intra-District Assignment: San Jose.</u>** Pursuant to Local Rules 3-2(c) and 3-5(b), a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Santa Clara County, where eBay is located, and this case should be assigned to the San Jose division pursuant to Local Rule 3-2(e).

## IV. PROCEDURAL BACKGROUND

**7.** On September 15, 2011, Plaintiff Richard Noll ("Noll") filed this class action lawsuit asserting claims against eBay arising from the fees charged for Good 'Til Cancelled listings.

**8.** When this lawsuit was first filed, Noll sued on behalf of a putative class defined as follows:

> All eBay members subject to the eBay User Agreement who, on and after September 16, 2008:
>
> **a.** placed GTC Listings on eBay.com, eBay Stores, or eBay Motors; and
>
> **b.** were charged at any time after the initial listing:
>
> > **(i)** Listing Fees during the No Recurring Charge Period; and/or
> >
> > **(ii)** any other Fees (excluding Final Value Fees) in excess of Insertion Fees during the applicable Insertion Fee Only Period.

**9.**     On April 23, 2012, the Court ruled that Noll "has no standing to bring claims against eBay Motors and eBay Stores" and therefore granted eBay's motion to dismiss the "claims against these entities."[2]  The Court also held that "Because Plaintiff plainly states that he did not have any listings on eBay before September 2010, Plaintiff did not suffer any injury during the 'No Recurring Charge Period' and has no standing to bring claims regarding improper Insertion Fees from September 16, 2008 through December 16, 2008."

**10.**     During the class period defined in Noll's Original Complaint, Rhythm placed Good 'Til Cancelled listings on eBay within several different merchandise categories, including standard eBay.com categories, eBay Motors categories, and eBay Stores.  Thus, Rhythm is a member of putative class in this Lawsuit, both as it was originally defined and as it was later effectively modified by the Court's ruling on eBay's Motion to Dismiss.  Like Rhythm, many other eBay sellers undoubtedly placed Good 'Til Cancelled listings not only in standard eBay.com categories, but also in eBay Motors categories and/or through eBay Stores.

**11.**     The Court's dismissal of Noll's claims to the extent he intended to represent class members regarding listings from September 16 – December 16, 2008, and at all times for eBay Motors and eBay Stores listings affected the rights of Rhythm and others similarly situated and effectively meant that only a portion of their Good 'Til Cancelled damages could or would be

---

[2] The Court apparently concluded that eBay Motors and eBay Stores are separate, independent entities from eBay and that Noll had asserted separate, independent claims against those entities.  Noll did not assert distinct claims "against eBay Motors and eBay Stores."  Rather, as alleged herein and in Noll's complaint, eBay Motors and eBay Stores are not distinct entities from eBay; Noll merely defined the class that he intended to represent as sellers with listings that were included in those particular merchandise categories, just as the class encompassed all other eBay merchandise categories.  eBay Motors and eBay Stores are simply two additional formats available to sellers using eBay's integrated websites.  eBay Motors is the name applied to the merchandise categories on eBay that comprise vehicles and vehicle-related merchandise, such as parts and accessories.  Similarly, eBay Stores is simply a way for sellers to gather and display in one place all of their eBay listings that would otherwise be displayed in various different eBay categories.  In any event, both eBay Motors and Stores listings are governed by the same User Agreement as listings all other eBay listings.  Although different Fees Schedules apply to those transactions, all of these schedules fall under and are incorporated into the same, uniform User Agreement.  In other words, there is only one contract (as amended over time) at issue for all of the various types of listings, and eBay Inc. is a party to and liable under that contract for overcharges stemming from undisclosed recurring charges in connection with all listings that used the Good 'Til Cancelled duration.

addressed in that suit. Consequently, to remedy the Court's apparent concerns or belief about Noll's legal standing with respect to such claims, Rhythm intervenes as a Plaintiff to bring claims for all listings of any kind on eBay, including in the Motors and Stores categories, beginning September 16, 2008.

**12.** Rhythm alleges that his claims relate back to the filing of Noll's original complaint and/or that any statute of limitations was tolled by the pendency of Noll's Complaint.

## V. <u>BACKGROUND FACTS</u>

**13.** <u>eBay's Business.</u> According to eBay's 2010 Form 10-K, eBay "connects millions of buyers and sellers globally on a daily basis through eBay, the world's largest online marketplace." At the end of September, 2011, eBay had almost 99 million active users (*i.e.*, persons who bid on, bought, listed or sold an item during the preceding 12-month period).

**14.** <u>Core eBay, eBay Motors, and eBay Stores.</u> During the Class Period, eBay operated an integrated internet business utilizing different internet Uniform Resource Locators ("URLs"), including www.ebay.com (also known as "Core eBay"), www.ebay.com/motors (formerly www.motors.ebay.com and collectively "eBay Motors"), and stores.ebay.com ("eBay Stores"). eBay Motors is a listing category within eBay's website that encompasses vehicles and vehicle-related merchandise; for purposes relevant to this case, it is not functionally different from any of the thousands of other merchandise categories within eBay. In fact, listings in the eBay Motors category are fully and functionally integrated into Core eBay. eBay Stores is simply an additional eBay feature that sellers can employ to gain more exposure to buyers. eBay Stores listings are searchable from Core eBay in the applicable category. In addition, a particular seller's eBay Stores listings can be gathered on a single web page so that buyers can readily find them in one location. Listings that appear in eBay Stores are created in exactly the same manner as all other eBay listings and simultaneously also appear on the regular eBay web pages within

their applicable eBay merchandise category. All of eBay's various web pages are interconnected and controlled solely by eBay.[3] All listings placed by eBay sellers are placed with the same entity, eBay, and all related fees for those listings are paid only to eBay, regardless of which product category a particular listing may appear in, including listings appearing in the eBay Motors and eBay Stores categories. eBay Motors and eBay Stores are not separate or distinct entities from eBay, nor do they have differing contractual arrangements with members of the Class. Rather, listings placed by sellers in the eBay Motors and eBay Stores categories are no different from listings placed within other categories of eBay's integrated online business and all of those listings are governed by the same identical contract of adhesion between eBay and each Class member.[4]

     **15.** __Common Databases for All Users.__ On information and belief, all data for all users, including listings and fees charged, are contained in a single database system common for all eBay URLs.

     **16.** __eBay Membership and User Agreement.__ In order to list items for sale, eBay requires sellers on the web sites listed above to first become "members" of eBay by accepting the User Agreement located at http://pages.ebay.com/help/policies/user-agreement.html (the "User

---

[3] In many instances, because of the common web design, format, and interconnectedness of the different eBay web pages, users navigating within the eBay website cannot readily discern whether they are on a web page that is technically within the Core eBay, eBay Motors, or eBay Stores areas of the eBay online marketplace unless the user (1) pays specific attention to the URL of the particular webpage he is viewing and (2) has a full understanding of the organizational structure of eBay's web pages.

[4] Rhythm's Good 'Til Cancelled listings on eBay have included listings within standard Core eBay merchandise categories, eBay Motors categories, and eBay Stores. As noted above, eBay Motors and eBay Stores are not separate entities from eBay and are not separately named defendants in this action. Regardless of whether a listing is technically placed in an eBay Motors category or whether that listing also appears in an eBay Stores in addition to the standard eBay category, the fees associated with those listings are all paid to eBay pursuant to the same contract that applies to all Class members. Furthermore, as shown below, the manner in which eBay has breached the contract is identical regardless of where or how a particular listing was initially placed. The breach occurred when eBay charged recurring Good 'Til Cancelled listing fees.

Agreement").  The User Agreement is a contract of adhesion and its terms are not negotiable by prospective eBay members.  The User Agreement, effective August 13, 2008, states:

> By using the services on the eBay websites (eBay.com and other related websites where this agreement appears), you are agreeing to the following terms, including those available by hyperlink, with eBay Inc. . . . .

In the latter part of 2009, eBay amended the User Agreement, deleting the reference to hyperlinks:

> By using eBay (including eBay.com and its related sites, services, and tools), you agree to the following terms with eBay Inc. . . . .

Among other things, the User Agreement contains a California choice of law provision and a forum selection clause designating courts located in Santa Clara, County, California as the exclusive forum for litigating disputes with eBay[5].

    **17.**  **Fees Schedule Web Pages.**  The User Agreement states that eBay will charge sellers based upon its "Fees schedule," which is a hyperlink that leads to other web pages that describe and quantify the applicable fees.  The immediate link is to a page entitled "eBay.com Fees," which (1) begins with two links to fee pages for listings placed in the eBay Motors and eBay Stores categories; and (2) goes on to describe the general fees for listings in eBay categories other than eBay Motors and eBay Stores.  *See* http://pages.ebay.com/help/sell/fees.html (the "eBay.com Fees Schedule"), http://pages.ebay.com/help/sell/motorfees.html (the "eBay Motors Fees Schedule"), and http://pages.ebay.com/help/sell/storefees.html (the "eBay Stores Fees Schedule") (collectively the "Fees Schedules").  Collectively, the User Agreement and the Fees Schedules comprise the operative contractual documents for identifying and calculating the fees for listing and selling items on eBay.  For pleading purposes, Rhythm incorporates by reference the User Agreement

---

[5] On or about August 21, 2012, eBay purported to post an amended User Agreement to impose Utah law, a Utah forum, and to require all users to waive the right to bring a class action in favor of a individual arbitrations.

and linked Fees Schedules and all applicable versions thereof during the Class Period defined below, so long as the web pages were readily accessible to Rhythm and the proposed Class.

18. **eBay's Listing Formats.** Sellers can list their merchandise for sale in different formats, including as an "Auction-Style Listing" or as a "Fixed-Price Listing". Under the Auction-Style Listing, the sale goes to the highest bidder at or above the minimum opening price, provided any reserve is met. In a Fixed-Price Listing, a buyer willing to pay the seller's asking price can immediately consummate the transaction, rather than waiting for the listing duration to expire.

19. **Listing Duration.** Every listing has a specified duration selected by the seller, typically 1, 3, 5, 7, or 10 days. Beginning on or about September 16, 2008, eBay added two more options for Fixed-Price Listings: (i) a 30-day listing, and (ii) "Good 'Til Cancelled" ("GTC Listings").

20. **Fees Schedules.** On information and belief, eBay regularly reviewed and revised the Fees Schedules, as the available internet archives show many different versions of these pages. Thus, eBay's drafting of these pages was not accidental, but was deliberate and intentional, especially as to the following:

a. **Basic Fees and Optional Feature Fees.** The Fees Schedules define two distinct categories of fees, Basic fees ("Basic Fees") and Optional feature fees ("Optional Feature Fees"). The Basic Fees consist of the Insertion Fee and the Final Value Fee.[6] An Insertion Fee is a mandatory fee eBay charges for placing a listing. The Optional Feature Fees permit sellers to "add optional features to help increase bid activity … and chances for a successful sale" at an additional cost. The Fees Schedules state that Insertion Fees and Optional Feature Fees "are

---

[6] eBay charges the Final Value Fee only if the item sells or receives a suitable bid and, depending on the type of item, that amount varies with the sales price. Final Value Fees are not the subject of this action.

charged at the time of listing and are non-refundable." The Insertion Fee and Optional Feature Fees thus comprise the total fee eBay charges sellers at the time of listing (collectively, the "Listing Fees").

        **(i)**     **Insertion Fee.** The amount of the Insertion Fee is contained in a specific table on each Fees Schedule. For example, the version of the eBay.com Fees Schedule hyperlinked to the User Agreement on September 16, 2008, contains a section entitled "Basic fees," which provides: "When you list an item on eBay, you're charged an Insertion Fee." This section contains a table that sets forth how Insertion Fees are calculated for Fixed-Price Listings:



| Insertion Fees: Fixed Price | | |
|---|---|---|
| Starting Price | Books, Music, DVDs & Movies, Video Games* | Other Categories |
| $1.00 and Above | $0.15 | $0.35 |

Consequently, the eBay.com Fees Schedule sets $0.35 (later raised to $0.50) as the maximum Insertion Fee for a Fixed-Price Listing. The Insertion Fees for merchandise listed in the eBay Motors Parts & Accessories category are identical to those for eBay, as the eBay Motors Fees Schedule incorporates by reference the eBay Fees Schedule Insertion Fees.

        **(ii)**     **Optional Feature Fees.** Importantly, all of the Fees Schedules have Optional Feature Fees defined separately from the Basic Fees. In particular, Optional Feature Fees are described in tables distinct and separate from the tables for Basic Fees. By way of example, perhaps the largest subcategory of Optional Feature Fees is the table setting forth "Listing Upgrade Fees," which vary depending on the listing type:

**Listing Upgrade Fees**

| Feature | Fee -- Auction Style, Fixed Price Format (3, 5, 7, 10 Days) | Fee -- Fixed Price (30 Days, Good 'Til Cancelled), Classified Ad |
|---|---|---|
| Value Pack | $0.65 | $2.00 |
| Gallery* | Free | Free |
| Gallery Plus | $0.35 | $1.00 |
| Listing Designer** | $0.10 | $0.30 |
| Subtitle | $0.50 | $1.50 |
| Bold | $2.00 | $4.00 |
| Scheduled Listings | $0.10 | $0.10 |
| Gift Services | $0.25 | $0.75 |
| Border | $4.00 | $8.00 |
| Highlight | $5.00 | $10.00 |
| Gallery Featured | $24.95 | $74.95 |
| Home Page Featured | $59.95 | $179.95 |
| List in Two Categories*** | x2 | x2 |

Other subcategories of Optional Feature Fees include: (1) Reserve Fees; (2) Buy It Now Fees; (3) Featured Plus!; (4) Pro Pack; (5) International Site Visibility; (6) eBay Picture Hosting Fees; and (7) Seller Tool Fees. The eBay Motors and Stores Fees Schedules have Optional Feature Fees segregated from Insertion Fees; the subcategories of fees are for the most part identical.

        **(iii)**    <u>**Listing Fees.**</u> The Listing Fees, comprised of the Insertion Fee and any Optional Feature Fees, are expressly charged by eBay "at the time of listing;" Rhythm and the Class complain that eBay improperly re-charged some or all of these fees every 30 days for GTC Listings.

        **b.**    <u>**GTC Listings and Recurring Charges.**</u> On information and belief, eBay has always charged recurring fees every 30 days for GTC Listings that are not canceled. In addition, eBay at times changed Listing Fees after GTC listings were placed and charged the new fees instead of the fees that applied when the listing was placed. For example, eBay repeatedly charges the Insertion Fee and some or all Optional Feature Fees every 30 days; however, these recurring charges were not revealed in all of the applicable Fees Schedules. As of September 16, 2008, when the GTC option was introduced for Fixed Price Listings, there was no mention in the

User Agreement or eBay and eBay Motors Fees Schedules of any recurring charges for GTC Listings. The only time Listing Fees were supposed to be imposed was at the time a listing was initially placed: "Insertion fees and optional feature fees are charged at the time of listing and are nonrefundable."

The eBay Stores Fees Schedule in effect as of September 16, 2008, did provide for some recurring fees. For example, the eBay Stores Listing Upgrade Fees table sets out the following fees every 30 days:

| Listing Upgrade Fees | | |
|---|---|---|
| Features | 30 days | Good 'Til Cancelled (recurring 30-day listing) |
| <u>Gallery</u> | Free | Free |
| <u>Gallery Plus</u> | $0.35 | $0.35 / 30 days |
| <u>Subtitle</u> | $0.02 | $0.02 / 30 days |
| <u>Listing Designer</u> | $0.10 | $0.10 / 30 days |
| <u>Scheduled Listings</u> | $0.10 | $0.10 |
| <u>Bold</u> | $1.00 | $1.00 / 30 days |
| <u>Border</u> | $3.00 | $3.00 / 30 days |
| <u>Highlight</u> | $5.00 | $5.00 / 30 days |

Consistent with this table is nearby verbiage that "Good 'Til Cancelled will be charged the relevant fees every 30 days." These disclosures were absent from the substantially identical tables in the eBay and eBay Motors Fees Schedules. However, as explained below, eBay removed the disclosure of these recurring fees from the eBay Stores Fees Schedule in 2010.

        c.    **<u>Recurring Charges Limited to Insertion Fee.</u>**  Sometime after September 16, 2008, eBay revised the eBay User Agreement to reveal some recurring charges every 30 days for GTC Listings in Core eBay merchandise categories. A statement was buried within several other paragraphs under the heading "**A note about eBay fees**" on the eBay.com Fees Schedule:

> Good 'Til Cancelled renews automatically every 30 days until the item sells or you end the listing. ***Insertion fees*** are charged every 30 day period.

(emphasis added). This statement did not appear, however, on the eBay Motors Fees Schedule until 2010, when eBay buried similar language in a section literally entitled "**The fine print**." At about the same time in 2010, eBay fundamentally changed the eBay Stores Fees Schedule by (i) changing how it listed fees from an amount to be charged every 30 days (*e.g.*, "$.35 / 30 days") to a flat rate for GTC Listings without mentioning a time period (*e.g.*, "$.35") and (ii) dropping the earlier reference to recharging "relevant fees" every 30 days in favor of a provision reading substantially the same as the excerpt set forth above, *i.e.*, noting that only Insertion Fees would be charged every 30 days. Importantly, none of eBay's defective Fees Schedules, regardless of the time period involved, state that eBay would charge Optional Feature Fees every 30 days.

        d.      **<u>eBay Finally Publishes Recurring Fees</u>**. During the summer 2012, eBay revised its User Agreement and incorporated Fees Schedules as follows

    **Other terms**

    * * *

- Good 'Til Cancelled listings renew automatically every 30 days unless all of the items sell, you end the listing, or the listing violates an eBay policy. Insertion fees ***and optional feature fees*** are charged every 30-day period. ***Fee amounts are based on the terms in effect when the listing goes live, and when it renews.***

(emphasis added) This new language in the Fees Schedules shows that it was feasible for eBay to have made it clear that all fees, including Optional Feature Fees, could have been disclosed earlier and that Rhythm reasonably relied on the omission of this language.

21. **Summary of Promised and Agreed Fees for GTC Listings.**

a.      **No Recurring Charge Period.**   As set forth more fully above, as of September 16, 2008, the eBay.com and eBay Motors Fees Schedules did not mention any recurring charges for GTC Listings (*i.e.,* no recurring Insertion Fees or Optional Feature Fees). On December 16, 2008, eBay added the verbiage "Insertion fees are charged every 30 day period" to the eBay Fees Schedule, although this language was buried under headings entitled "**A note about fees**" or "**The fine print**," far from the Fees Schedules' tables of Insertion Fees.  The same verbiage was added to the eBay Motors Fee Schedule in 2010.   Rhythm contends this statement was in fact intended by eBay to prevent sellers from learning about or knowingly agreeing to recurring charges.  The time period from September 16, 2008, until the change to the Fees Schedules, is referred to herein as the "No Recurring Charge Period."

b.      **Insertion Fee Only Period.**   Even when eBay added verbiage about recurring charges for GTC Listings, this verbiage mentioned only Insertion Fees, not Optional Feature Fees.  This additional verbiage should not relieve eBay of liability for charging recurring fees, however.  The time period after eBay added the verbiage "Insertion fees are charged every 30 day period" to each Fees Schedule is defined herein as the Insertion Fee Only Period. Eventually, eBay's Fees Schedules contained language that eBay imposes all Listing Fees, including Optional Feature Fees, every 30 days for GTC Listings.

22.      **eBay Charged Incorrect Fees to Sellers.**   eBay has consistently overcharged Listing Fees on GTC Listings as follows:

· eBay improperly charged all Listing Fees every 30 days for GTC Listings during the No Recurring Charge Period; and/or

· eBay improperly charged all Listing Fees, especially fees in addition to Insertion Fees, every 30 days for GTC Listings during the Insertion Fee Only Period.

23.     **eBay's Agreements, Policies, and Practices Are Identical for All Class Members.**  All of the foregoing allegations are based entirely upon eBay's published Fees Schedules from its website.  There are no variations whatsoever between and among the agreements with, and representations made to, Rhythm or any Class member as to those fees; the Fees Schedules should therefore be interpreted uniformly as to all Class members.  Moreover, the eBay User Agreement has a California choice of law provision.  California law may therefore be applied to claims of all Class members.

24.     **Examples of Rhythm's Typical and Common Experience with eBay.**  During each month of the Class Period Rhythm placed GTC Listings within standard eBay.com categories, eBay Motors categories, and/or eBay Stores and it regularly included Optional Features in those listings.  Rhythm reviewed and relied on the User Agreement and the applicable Fees Schedule in existence at the time of each listing to fully and conspicuously disclose all fees.  In particular, Noll Relied on the User Agreement and linked eBay, eBay Motors, and eBay Stores Fees Schedules to set forth all fees associated with listing items for sale on eBay.  The eBay Fees Schedule states that the "Basic fees" consist of an Insertion Fee and Final Value Fee and that the "total cost of selling an item is the Insertion Fee plus the Final Value Fee."  The Fees Schedule also states that the Insertion Fee is charged "when you list an item ... ."  Rhythm relied on this language and the tables of Insertion Fees immediately below this language to set forth the amount and timing of Insertion Fees.  The eBay Motors and eBay Stores Fees Schedule goes on to disclose Optional Feature Fees in tables with bold headings and highlighted titles.  The Fees Schedules are the only source of information about GTC listing fees and should have contained all relevant information about the amount and timing of the fees. Alternatively and in addition, the disclosures at time of listing should have contained disclosures that GTC

Listing Fees would recur; there were no such disclosures. Based on the language employed in the various eBay Fees Schedules, Rhythm expected that the timing and amount of any Insertion Fees and Optional Feature Fees that would ever be charged for its listings would appear in the tables for those fees and it therefore relied on those tables. As of September 16, 2008, the eBay Motors Fees Schedule had no mention that any fees for GTC Listings would recur and Rhythm therefore relied on that omission to believe that GTC Listings would not incur any recurring Listing Fees. eBay later changed the language regarding to GTC Listings on the eBay.com Fees Schedule, but provided no notice that the substantive terms of the User Agreement had been unilaterally changed and falsely represented to sellers on the face of User Agreement itself the last date that substantive changes had been made to the terms of the parties' agreement. In 2010, the eBay Stores Fees Schedule omitted any mention of recurring fees in the tables of Insertion and Optional Feature Fees and Rhythm therefore relied on that omission to believe that GTC Listings would no longer incur any recurring fees. In 2010, after eBay added language about recurring fees to the end of the eBay Motors and Stores Fees Schedules pages, Rhythm did not see the new language. Even if Rhythm had seen the language, it was inadequate because it at most stated that "*Insertion fees* are charged every 30 day period," rather than that "Insertion fees *and optional feature fees* are charged every 30-day period." Rhythm's reliance on this omission was reasonable, because eBay itself recognized the need for improved verbiage. Again, eBay provided no notice that it had changed the terms of its User Agreement and falsely represented to sellers on the face of User Agreement the last date that substantive changes had been made to the terms of the parties' agreement. As of 2010, the above-referenced tables of Insertion and Optional Feature Fees in the eBay Motors and Stores Fees Schedules had no mention that any fees for GTC Listings would recur and Rhythm therefore relied on that omission to believe that

GTC Listings in Stores would not incur any recurring fees. Rhythm did not expect that the timing or amount of Listing Fees would appear at the end of the Fees Schedule in an area entitled "The fine print." eBay's intent to obscure the information in the "fine print" is revealed by the fact that eBay now entitles this section "Other items." When Rhythm placed listings, eBay gave it the option to select the duration of its listings. The listing process omitted any disclosure that that GTC Listings entailed recurring charges for all Listing Fees every 30 days. Rhythm relied on this omission in placing GTC Listings. In reliance on the foregoing representations and omissions, and the name "Good 'Til Cancelled," Rhythm understood that GTC Listings required payment of the initial Listing Fees and that the listings would remain "good" at no extra charge until canceled or the item sold, without recurring charges of Listing Fees, with the exception of recurring insertion fees for listings made during an Insertion Fee Only Period disclosed in the applicable Fees Schedule. Rhythm therefore selected GTC for the listing duration, rather than any other duration. Had Rhythm known that GTC Listings would have recurring fees, it would not have selected the GTC option. Alternatively, Rhythm would not have selected Optional Features for its GTC Listings. The summary invoices from eBay did not reveal the recurring GTC Listing Fees. Rhythm can calculate the overcharged fees for GTC Listings from eBay's data in the same manner as described in the paragraph above.

25. **Rhythm is a Proper Representative of All Sellers.** While eBay's fees structure charges different monetary amounts for listings based on a variety of different factors, including, for example, which merchandise category the listing is placed in, the duration of the listing, the listing format, and other options, eBay's obligation not to charge sellers improper recurring fees for GTC listings are the same regardless of which Fees Schedule applies to a particular listing. Thus, Rhythm is a proper representative to bring claims on behalf of all sellers for excessive fees

charged by eBay for GTC listings that are subject to the eBay.com Fees Schedule, the eBay Motors Fees Schedule, and/or the eBay Stores Fees Schedule.

## VI.  CLASS ACTION ALLEGATIONS

**26.     Class Definition.**  Rhythm brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of the following class (the "Class"):  all eBay members subject to the eBay User Agreement who, on and after September 16, 2008 (the "Class Period"):

    **a.**    placed GTC Listings on eBay that are subject to the Fees Schedules;[7] and

    **b.**    were charged at any time after the initial listing:

        **(i)**    Listing Fees; and/or

        **(ii)**    Any other Fees (excluding Final Value Fees) in excess of Insertion Fees during the applicable Insertion Fee Only Period.

Excluded from the Class are eBay and its management, officers, and directors, members of each of their immediate families, and any presiding magistrate or district judge and their staff.

**27.     Class Certification.**  This action may be maintained as a class action because:

    **a.**    The Class is so numerous that joinder of all members is impracticable;

    **b.**    There are questions of law or fact common to the Class;

    **c.**    The claims or defenses of the representative parties are typical of the claims or defenses of the Class; and

    **d.**    The representatives of the Class will fairly and adequately protect the interests of the Class.

**28.     Declaratory/Injunctive Relief.**  The Class is properly certifiable pursuant to Rule 23(b)(2) because eBay has acted or refused to act on grounds that apply generally to the Class, so

---

[7] The Class period will need to be adjusted based on the exact content of the Fees Schedules.

that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

   29.   **Damages Class.**   The Class is properly certifiable pursuant to Rule 23(b)(3) as a damages class because the questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  Among other things, each Class member's interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context.  Moreover, there is no other litigation known by the undersigned counsel that asserts claims based on the facts in this controversy.  Concentrating litigation in this forum makes sense because it is the location of eBay's principal office and principal place of business, the forum of eBay's choice under the User Agreement, and because eBay has selected California law under the User Agreement. Finally, there are no likely difficulties in managing this case as a class action and the Plaintiffs' counsel is experienced in class actions.

   30.   **Common Questions.**   The common questions of law and fact include at least the following:

   **a.**   The construction of the agreement between eBay and the Class members;

   **b.**   The Listing Fees for GTC Listings and method of calculation thereof by eBay as to the Class;

   **c.**   Whether eBay has breached its agreement and covenant of good faith and fair dealing with the Class;

   **d.**   Whether eBay has violated California Business & Professional Code § 17200 *et seq.*;

**e.**     Whether the Fees Schedule web pages are an unlawful, unfair, or fraudulent business practice insofar as they deviate from the fees actually charged;

**f.**     Whether eBay was unjustly enriched by charging fees in a manner and in excess of what it agreed to and promised for GTC Listings;

**g.**     Whether the advertised GTC fees are untrue or misleading;

**h.**     Whether charges by eBay of GTC fees greater than those advertised were unconscionable and/or unfair;

**i.**     Whether eBay's omission from the Fees Schedules of any reference to recurring Listing Fees or the placement of verbiage about recurring Insertion Fees (but not Optional Feature Fees) at the end of the Fees Schedule was untrue, misleading, unconscionable, or unfair; and

**j.**     The method of calculation of damages for members of the Class.

## VII.  FIRST CAUSE OF ACTION – BREACH OF CONTRACT

**31.**     Rhythm re-alleges each of the preceding paragraphs as if set forth fully herein.

**32.**     Throughout the Class Period, eBay entered into identical contracts with Rhythm and all Class Members setting forth the fees for GTC Listings.  As set forth more fully above, the User Agreement incorporates the applicable Fees Schedules.  Rhythm and the Class therefore entered into unambiguous contracts with eBay to pay only the certain and defined fees for GTC Listings in the manner set forth in each Fees Schedule.

**33.**     eBay breached its contracts with Rhythm and the Class, and its covenant of good faith and fair dealing, by charging fees for GTC Listings in a manner different than set forth in the applicable Fees Schedules; by collecting fees in excess of those permitted by the applicable Fees Schedules; and by interfering with the right of Rhythm and the Class to receive the benefits

under the contracts. eBay also breached its duty of good faith and fair dealing by misstating the dates on which the terms of the parties' agreement, over which eBay had unilateral control and discretion, had substantively changed, namely with respect to the terms found on each of the Fees Schedules relating to Good 'Til Cancelled listings. Furthermore, eBay improperly re-charged all Listing Fees on GTC Listings. Alternatively and in addition, eBay continues to overcharge sellers by improperly re-charging fees in excess of the Insertion Fee every 30 days on GTC Listings.

34. Rhythm and the Class in no way agreed or consented to any charges above and beyond those set forth in the applicable Fees Schedules and did not agree to alter, modify, or amend their contracts with eBay. Among other things, Rhythm and the Class did not voluntarily agree to fees different from those in the applicable Fees Schedule by paying invoices prepared by eBay, regardless of whether those invoices were sent to or otherwise made available to any Rhythm or Class member.

35. Alternatively and in addition, the User Agreement and applicable Fees Schedules, are contracts of adhesion that must be construed against their drafter, eBay, and in favor of Rhythm and the Class.

36. Further, any and all provisions of any web page, invoice, or communication from eBay purporting to contradict or alter the terms sets out in the applicable Fees Schedules must be disregarded, construed in favor of Rhythm and Class Members, and/or declared unconscionable and unenforceable.

37. As a direct and proximate result of eBay's breach of contract, and the attendant covenant of good faith and fair dealing, Rhythm and the Class have been damaged in an amount easily calculated by taking the difference between the amount of Listing Fees actually charged

and deducting inapplicable Listing Fees pursuant to the Fees Schedule applicable at the time of the charge. The damages are readily calculable from eBay's data and the calculation is common to and typical of all Class members and readily determinable from the computer data in the possession of eBay.

## VIII. SECOND CAUSE OF ACTION – UNFAIR COMPETITION

**38.** Rhythm re-alleges each of the preceding paragraphs, as if set forth fully herein.

**39.** The California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." eBay's policy and practice regarding Listing Fees constitutes a "business practice" and is unlawful, unfair, and/or fraudulent. Beginning September 16, 2008, eBay represented and promised on the applicable Fees Schedules that GTC Listings would require the payment of Listing Fees only at the time of listing and eBay omitted any disclosure of the existence or amount of recurring fees of any kind. To the extent eBay remedied these misrepresentations and omissions, it did so inadequately in literal "fine print" designed to be overlooked by Class members. These inadequate and obscure disclosures at most revealed the recurring nature of Insertion Fees, not Optional Feature Fees. However, eBay unlawfully charged recurring Listing Fees for all GTC Listings.

**40.** eBay's business practices described above as to GTC Listing Fees is unlawful, unfair, and/or fraudulent in that they violate at least the following laws:

**a.** Breach of contract and the duty of good faith and fair dealing.

**b.** eBay's conduct constitutes unjust enrichment insofar as it charged fees in excess of those advertised and agreed to at the applicable Fees Schedule web pages.

**c.** eBay violated Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL") because its representations regarding GTC Listings were untrue and misleading, and eBay knew, or by the

exercise of reasonable care should have known, that the applicable Fees Schedules were untrue or misleading.

d. Furthermore, eBay failed to present the automatic renewal offer terms in a clear and conspicuous manner before each GTC Listing and in visual proximity of the GTC Listing offer. Nor did eBay obtain affirmative consent to the automatic renewal offer before charging recurring GTC Listing fees. eBay also failed to alert users to material changes in the GTC Listing terms as required by the FAL. In particular, eBay's statements in the User Agreement itself regarding the last date the User Agreement was substantively changed were false and/or misleading and failed to conspicuously advise users that material changes had been made to the terms of the parties' agreement, including addition and/or modification of the terms relating to Good 'Till Cancelled recurring charges and automatic renewal, violating the FAL.

e. eBay violated Cal. Bus. & Prof. Code § 17500 *et seq.* and/or § 17507 because its representations regarding GTC Listing Fees were misleading and did not clearly and conspicuously state that all Listing Fees would be re-charged every 30 days on uncanceled GTC Listings.

f. eBay violated Cal. Bus. & Prof. Code § 17507 because its representations regarding GTC Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the recurring fees associated with GTC Listings.

g. eBay violated Cal. Bus. & Prof. Code § 12024.1 because it willfully misrepresented a charge for services rendered on the basis of time, measure or count via its Fees Schedules and, insofar as eBay actually charged fees premised on a different time, measure

and/or count than represented; namely GTC Listings were "not Good 'Til Canceled" but instead were as expensive or more expensive than traditional listings if the listing extended past 30 days.

      **h.**    eBay violated Cal. Civ. Code § 1670.5 by, among other things, procuring contracts or contract provisions from Rhythm and the Class that were unconscionable at the time they were made and further by promising and representing that GTC Listings would be charged (at most) only Insertion Fees every 30 days, but instead repeatedly charged all Listing Fees for GTC Listings, using both its substantially greater bargaining power and greater knowledge in order to do so.

      **41.**    Independently and in addition, eBay's conduct described above is unfair under Cal. Bus. & Prof. Code § 17200 *et seq.* It is fundamentally unfair, contrary to public policy, immoral, unethical, oppressive, unscrupulous, and injurious to Rhythm and the Class for eBay to obscurely "disclose" recurring Insertion Fees every 30 days for GTC Listings; and then nevertheless charge all Listing Fees every 30 days. There is no justification or excuse for eBay's practices and/or any such justification is outweighed by the consequences and harm to Rhythm and Class members. In addition, to the extent that eBay attempts to avoid its published Fees Schedules by reference to other web pages, extra-contractual communications, or portions of web pages not specifically identified within the User Agreement, that conduct is also unfair, unconscionable, and violates §§ 17200 *et seq.* In that regard, eBay's conduct constitutes an unfair business practice for the following additional reasons:

      **a.**    The consumer injury resulting from eBay's malfeasance is substantial;

      **b.**    The consumer injury is not outweighed by countervailing benefits to consumers or competition; and

**c.**     Consumers could not reasonably have avoided the injury caused by eBay's conduct.

**42.**     Rhythm and the Class are officers, persons, corporations or associations that have suffered an injury in fact and lost money or property as a result of eBay's violations of Cal. Bus. & Prof. Code § 17200 *et seq.*

## IX.   THIRD CAUSE OF ACTION - FALSE ADVERTISING LAWS

**43.**     Rhythm re-alleges each of the preceding paragraphs, as if set forth fully herein.

**44.**     eBay violated Cal. Bus. & Prof. Code § 17500 *et seq.* because its representations regarding GTC Listing Fees were untrue and misleading, and eBay knew, or by the exercise of reasonable care should have known, that these fees were untrue or misleading.

**a.**     eBay violated Cal. Bus. & Prof. Code § 17500 *et seq.* and/or § 17507 because its representations regarding Listing Fees were misleading and did not clearly and conspicuously state that eBay would charge recurring fees every 30 days for GTC Listings and/or that such fees would include all Listing Fees.

**b.**     Furthermore, eBay failed to present the automatic renewal offer terms in a clear and conspicuous manner before each GTC Listing and in visual proximity of the GTC Listing offer.   Nor did eBay obtain affirmative consent to the automatic renewal offer before charging recurring GTC Listing fees.   eBay also failed to alert users to material changes in the GTC Listing terms as required by the FAL.   In particular, eBay's statements in the User Agreement itself regarding the last date the User Agreement was substantively changed were false and/or misleading and failed to conspicuously advise users that material changes had been made to the terms of the parties' agreement, including addition and/or modification of the terms relating to Good 'Til Cancelled recurring charges and automatic renewal, violating the FAL.

**45.** eBay violated Cal. Bus. & Prof. Code § 17507 because its representations regarding Listing Fees were a "bait and switch" tactic and its advertising claims or representations did not clearly and conspicuously identify the prices associated with GTC Listings.

**46.** Rhythm and the Class are officers, persons, corporations or associations that suffered an injury in fact and lost money as a result of eBay's violation of Cal. Bus. & Prof. Code § 17500 *et seq.*

**47.** eBay's conduct described above violates Cal. Bus. & Prof. Code § 17500 *et seq.* and entitles Rhythm and the Class to restitution and injunctive relief as provided by Cal. Bus. & Prof. Code § 17535.

## X. FOURTH CAUSE OF ACTION - <br> UNJUST ENRICHMENT/COMMON LAW RESTITUTION

**48.** Rhythm re-alleges each of the preceding paragraphs, as if set forth fully herein.

**49.** By charging fees in excess of those promised and agreed to under the applicable Fees Schedules, eBay collected fees in excess of those to which it was contractually or otherwise entitled. eBay has therefore unlawfully and unjustly enriched itself at the cost of Rhythm and the Class. Rhythm and members of the Class therefore seek an order of restitution and disgorgement of all fees eBay collected in excess of those expressly agreed to.

## XI. FIFTH CAUSE OF ACTION - FRAUD AND DECEIT

**50.** Rhythm re-alleges each of the preceding paragraphs, as if set forth fully herein.

**51.** eBay violated Cal. Civ. Code §§ 1572 (actual fraud), 1709 and 1710, because at the time eBay published its Fees Schedules and Rhythm and the Class listed items for sale, eBay knowingly, willfully, and/or recklessly made material misrepresentations regarding the fees for GTC Listings, without any intent to charge the fees as actually stated within the applicable Fees

Schedules, and eBay instead intended to charge, and did charge recurring Listing Fees. eBay engaged in this conduct in order to induce Rhythm and Class members to list items for sale and pay the improper fees, and Rhythm and the Class reasonably relied on eBay's misrepresentations to their detriment. Rhythm and the Class therefore seek all damages proximately caused by eBay as a result of this wrongful conduct.

## XII. SIXTH CAUSE OF ACTION - DECLARATORY JUDGMENT

52. **Declaratory Relief.** Pursuant to 28 U.S.C. §§ 2201-2, Rhythm and the Class state that an actual controversy with eBay exists and they seek a declaration regarding their rights and other legal relations as follows.

53. **Contractual Rights.** Rhythm and the Class seek a declaration construing and enforcing the User Agreement and applicable Fees Schedules for GTC Listings. Rhythm and the Class will rely on the Fees Schedules published and amended over time, including those referenced or excerpted above. In particular, Rhythm and the Class seek a declaration that GTC Listings under the applicable Fees Schedules are subject only to the initial Listing Fees, as set forth on the applicable Fees Schedule; upon automatic renewal every 30 days, there should be no further fees or, alternatively, only additional Insertion Fees and in no event any other additional fees (excluding Final Value Fees). Further, eBay's conduct is ongoing, and Rhythm therefore seeks prospective relief regarding the parties' rights and obligations under the User Agreement.

## XIII. MISCELLANEOUS

54. **Conditions Precedent.** Rhythm and the Class hereby allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action and/or all such obligations or conditions are excused.

55. **Jury Demand.** Rhythm and the Class demand a trial by jury.

# XIV.  PRAYER FOR RELIEF

**56.** Rhythm, on behalf of itself and on behalf of the Class, requests the following relief:

**a.** An order certifying the Class and appointing Rhythm as a representative of the Class and the undersigned counsel as Class Counsel;

**b.** Declaratory judgment interpreting the applicable Fees Schedules and the proper method of calculation of listing fees for GTC Listings and as otherwise set forth above and an injunction prohibiting eBay from charging recurring Listing Fees on GTC Listings;

**c.** Imposition of a constructive trust upon all the monies and assets eBay has acquired as a result of its unfair practices and fees;

**d.** Actual damages suffered by Rhythm and the Class and/or full restitution of all funds acquired from eBay's unfair business practices, including disgorgement of profits;

**e.** Punitive damages, in an amount determined by the Court and/or jury;

**f.** Any and all statutory enhanced damages or punitive damages;

**g.** All reasonable and necessary attorneys' fees provided for by statute or common law;

**h.** Pre- and post-judgment interest; and

**i.** All other and further relief, general and special, legal and equitable, to which Rhythm and Class may be justly entitled.

# XV.  CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

**57.** Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, other than the named parties, there is no such interest to report.

Dated: September 18, 2012.

Respectfully submitted,

By: /s/ Keith R. Verges
      Keith R. Verges

Keith R. Verges (kverges@figdav.com)
Parker D. Young (parker.young@figdav.com)
Raymond E. Walker (ray.walker@figdav.com)
FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090
*(Admitted Pro Hac Vice)*

Vera Brooks (vbrooks@thompsonbrookslaw.com)
THOMPSON & BROOKS
412 E. Madison Street, Suite 900
Tampa, Florida 33602
Telephone: (813) 387-1822
Facsimile: (813) 387-1824
*(Admitted Pro Hac Vice)*

Shawn T. Leuthold (leuthold@aol.com)
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 The Alameda #303
San Jose, California 95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

**ATTORNEYS FOR
PLAINTIFF/INTERVENOR**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 18th day of September, 2012.

/s/ Keith R. Verges
Keith R. Verges