KEITH R. VERGES (kverges@figdav.com)
PARKER D. YOUNG (parker.young@figdav.com)
RAYMOND E. WALKER (ray.walker@figdav.com
FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: (214) 939-2000
Fax: (214) 939-2090
(*Admitted Pro Hac Vice*)

SHAWN T. LEUTHOLD
(leuthold@aol.com)
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 The Alameda #303
San Jose, California 95126
Tel: (408) 924-0132
Fax: (408) 924-0134

VERA BROOKS
(vbrooks@thompsonbrookslaw.com)
THOMPSON & BROOKS
412 E. Madison Street, Suite 900
Tampa, Florida 33602
Tel: (813) 387-1822
Fax: (813) 387-1824
(*Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFF
RICHARD NOLL

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD NOLL, Individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) EBAY INC., ) ) Defendant. ) ) | CASE NO. 5:11-CV-04585-EJD **STIPULATION AND [PROPOSED] ORDER REGARDING DISMISSAL OF RELATED CASE** Judge: Hon. Edward J. Davila Courtroom: 4, 5th Floor Trial Date: Not yet set |

This Stipulation is entered into pursuant to Local Rule 7-12, by and between Plaintiffs Richard Noll ("Noll") and Rhythm Motor Sports, LLC ("Rhythm") and Defendant eBay Inc. ("eBay") (collectively, the "Parties"), by and through the respective undersigned counsel.

WHEREAS, on July 10, 2012, Rhythm filed its Notice of Motion and Motion to Intervene, for Joinder and/or for Substitution *Pro Tanto* ("Motion to Intervene") [Doc. No. 69] and simultaneously filed a separate lawsuit against eBay styled *Rhythm Motor Sports, LLC v. eBay Inc.*, Cause No. CV12-03601 PJH, in the United States District Court for the Northern District of California (the "Separate Rhythm Lawsuit");

WHEREAS, on September 4, 2012, the Court entered an Order [Doc. No. 83] granting the Motion to Intervene;

WHEREAS, on September 18, 2012, Rhythm filed its Original Class Action Complaint in Intervention herein asserting the same claims that Rhythm has asserted in the Separate Rhythm Lawsuit;

WHEREAS, the Parties agree that, for purposes of judicial economy and efficiency, Rhythm's claims should be litigated in this Action, rather than the Separate Rhythm Lawsuit;

WHEREAS, although the Parties disagree as to whether Rhythm's claims and the claims of the class it proposes to represent relate back to a date prior to July 10, 2012, for purposes of the applicable statutes of limitations, the Parties nevertheless agree that all applicable statutes of limitations governing such claims were fully and properly tolled as of the filing of the Separate Rhythm Lawsuit on July 10, 2012;

WHEREAS, the Parties agree that if Rhythm voluntarily dismisses the Separate Rhythm Lawsuit, Rhythm's ability to pursue its claims in this case should be the same as if it were asserting those claims within the Separate Rhythm Lawsuit and that the statutes of limitations governing Rhythm's claims and the claims of the class asserted herein should therefore be deemed to have been tolled effective no later than July 10, 2012;

WHEREAS, in order to facilitate the dismissal of the Separate Rhythm Lawsuit, the Parties wish to set forth their agreement regarding the applicability of any statute of limitations defenses to Rhythm's claims:

NOW THEREFORE, for purposes of any statute of limitations defense that may be asserted with respect to the claims asserted by Rhythm or the class it proposes to represent herein, the Parties agree and request that the Court enter an order that the running of any applicable statute of limitations shall be considered tolled as of no later than July 10, 2012. This stipulation is without prejudice to the Parties' respective positions regarding whether the statutes of limitations governing Rhythm's claims were tolled prior to July 10, 2012, or whether the assertion of Rhythm's claims relates back to a date prior to July 10, 2012, and the Parties expressly reserve their rights regarding such issues. Any issues regarding the tolling of limitations or the relation back of Rhythm's claims prior to July 10, 2012, shall be subsequently presented to the Court by the Parties when such a determination becomes necessary and appropriate.

IT IS SO STIPULATED.

Dated: September 20, 2012.   FIGARI & DAVENPORT, LLP

/s/  Keith R. Verges
Keith R. Verges
*Attorneys for Plaintiff RICHARD NOLL*

Dated: September 20, 2012.   COOLEY LLP

/s/  Whitty Somvichian
Whitty Somvichian
*Attorneys for Defendant EBAY INC.*

Additional attorneys:

FIGARI & DAVENPORT, L.L.P.
Parker D. Young (parker.young@figdav.com)
Raymond E. Walker (ray.walker@figdav.com
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel: (214) 939-2000
Fax: (214) 939-2090
(*Admitted Pro Hac Vice*)

LAW OFFICE OF SHAWN T. LEUTHOLD
Shawn T. Leuthold (leuthold@aol.com)
1671 The Alameda #303
San Jose, California  95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

THOMPSON & BROOKS
Vera Brooks (vbrooks@thompsonbrookslaw.com)
412 E. Madison Street, Suite 900
Tampa, Florida  33602
Telephone: (813) 387-1822
Facsimile: (813) 387-1824
(*Admitted Pro Hac Vice*)

PURSUANT TO STIPULATION IT IS SO ORDERED:

Dated: 9/24/2012

_____
UNITED STATES DISTRICT JUDGE

**FILER'S ATTESTATION:**

Pursuant to General Order No. 45, 5X(B) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

        /s/  Keith R. Verges
        Keith R. Verges
        *Attorneys for Plaintiffs RICHARD NOLL and*
        *RHYTHM MOTOR SPORTS LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court on this 20th day of September, 2012.

        /s/  Keith R. Verges
        Keith R. Verges
        *Attorneys for Plaintiffs RICHARD NOLL and*
        *RHYTHM MOTOR SPORTS, LLC*