UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD NOLL AND RHYYTHM MOTOR SPORTS, LLC, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EBAY INC., ET AL.,<br><br>    Defendants. | Case No.: 5:11-CV-04585-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**[Re: Docket No. 91]** |

Presently before the court is Defendants eBay Inc., eBay Europe S.A.R.L., and eBay International AG Inc.'s (collectively, "eBay") Motion to Dismiss Plaintiffs Richard Noll and Rhythm Motor Sports (collectively, "Plaintiffs") Consolidated Second Amended Class Action Complaint ("CC"). Dkt. No. 91. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Having fully reviewed the parties' briefing, and for the following reasons, the court GRANTS Defendants' Motion.

1

Case No.: 5:11-CV-04585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

## I. BACKGROUND

### a. Factual Background

eBay operates three online marketplaces, including eBay Motors and eBay Stores, where sellers list items for sale to potential buyers. CC ¶¶ 15-17, Dkt. No. 90. eBay Motors and eBay Stores are not separate or distinct entities from eBay. Id. at ¶ 19. Plaintiff Richard Noll is a resident of Florida who has been an eBay seller since approximately September 2010. Id. at ¶ 1. Plaintiff Rhythm Motor Sports LLC is an Arizona limited liability company that has been an eBay seller since approximately 2008. Id. at ¶¶ 2.

The relationship between eBay and its sellers is governed by a User Agreement. Id. at ¶ 21. Sellers must agree to the User Agreement in order to sell on eBay. Id. The User Agreement provides that sellers will be charged fees "based upon [eBay's] 'Fee schedule,' which is a hyperlink" to a web page that sets forth the applicable fees ("Fees Schedule"). Id. at ¶ 22. The Fees Schedule sets forth two distinct categories of fees: Basic Fees and Optional Feature Fees. Basic Fees consist of a mandatory listing fee, called an Insertion Fee, which is paid up-front, and a Final Value Fee, which is charged if and when the item sells or receives a suitable bid. Id. at ¶ 25(a). Optional Feature Fees are fees for various features that sellers can select to enhance their listing, such as a "Subtitle Feature" which allows the seller to add more descriptive information below the item's main title. Id. Both the Insertion Fee and the Optional Feature Fees are charged at the time of listing, and are together known as "Listing Fees." Id.

Sellers can select a variety of listing formats for their items. Id. at ¶¶ 23-24. For example, a seller can choose an "Auction-Style Listing," in which the item will go to the highest bidder, or a "Fixed Price Listing," in which a seller sets a selling price and a buyer willing to pay that price can immediately complete the transaction. Id. at ¶ 23. Additionally, sellers can select one of several duration options for their listings. Before September 2008, Fixed Price Listings could remain on eBay's marketplace for one, three, five, seven, or ten days. Id. at ¶ 24. If an item had not sold by the end of its listing term, its listing would expire, and the seller would have to manually re-list the item and pay the Listing Fees again.

On September 16, 2008, eBay introduced the "Good Til Canceled ("GTC") Listing" option for Fixed Price Listings. Id. at ¶ 24. Under this option, sellers' listings automatically renew every 30 days until the item is sold or the listing is cancelled. See id. at ¶ 25(b). Since the introduction of GTC listings, eBay has charged sellers recurring Listing Fees every 30 days for their GTC listings that were not sold or cancelled. Id. This automatic fee charge for GTC Listings is the subject of this case—Plaintiffs allege that eBay misled them into thinking that their GTC Listings and any optional upgrades they applied to them would be renewed for free indefinitely.

eBay first gave sellers information regarding GTC Listings through a Seller Update in August 2008—the month before GTC Listings went live. See Dkt. No. 27 Ex. C. That Seller Update stated that the GTC feature would be available at "no extra cost," but also specified, in response to the question "What is a GTC listing duration?" found in the FAQ section, that "[a] listing with GTC duration will renew every 30 days until the item sells successfully. Insertion fees and all Feature Fees will be charged every 30 days at the time the listing is renewed." Id. In addition to its Seller Updates, eBay regularly sets forth its fees in the Fees Schedule, which is part of the User Agreement. On December 16, 2008 eBay revised its Fees Schedule to include a disclosure about recurring charges for GTC listings, which was located in the Fees Schedule under the heading entitled "A note about eBay fees." Id. at ¶ 25(c). The disclosure stated:

> Good 'Til Cancelled renews automatically every 30 days until the item sells or you end the listing." Insertion fees are charged every 30 day period.
>
> Id.

This statement did not appear on eBay Motors Fees Schedule until 2010. Id. Two years later, on October 10, 2012, eBay again revised its User Agreement and Fees Schedule, and provided the following disclosure:

> Good 'Til Cancelled listings renew automatically every 30 days unless all of the items sell, you end the listing, or the listing violates an eBay policy. Insertion fees and optional feature fees are charged every 30-day period. Fee amounts are based on the terms in effect when the listing goes live, and when it renews.

3

Case No.: 5:11-CV-04585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED SECOND
AMENDED CLASS ACTION COMPLAINT

Id.

Plaintiffs refer to the time period from September 16, 2008 until the effective dates of the relevant changes to the Fees Schedules as the "No Recurring Charge Period" and refer to the period following eBay's addition of the Insertion Fees language until the October 10, 2012 revision as the "Insertion Fee Only Period." During all relevant periods in which they were eBay sellers, Plaintiffs placed GTC Listings that included optional features and were charged recurring fees on these listings. Id. at ¶¶ 29-30.

### b. Procedural History

Mr. Noll filed this action on September 15, 2011 on behalf of himself and all others similarly situated. eBay moved to dismiss and this court granted the motion in part and denied it in part. See Dkt. No. 57. Mr. Noll filed his amended complaint on June 15, 2012. Dkt. No. 61. That same day, Mr. Noll filed a motion for leave to file a Second Amended Complaint, which this court denied. Dkt. Nos. 62, 67. On July 10, 2012, Rhythm filed a motion to intervene in this action and simultaneously filed a separate lawsuit against eBay. See Dkt. No. 69. This court granted Rhythm's motion to intervene on September 4, 2012, and Rhythm voluntarily dismissed its separate case. Dkt. Nos. 83, 86.

On October 2, 2012, Plaintiffs filed their CC on behalf of themselves and the putative class, alleging that eBay improperly charged all Listing Fees every 30 days for GTC Listings during the No Recurring Charge Period and/or improperly charged all Listing Fees every 30 days for GTC Listings during the Insertion Fee Only period. CC at ¶ 27. Dkt. No. 90. The CC defines the class as all eBay members subject to the eBay User Agreement who on and after September 16, 2008:

  a.  placed GTC Listings on eBay that are subject to the Fees Schedules; and

  b.  were charged Listing Fees at any time after the initial listing.

Id. at ¶ 33. Plaintiffs note that "[t]he Class period will need to be adjusted based on the exact content of the Fees Schedules." Id. at n. 7. As discussed in the previous section, elsewhere in the complaint, Plaintiffs appear to allege two class periods. The first class period, titled the "No Recurring Charge Period," covers eBay sellers who placed GTC listings from September 16, 2008

4

Case No.: 5:11-CV-04585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

to December 16, 2008 and were charged any Listing Fees after the initial listing. Id. at ¶ 26(a). Rhythm Motor Sports appears to purport to represent this class. Id. at ¶ 13. The second class period, titled the "Insertion Fee Only Period" covers eBay sellers who placed GTC listings after eBay added the Insertion Fees disclosure to the Fee Schedules on December 16, 2008 and were charged any Listing Fees after the initial listing. Both plaintiffs appear to purport to represent this class. Id. at ¶¶ 13, 29.

On October 17, 2012, eBay filed the instant Motion to Dismiss the CC, seeking dismissal of Plaintiffs' fraud-based claims, i.e., Plaintiffs' Second (violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.), Third (violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.), Fifth (violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.), and Seventh (common law fraud) causes of action, as well as Plaintiffs' newly-added Fourth cause of action (violation of Cal. Bus & Prof. Code § 17600 et seq.).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

As an initial matter, the court notes that Plaintiffs have failed to satisfy Rule 8(a) because Plaintiffs do not clearly delineate exactly what class periods they are alleging, which Plaintiff purports to represent the class for each class period, which eBay entity is at issue in each period, and what fees were improperly charged during each period. As discussed above, Plaintiffs define the class as covering one period starting September 16, 2008, but later appear to allege two class periods. See CC ¶¶ 26, 33. Additionally, Plaintiffs point to numerous revisions of eBay's Fee Schedules, some of which include various disclosures regarding recurring fees or recurring Insertion Fees, some which contain no disclosure, and some which pertain only to certain eBay entities, but they fail to connect these revisions to clearly defined class periods or otherwise allege how the revisions affect the class definition. The lack of clarity on these basic points alone is sufficient ground on which to grant Defendants' Motion to Dismiss. However, because the court dismisses several causes of action with leave to amend, the court will address additional deficiencies in Plaintiffs' claims below.

### a. Plaintiffs' Fraud-Based Claims

As discussed in this court's previous Order, Plaintiffs' UCL, FAL, CLRA, and common law fraud claims are entirely based on allegations that eBay made misrepresentations and omissions that are "grounded in fraud." See Dkt. No. 57 at 10 (citing Tietsworth v. Sears, Roebuck and Co., No. 09-CV-00288, 2009 WL 3320486 *6 (N.D. Cal. Oct. 13, 2009)). As such, these claims are subject to the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b). Fed. R. Civ. Proc. 9(b) (requiring party alleging fraud to "state with particularity the circumstances constituting fraud or mistake"). To satisfy Rule 9(b), Plaintiffs must allege "the who, what, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). In addition, Plaintiffs must plead reasonable reliance on alleged misstatements with particularity by alleging facts "of sufficient

specificity," allowing a court to infer that "misrepresentations caused injury to plaintiffs by inducing them to pay" for products or services. In re Actimmune Marketing Litig., No. 08-CV-02376, 2009 WL 3740648 *11 (N.D. Cal. Nov. 6, 2009); see City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68 Cal. App. 4th 445, 481 (1998) ("The well-established common law elements of fraud" require "justifiable reliance on the misrepresentation."). In the context of a fraudulent omission claim, a plaintiff cannot plead a specific time or place of a failure to act and so may plead fraud in alternative ways. Washington v. Baenziger, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987).

Plaintiffs allege that, in choosing to place GTC Listings, they relied on the User Agreement, the eBay Fees Schedule and fee tables therein, and the Sell-Your-Item form, each of which contained an omission regarding the recurring nature of Listing Fees for GTC Listings. CC ¶¶ 29, 30. Plaintiffs further allege that they relied on these omissions and would not have chosen to place GTC Listings had they known the Listing Fees, or alternatively, the Optional Features Fees, would recur. Id. However, Plaintiffs do not allege that they cancelled their GTC Listings or otherwise ceased placing GTC Listings upon discovering that eBay charged recurring fees on such listings. This omission is fatal to Plaintiffs' fraud-based claims. That Plaintiffs continued to keep and/or place GTC listings even after discovering the recurring fees belies their allegations that they would not have placed listings had they known these fees would recur. Plaintiffs have thus failed to plead reliance on eBay's alleged omissions. Accordingly the court DISMISSES with leave to amend Plaintiffs Second (UCL), Third (FAL), Fifth (CLRA), and Seventh (common law fraud) claims.

Additionally, Plaintiffs did not plead any facts sufficient to establish that, to the extent they relied on any omission regarding Insertion Fees during the Insertion Fee Only Period, their reliance was reasonable. See, e.g., Semi-Materials Co., Ltd. V. SunPods, Inc., No. 11-CV-06719, 2012 WL 3962487, at *7 (N.D. Cal. Sept. 10, 2012) (dismissing complaint in part because the plaintiff failed to allege any facts tending to show that any reliance was reasonable). Plaintiffs allege, inter alia, that they relied on various versions of eBay's Fees Schedule, and the fee tables contained therein, when deciding whether to place GTC listings. CC ¶¶ 29, 30. Plaintiffs further allege that eBay's

7

Fees Schedule and fee tables are misleading by omission because neither the fee tables nor the adjacent verbiage contained any disclosure that the Listing Fees would recur. eBay points out, and Plaintiffs do not dispute, that several versions of the Fees Schedule contain the disclosure that "Insertion fees are charged every 30 day period." Plaintiffs in fact name the period governed by the Fees Schedule containing this disclosure the "Insertion Fees Only Period." The disclosure appears at the end of the Fee Schedules in a section entitled "The fine print." Id. at ¶ 29; Pl. Opp'n 10, Dkt. No. 96. Plaintiffs contend that they reasonably relied on eBay's omissions despite the presence of the Insertion Fee disclosure because Plaintiffs would not expect to find information regarding fees in "The fine print" section. Such an allegation is insufficient to establish the reasonableness of Plaintiffs' reliance. "The fine print" section follows the fee tables, appears in the same font as the rest of the fee schedule, bears a bolded title, and is relatively short. See Dkt. No. 39 Ex. G. Plaintiffs allege that they read the Fee Schedules and considered the fee tables therein. CC ¶¶ 29-30. That Plaintiffs failed to read the following obvious section simply does not afford them the ability to claim reasonable reliance.

The Ninth Circuit recently came to a similar conclusion in Davis v. HSBC Bank Nevada, N.A.. 691 F.3d 1152 (9th Cir. 2012). The plaintiff in Davis raised, inter alia, claims of fraud, alleging that the defendant had failed to adequately disclose the annual fee for its credit card. The Ninth Circuit upheld the district court's dismissal of the plaintiff's fraud claim because it was undisputed that the plaintiff had failed to read the "Important Terms & Disclosure Statement" before checking the box accepting those terms and conditions. Id. at 1163. In upholding the dismissal, the court noted that under California law, when parties come to an agreement at arm's length "it is not reasonable to fail to read a contract before signing it." Id. Like the plaintiff in Davis, Plaintiffs here had access to the disclosure regarding recurring Insertion Fees, and simply failed to read it. The failure to read an important disclosure that was "within [Plaintiffs'] observation" is fatal to Plaintiffs' claims. Id. Therefore, the court DISMISSES without leave to

amend Plaintiffs' fraud-based claims to the extent they seek to recover recurring insertion fees charged during the Insertion Fee Only Period.[1]

### i. Plaintiff's Common Law Fraud Claim

Defendants further argue that Plaintiffs are barred from bringing their common law fraud claim because it is based on the same alleged omissions and seeks to recover the same damages as the breach of contract claims. California's economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter, 34 Cal. 4th at 988. The economic loss rule does not apply "where a claim is based upon a duty that exists independent of the contract and arises from principles of tort law," e.g. where there has been intentional misconduct. Id.

The court agrees with Defendants. Plaintiffs' common-law fraud claim appears to be based on the exact conduct at issue in the breach of contract claim. Plaintiffs allege that Defendants made omissions regarding the fees for the GTC listings and seek damages covering the "improper fees" Defendants charged. CC ¶ 64.   Likewise, Plaintiffs' breach of contract claim alleges that Plaintiffs and Defendants entered into a contract setting forth the fees for GTC listing, but Defendants breached that contract by charging GTC Listing Fees in a manner different than that set forth in the contract. CC ¶ 44. The damages Plaintiffs seek for the breach of contract claim are "the difference between the amount of Listing Fees actually charged and ….inapplicable Listing Fees." CC ¶ 44. The allegations in the CC make clear that Plaintiffs seek an identical recovery for identical conduct.

---

[1] Defendants also argue that Plaintiffs' reliance on any omission by Defendants was not reasonable because the Fee Schedules explicitly state that "Good 'Til Cancelled renews automatically every 30 days until the item sells or you end the listing" (CC ¶ 25(c)), because Plaintiffs' purported interpretation of the GTC Listing policies would produce "absurd results," and because Plaintiffs knew the total amount charged on their invoices each month and had access to detailed information regarding the charges assessed but nevertheless continued to pay the recurring fees.   Dkt. No. 91 at 13-15. The interpretation of the disclosure, the invoices, and Plaintiffs' actions is a question of fact for the jury. Unlike the specific disclosure regarding Insertion Fees, the "renews automatically" disclosure and the availability of detailed listing charges would not necessarily compel "reasonable minds to come to just one conclusion." Davis, 691 F.3d at 1163 (citing Broberg v. Guardian Life Ins. Co. of Am., 171 Cal. App. 4th 912 (Cal. Ct. App. 2009). Therefore, though the court dismisses Plaintiffs' fraud-based claims, it does not do so on these grounds.

9

Case No.: 5:11-CV-04585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

1    Because the common-law fraud claim mirrors the breach of contract claim, Plaintiffs must
2    properly plead intent in order for the common-law fraud claim to survive.  Plaintiffs' conclusory
3    assertions that Defendants acted "knowingly, willfully, and/or recklessly" and "without any intent
4    to charge the fees as actually stated within the applicable Fees Schedules" are insufficient to save
5    this claim from dismissal.  Such threadbare allegations simply do not satisfy Rule 9(b)'s
6    heightened pleading standard.

### b. Plaintiffs' § 17600 Claim

Plaintiffs' CC presents a new cause of action for violation of California Business & Professions Code Section 17600 et seq..  Defendants argue that this claim must be dismissed because Section 17600 does not provide a private right of action to non-California residents.  Section 17602(a) indeed provides that it "shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state" to engage in certain conduct.  Cal. Bus. & Prof. Code 17602(a).   The CC specifies that Mr. Noll is a resident of Florida and that Rhythm Motor Sports is a resident of Arizona.  Taking these facts to be true requires the court to conclude that the Plaintiffs are not "consumer[s] in this state."  Plaintiffs' argument that the court should ignore this section and apply the general standing provision of California's FAL, Section 17535, is unpersuasive.  While the California Legislature has provided a private right of action for out-of-state consumers in other sections of the Business & Professions Code, it saw fit to do otherwise here.  The Legislature employed specific language in Section 17602 limiting recovery under Section 17600 et seq. to California consumers.  The court will not contravene the Legislature's clear intention.  Therefore, Plaintiffs' Fourth cause of action is DISMISSED without leave to amend.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.  Plaintiffs' Second, Third, Fifth, and Seventh claims are DISMISSED with leave to amend.  However, to the extent these claims seek to recover recurring insertion fees charged during the Insertion Fee Only

1  Period, they are DISMISSED without leave to amend. Plaintiffs' Fourth claim is DISMISSED
2  without leave to amend.
3      Any amended complaint must be filed within thirty days of the date of this Order. Plaintiffs
4  are advised that they may not add new claims or parties without first obtaining Defendants' consent
5  or leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiff is further advised that
6  failure to amend the complaint in a manner consistent with this order may result in the dismissal of
7  this action.
8  **IT IS SO ORDERED**
9  Dated: May 30, 2013

                          EDWARD J. DAVILA
                          United States District Judge

Case No.: 5:11-CV-04585-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT