KEITH R. VERGES (kverges@figdav.com)
PARKER D. YOUNG (parker.young@figdav.com)
RAYMOND E. WALKER (ray.walker@figdav.com
FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas  75202
Tel: (214) 939-2000
Fax: (214) 939-2090
(Admitted Pro Hac Vice)

SHAWN T. LEUTHOLD
(leuthold@aol.com)
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 The Alameda #303
San Jose, California  95126
Tel: (408) 924-0132
Fax: (408) 924-0134

VERA BROOKS
(vbrooks@thompsonbrookslaw.com)
THOMPSON & BROOKS
412 E. Madison Street, Suite 900
Tampa, Florida  33602
Tel: (813) 387-1822
Fax: (813) 387-1824
(Admitted Pro Hac Vice)

ATTORNEYS FOR PLAINTIFFS RICHARD NOLL
AND RHYTHM MOTOR SPORTS, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RICHARD NOLL AND RHYTHM MOTOR SPORTS, LLC, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>EBAY INC.,<br><br>　　　　Defendant. | CASE NO. 5:11-cv-04585-EJD<br><br>**ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT**<br><br>Date:　　　January 29, 2015<br>Time:　　　9:00 a.m.<br>Judge:　　　Honorable Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Trial Date:　Not yet set<br><br>Jury Trial Demanded |

　　　Upon review and consideration of the Joint Motion for Conditional Class Certification and Preliminary Approval and all exhibits and other evidence submitted in support thereof, including the Settlement Agreement dated January 15, 2015, executed by Plaintiffs individually

ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS
AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT　　　　　　　　　　　　　　　　　PAGE 1
CASE NO. 5:11-CV-04585-EJD

and on behalf of the Class[1], and on behalf of Defendant eBay Inc. ("Defendant" or "eBay"), it is hereby **ORDERED** as follows:

## CONDITIONAL CLASS CERTIFICATION

For the reasons set forth more fully below, the Court certifies for purposes of settlement only the following Class:

> All natural persons and entities who are United States residents and who (1) placed GTC Listings on eBay that commenced during the Class Period, and (2) were charged Disputed Fees. Excluded from the Class are the Judge of this Court and his staff, and all directors, officers, and managers of eBay, and their immediate families.

The "Class Period" is (1) for Stores Listings, the period from March 30, 2010 to June 19, 2012, and (2) for Core Listings and Motors Listings, the period from September 16, 2008 to June 19, 2012. The term "Disputed Fees" means the Insertion Fees and Optional Feature Fees incurred by Class Members after the initial 30-day listing period of a GTC Listing, less any amounts already refunded or credited by eBay to Class Members for such recurring Insertion Fees and Optional Feature Fees, as determined from eBay's records. A person or entity is deemed a "United States resident" for purposes of the foregoing if the primary contact information for the person or entity in eBay's current records is an address within the United States. This class definition and certification is made for settlement purposes only.

The Court finds that the Class is so numerous that joinder of all members is impracticable. In particular, the Court has considered the Parties' submissions indicating that there are over one million unique eBay user IDs associated with the listings at issue in this case.

The Court also finds that there are questions or law or fact common to the Class for settlement purposes. In addition, pursuant to Rule 23(b)(3) the Court finds that, for settlement

---

[1] Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

purposes, the questions of law or fact common to the Class Members predominate over any questions affecting only individual members. Among other things, this case involves a common User Agreement and incorporated Fees Schedules that apply to eBay sellers, and public web pages describing GTC Listings that were available to all eBay sellers. Further, this case involves the operational functionality of GTC Listings and methods of invoicing for GTC Listings that were broadly applicable. In addition, the question regarding whether the Settlement is fair, reasonable, and adequate to the Class presents a predominantly common issue.

The Court finds that, for settlement purposes, the claims or defenses of the representative Plaintiffs are typical of the claims or defenses of the Class. Plaintiffs Noll and Rhythm Motor Sports allege that they used GTC Listings and paid Disputed Fees and are thus part of the Class. There is no allegation or evidence that Plaintiffs seek any relief different from other members of the Class; and the Settlement Agreement provides for the same calculation for relief to Plaintiffs as for other Class Members.

The Court finds, for settlement purposes, that Plaintiffs will fairly and adequately protect the interests of the Class. The Court finds that there are no conflicts of interest between Plaintiffs and any proposed Class Member. Plaintiffs had listings during the proposed Class Period and will be subject to the same pro rata calculation of relief as any other Class Member.

In addition, the Court finds that Plaintiffs' counsel has extensive experience in class action cases and has vigorously conducted discovery, research, and investigation of the claims of the Class. As set forth more fully below regarding the adequacy of the Settlement, the Court further finds that Plaintiffs' Counsel has diligently and fairly represented the best interests of the Class.

The Court further finds that certification of this class for settlement purposes is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court finds that individual Class Members' interests in controlling the prosecution or defense of the separate actions are very small, given the relatively small average amount of Disputed Fees per Class Member. The Court also finds that there is no other litigation concerning the controversy already begun by or against Class Members.

The Court further finds that, particularly with the aid of the Claims Administrator and the production of necessary data by eBay, there are no likely difficulties in managing the Settlement of this Action. eBay has committed to providing the relevant data in its possession necessary to identify Class Members and to enable the Claims Administrator to calculate the relief due each Class Member. This relief will be calculated as a pro rata share of the Disputed Fees incurred by each Class Member for GTC Listings placed during the Class Period in comparison to all such Disputed Fees for the Class as a whole, as specified in the Settlement Agreement. The Court finds that this should not be a particularly difficult process and that the Parties have adequately anticipated and provided for the necessary administrative tasks to accomplish the administration.

The Court further appoints the law firm of Figari & Davenport, L.L.P as Class Counsel for settlement purposes under Rule 23(g) and authorizes Class Counsel to retain a Class Administrator in its discretion. In doing so, the Court has considered the work Class Counsel has done identifying and investigating potential claims in the action, Class Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, Class Counsel's knowledge of the applicable law, and Class Counsel's resources that it will commit to representing the Class. The Court specifically finds that Class Counsel fulfills all of

the foregoing requirements and that Class Counsel will fairly and adequately represent the interests of the Class.

As set forth more fully below, the Court finds that the proposed form of notice fulfills each of the elements of Rule 23(c)(2)(B) and that the notice is the best notice practicable under the circumstances.

## PRELIMINARY APPROVAL OF SETTLEMENT

1. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the terms of the Settlement Agreement are sufficiently within the range of reasonableness such that notice of the proposed Settlement should be given as provided in paragraph 2 of this Order.

2. Starting within thirty (30) days of entry of this Order, the initial dissemination of email notice and other notice contemplated in the Settlement Agreement shall be made to the Class in accordance with the Settlement Agreement, and the notice program shall thereafter be executed as set forth in the Settlement Agreement.

3. Non-substantive changes may be made to the notices contemplated by the Settlement Agreement by agreement of the Parties, without further order of this Court.

4. Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraph 2 of this Order.

5. The actions set forth in paragraph 2 of this Order are hereby found to be reasonably calculated to provide direct notice to Class Members and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Fairness Hearing to the persons affected by and/or entitled to participate in the Settlement, in full compliance with all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of

Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## MOTIONS FOR FINAL APPROVAL AND FOR APPROVAL OF PROPOSED PLAN OF ALLOCATION AND APPLICATION FOR ATTORNEYS' FEES

6. Within 100 days of entry of this Order, Class Counsel shall file a motion for final approval of the Settlement.

7. Within 45 days of entry of this Order, Class Counsel shall file their application for attorneys' fees and expenses and request for enhancement awards to the class representatives ("Fee Application").

## THE FINAL FAIRNESS HEARING

8. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before the undersigned on Lwpg 33. 4237 cv ; <22 c 0o 0 in Courtroom 4, 5th Floor, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement; (b) the dismissal of this Action with prejudice as to Defendant and the entry of final judgment in the Action; (c) whether the distribution plan of Settlement proceeds should be approved; (d) whether an award of attorneys' fees, costs and expenses should be made to Class Counsel; and (e) whether an enhancement award should be made to Plaintiffs as class representatives.

9. The Court directs that any person or entity who is a member of the Class and who wishes to exclude himself, herself, itself, or themselves from the Class shall send an email, letter, or postcard to the Settlement Administrator stating: (a) the title of the Action: "Richard Noll v. eBay Inc., Case No. 5:11-CV-04565 EJD"; (b) the full name, address, telephone number (optional) and email address associated with the eBay account of the person requesting exclusion; (c) a statement that he/she does not wish to participate in the Settlement; and (d) a

signature of the Class Member requesting exclusion. No Opt-Out/Exclusion Request will be valid unless all of the information above is included. So-called "mass" or "class" opt-outs purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and shall be deemed invalid. If submitted by mail, the letter, postcard, or form on which the request for exclusion is made must be postmarked on or before **Crtln42. 4237** with postage paid by the person requesting exclusion. If submitted electronically or by email, the Opt-Out/Exclusion Request must be submitted by 11:59 p.m. Eastern Standard Time on or before **Crtln42. 4237**. Any Class Member who does not serve a valid and timely written Opt-Out/Exclusion Request shall be bound by all subsequent proceedings, orders, and judgments. Only Class Members who serve valid and timely Opt-Out/Exclusion Requests will be deemed to have opted out of the Class.

10. Any Class Member may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement and the dismissal of the Action with prejudice as to Defendant and the entry of judgment; provided, however, that no person shall be heard in opposition to such Settlement, dismissal and/or entry of Judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless that person files a written objection with the Court and delivers a copy of the objection to Class Counsel and eBay's Counsel no later than **Crtln42. 4237**. The delivery date is deemed to be the date the objection is deposited in the U.S. mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and eBay's Counsel. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action: Richard Noll v. eBay Inc.,

Case No. 5:11-CV-04565 EJD; (2) the Class Member's name, email address, postal address, and telephone number that were used in conjunction with the Class Member's eBay account; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted.  Any Class Member who files and serves a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, to the award of attorneys' fees and costs, and/or to the enhancement awards for the Named Plaintiffs.  However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel and eBay's Counsel, and only those Class Members who include such a statement may speak at the Fairness Hearing.  If a Class Member makes an objection or appears at the Fairness Hearing through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs. The relevant addresses for Plaintiffs' Counsel and eBay's Counsel are below:

| | |
|---|---|
| Keith R. Verges | Whitty Somvichian |
| Figari & Davenport, L.L.P. | Cooley LLP |
| 901 Main St., Ste. 3400 | 101 California St., 5th Fl. |
| Dallas, TX 75202-3796 | San Francisco, CA 94111-5800 |
| Class Counsel | Counsel for eBay Inc. |

11. Responses to any objection or opposition to the proposed Settlement or Fee Application shall be filed no later than **O c{ : . 4237**.

12. The date and time of the Fairness Hearing shall be set forth in the E-Mail Notice and Settlement Website, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court or on the Court's website at www.cand.uscourts.gov/.

**OTHER PROVISIONS**

13. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

14. The Court retains continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Agreement;

15. The Claims Administrator, working at the direction of Class Counsel, shall administer the Settlement so as to facilitate administrative matters and the distribution of payments to the Class Members and cy pres recipient in accordance with the terms and conditions of the Settlement Agreement.

16. It shall be the Claims Administrator's responsibility, working at the direction of Class Counsel, to prepare and provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Class members reside,

as specified in 28 U.S.C. § 1715. Class Counsel shall cooperate in the drafting of such notices and Defendant shall provide Class Counsel with any and all information in its possession necessary for the preparation of these notices.

17. In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, (1) the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Defendant and the Class Members, and (2) the Settlement Agreement and all proceedings and communications regarding the Settlement may be offered as evidence or otherwise used only as specifically permitted under the terms of the Settlement.

18. All proceedings in the Action against Defendant are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters Judgment as provided in the Settlement Agreement.

19. Plaintiff and all members of the Class and any other person, representative, or entity acting on behalf of any members of the Class are, until the Fairness Hearing, barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory or other proceeding arising out of the Released Claims against any of the Released Persons. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the litigation and to protect and effectuate the Court's review of the Settlement.

20. Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant for any fault, wrongdoing, breach or liability. Nor shall this

Order be construed or used as an admission, concession, or declaration by or against Plaintiff or members of the Class that their claims lack merit of that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any Claim asserted in the Action.

**IT IS SO ORDERED.**

Dated: January 29, 2015

_____
EDWARD J. DAVILA
United States District Judge

AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT
CASE NO. 5:11-CV-04585-EJD

PAGE 11