Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650
Phone (888) 245-0810
rburgers123@gmail.com
Class Notice ID 08103529

Attorney for: Reginald Burgess

FILED
2015 MAR 24 P 3:04
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

RICHARD NOLL, individually and on behalf of himself and all others similarly situated.

Plaintiffs.

v.

E-BAY INC., and DOES 1 through 10. inclusive

Defendants.

Case No. 11-cv-04585 EJD

**OBJECTION TO APPROVAL OF SETTLEMENT AND DEMAND TO OPT-OUT IF PROPOSED SETTLEMENT IS APPROVED re: DKT 130**

**Honorable Edward J. Davila**
Date 6/11/15 Time 9:00am Rm 4 Fl 5

**-- ORAL ARGUMENT NOT REQUESTED --**

The above named class member appear to OBJECT to the approval of a settlement as filed for as Dkt 130 on the grounds the settlement is that eBay settles from a position of strength – not arms length - offering $15,000 to each of the plaintiffs to shut up and take the settlement to screw over the class as class representatives and this kind of thing is NOW not favored in the 9th Circuit - and is arguably no longer lawful. *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157 (9th Cir.4/23/13) http://cdn.ca9.uscourts.gov/datastore/opinions/2013/05/02/11-56376.pdf and such incentive awards coupled with the breath of this class release over-steps the narrow realm of this suit – see also ***Radcliffe*** analyzed at

http://www.lexology.com/library/detail.aspx?g=3ed670ef-954f-4b5e-ab93-be023889ec06 If Mr. Noll receives $15,000, so too should each class member also

## PROCEDURAL POSTURE

There is nothing "fair" about this settlement – it creates a class out of thin air – where the narrow circumstances of the Richard Noll scenario have been expanded by defendants to cover anyone as an eBay member who ever posted a "good til cancelled" listing – and never complained about it; yet aside from giving a miniscule amount of a payment to class members – eBay seeks a release against the class members they have created that covers any and all litigation based on any eBay policy or scenario that could be brought in the future or could have been raised as an issue in this suit. That could be anything as to how eBay operates.

If class members as defined in the settlement DO NOT OPT-OUT - then they are bound by the terms of the settlement in this case where the meat lies is in the RELEASE from section 4.2 of Dkt 130-1 page 16

> "4.2 Class Members' Release. Upon entry of the Final Order and Judgment, Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge eBay Inc., and each of its respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises,

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

> liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating in any way to any of the legal, factual, or other allegations made in the Action, **or any legal theories that could have been raised based on the allegations of the Action** (the "Released Claims")."

There is a problem found at Fed. R. Civ. P. 23(c)(2)(B)(iv) – "(iv) that a class member may enter an appearance through an attorney if the member so desires;" in that it appears to say no one may appear pro se - or before a settlement is reached unless they attempt to join the action – and arguably they should be allowed to do so – but seldom has this ever occurred and when it does the courts rebuke the attempt to join as one to intervene and come into the suit BEFORE a settlement is reached . Then class members as OBJECTORS are left with no other recourse but to object AFTER preliminary approval and the courts often just rubber stamps an approval which works in the favor of those selling the settlement to the court.

In such a case, the class member as an Objector may not even appear without counsel but for the effort to Object under Rule 23(e)(5) for what is normally a "fairness hearing", or "opt-out" under Rule 23(c)(2)(B)(v). There is nothing even fair about that process in and of itself. Rule 23(e)(5) however does not speak to a timeline as to when a class member may object, thus it may be upon any notice or discovery that settlement efforts are about to commence without them and thus to be included in those talks to raise the very issues, i.e.; the release of this settlement casts need to raise in the litigation as a term of the release. See SHIMKUS v. The GERSTEN COMPANIES, 816 F.2d 1318, 7 Fed.R.Serv.3d 767, No. 85-2594. Ninth Circuit, Argued and Submitted Nov. 10, 1986., Decided May 6, 1987. Rule 19(d) to 23 creates however a catch 22 scenario instead requiring an attorney.

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

Here we have a settlement that violates the 9th Circuit principles in ***Radcliffe*** and has a defined a class beyond the scope of the suit to favor the defendants need to create a judgment over a concocted class that is not a class in its true rights.

There are three other known suits pending in this district one of which is two related cases and now with its settlement efforts stalled due to attorney shenanigans and unauthorized practice of law issues from out of state filing counsel - and the same tactics of the same defendants to extend the settlement to create and cover a judgment AGANST the class members. See Zepeda v PayPal 10-cv-2500 SBA and the order of Dkt 205 which states as much in denying the approval of the settlement. (related to Fernando v PayPal 10-cv-1688 SBA)

Also a fairly serious class action matter that is tangentially related to the ***Noll*** case in existence so eBay is in a rush to make THIS settlement in Noll v eBay happen first and fast to stop class members from being able to reap any potentially larger benefits from the Campbell v eBay lawsuit - now heading to settlement also. See Campbell v eBay USDC CAND 13-cv-2632 HSG

This court cannot approve this settlement as drafted so broadly – and as the release alone harms the class by eclipsing the members rights for nothing they did.

The district judge has a fiduciary duty to safeguard the interests of the absent and putative class members. *See, e.g.*, *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011) (stating that "'trial judges bear the important responsibility of protecting absent class members,' and must be 'assured] that the settlement represents adequate compensation for the release of the class claims'"); *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) (noting that "the district court has a fiduciary responsibility to ensure that the settlement is fair and

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

not a product of collusion, and that the class members' interests were represented adequately") (internal quotation marks omitted). That duty is especially important when the interests of the class and its counsel negotiating on its behalf are not aligned. *See Reynolds v. Benefit Nat'l Bank*, 288 F.3d 277, 279–80 (7th Cir. 2002) (stating that the problem that class counsel "may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class . . . requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions").

There is also the serious question of whether an out of state law firm can be Class Counsel in a suit involving violations of California law – even appearing pro hac vice. See *Winterrowd v. American General Annuity Ins. Co*[1]., 556 F.3d 815, 2009 WL 367696 (9th Cir. 2009) None of the Figari & Davenport attorneys are California licensed and thus a serious question exists as to whether they can be Class Counsel as a firm in California litigation. Clearly they do not know California law as the numerous complaints missing the mark attest to.

The court denied dismissal based on what amounts to California Tort law – and this matter is actually a mass tort – not a class action. Each party who has or could

[1] The Winterrowd court based its holding on the fact that Wheatley did not "appear" before the district court. The court undertook to differentiate between merely supporting litigation and "appearing." Fees may be recovered, the court noted, for the work of many who perform litigation support such as paralegals and summer associates. The court reasoned that Wheatley's work was similar to such litigation support. On the other hand, factors that would indicate an "appearance" would be physically entering the court, signing pleadings, and having extensive contact with the client without in-state counsel present. In reaching its conclusion, the court relied on *Dietrich Corp. v. King Resources, Co.*, 596 F.2d 422 (10th Cir. 1979), which held that an out-of-state attorney's work is not the unauthorized practice of law so long as it is filtered through a licensed in-state attorney.

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

have a claim based on eBay policies as outlined in this suit by Richard Noll, - as the release seems to attempt to cover in blanket fashion, has damages in Tort under California law by User Agreement construction – not typicality and commonality .

There is precedent that the court can put out a call for other interested counsel to apply to appear to be class counsel. See e.g Guererro v Wells Fargo Bank and the orders of Dkt 157, 158, 164, 165, 166 and 167 of same putting out a call for class counsel and appointing same form a list of applicants, to explore the objection to meet the requirements of the duty of the court to protect the class and under Rule 23(c)(2)(B)(iv) – "(iv) that a class member may enter an appearance through an attorney if the member so desires;". Here to enter an objection raises an issue of how the court's duty to protect the class might extend to exploring a class member objection and its issues as this one raises these issues of or to appoint other Class Counsel actually qualified and licensed to do business in California courts.

For Figari & Davenport LLP to be lawful Class Counsel in a California court they need to have California Licensed counsel on staff appearing or an Association of Counsel agreement on file to a California attorney – not just a pro hac vice order.

Myself and five other putative class members were in front of judge Davila to join and intervene in Dunkel v eBay case 12-cv-1452 EJD which rather than grant the intervention and allow the filing of a new complaint based on a similar theory of law as in the Noll matter – the case was dismissed because the original filing attorney - Marina Tributsky was not a California licensed Attorney, nor pro hac vice complaint under the rules, and - did such a grand job of screwing it up and other filings mixing the case to Zepeda v PayPal and Fernando v PayPal, ***supra***.

This is a "stonewall scenario" in contract that forced Richard Noll to court, not a

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

breach of contract. *Seaman's Direct Buying Service, Inc.* v. Standard Oil Co. (1984) 36 Cal.3d 752 , 206 Cal.Rptr. 354; 686 P.2d 1158 (SCOCAL, Seaman's Direct Buying Service, Inc. v. Standard Oil Co. , 36 Cal.3d 752 available at: (http://scocal.stanford.edu/opinion/seamans-direct-buying-service-inc-v-standard-oil-co-28331) (last visited Saturday March 7, 2015).

This Noll suit was thus about Interference with Prospective Economic Advantage – for eBay cancelling his listing without his consent; though the order denying dismissal was only loosely written from that perspective, and so eBay could write their own settlement because the complaint was weak under the law.

The issue with Noll was that eBay canceled a listing after a sale was made but the buyer tried to pay with a fraudulent payment method with the fake money order cash back scheme - and in legal terms it was an interference with Prospective Economic Advantage of the listing member to not then to be able to sell the item to someone one else while the fraudulent payment attempt was being tried which the eBay member listing the item had no intention of accepting - and did not accept.

Even though the eBay member - Richard Noll - did not select the "Good til Canceled" option - which would NOT have canceled the listing until payment was actually made - available if payment was made "via PayPal" his argument was the terms were not clear and eBay's effective "interference" harmed him and deprived him of the ability to sell to other parties following the listing and interested in the item also. It is a stretch of the complaint as drafted to cover this but is the law.

The Campbell v eBay case has a similar Interference issue - but much stronger - where eBay adjudicates disputes between the buyer and seller and Interferes with what are often fraudulent attempts to gain a refund of money after receiving the

Reginald Burgess
12325 Imperial Hwy # 145
Norwalk, CA 90650

item or returns another item or damages the item prior to returning it - even if there is a no refunds policy of the listing member - which eBay always grants as a refund. eBay seeks to pre-empt that class and gain a judgment over them in this class before any settlement based on true interference can be had in Campbell.

The REAL issue is eBay is the seller as a virtual consignment vendor; and the listing member is a drop shipper only because eBay now by the terms of is User Agreement, controls the transaction. eBay does not make this "clear" to eBay members who list and leads them to believe they are the seller - when in fact they basically have no enforceable or honored contract terms at all with the buyer.

This is what has been the issue since the Comb v PayPal matter and came to be an issue in Zepeda v PayPal – as it is also here but disguised. There is no need to settle with a Release so wide but to destroy the Comb settlement which eBay and PayPal are having no success at this writing doing in Zepeda but to create a Judgment against the class to destroy the Comb settlement[2]. The Release of this settlement effectively does that also. Judge Fogel made that quite clear in his order in Zepeda v. PayPal, Inc., 777 F. Supp. 2d 1215 - Dist. Court, ND California 2011 as to why the eBay and PayPal User Agreements are the root cause of the issues, and still today it continues as eBay policies dodge compliance to California law but have run to Utah now instead in violation of the that settlement because they represent a violation of a court order which is the Comb settlement. This is why eBay and PayPal have so much invested in gaining the outcome they seek to destroy the Comb settlement by eclipsing any class member at any time from being able to use the Comb settlement ever again after this one.

[2] Found at http://www.paypalsucks.com/files/PayPalSettlementAgreement.pdf

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

Section "2d. Venue" and "III Disposition" in Judge Fogel's ruling is a serious gravamen to eBay and PayPal because they have never corrected the User Agreements to past the tests of fairness – and instead ran to the jurisdiction of Utah for a new choice of law forum for the User Agreement to escape laws of California and Judge Fogel's ruling having the effect of law on them. See *Comb v. PayPal, Inc.*, 218 F. Supp. 2d 1165 (N.D. Cal. 2002) District Court, N.D. California. The issues of the that settlement are the very "policies" Richard Noll ran into which brought him here, because eBay continues to refuse to comply with what California law requires that would have been clear in the "good til' cancelled" listing. This places the burden BACK on the court in a piece meal fashion then. See ***Managing Class Action Litigation: A Pocket Guide for Judges***, Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center 2005, Section III, "Hot Button Indicators" pg 13 number 3.[3] Certainly, such a conspiracy to disserve the class, is alone a basis for denying class certification and rejecting a settlement,[4] but as a general matter, rather the structural problem of lack of leverage is the real problem.

There is no reason to certify a class in the case, because it is a "mass action"[5] – not a class action. There is no commonality – these are all tort issues of interference

[3] See http://www.fjc.gov/public/pdf.nsf/lookup/classgde.pdf/$file/classgde.pdf

[4] *See, e.g.*, Sylvester v. CIGNA Corp., 369 F. Supp. 2d 34, 45 (D. Me. 2005) ("[K]ey provisions of the Amended Settlement Agreement, which were finalized by the parties after the mediation session, combine to form an agreement that appears collusive on its face and in practice. Specifically, the Court remains troubled by the combination of the reverter clause and the clear sailing provision. In concert, the Court believes that these two provisions give rise to inferences that there was a lack of arm's length negotiations and a lack of zealous advocacy for the Class by Plaintiffs' counsel.").

[5] See e.g. http://www.starrausten.com/resources/what-is-the-difference-between-a-class-action-and-a-mass-tort-mass-action/

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

with prospective economic advantage and contractual relationships – not common breach of contract and the like for the reasons Judge Fogel so articulately ruled.

In *Guerrero, et al v. Wells Fargo Bank, N.A.*,Case 3:12-cv-04026-WHA (USDC CAND) Document 157 Filed 06/21/13 at Page 22 Judge Alsup wrote :

> Absent class members' interests "are truly in the hands of class counsel." 1 Newberg on Class Actions § 3:52 (5th ed.). Rule 23(g) places the responsibility of ensuring fair and adequate counsel on the Court, not merely on the class representative. Under Rule 23(g), the Court has broad authority in executing its "basic responsibility . . . to appoint class counsel" that will "fairly and adequately represent the interests of the class." Fed R. Civ. P. 23 Advisory Committee's Note (2003). The rule includes a list of mandatory factors to consider and provides that the Court "may consider any other matter pertinent" to counsel's adequate representation of the class. The rule contemplates that there can be circumstances in which more than one applicant counsel can apply to represent the class. Rule 23(g)(2).

His conclusion was proposed class counsel was inadequate for several reasons and his order sent out an invitation for more qualified counsel to be named to the case in that same order of June 21, 2013. It is no different here, for these reasons the settlement must be denied and new class counsel appointed. Rule 23(e)(5) does not say you must opt-out ***OR*** object, - both can be done as here in the alternative.

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Tustin, California this 9th day of March , 2015

REGINALD R. BURGESS

Class Notice ID 08103529

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650
Phone (888) 245-0810
rburgers123@gmail.com
Class Notice ID 08103529 in Noll v eBay 11-cv-4585 EJD

Attorney for: Reginald Burgess

## CERTIFICATE OF SERVICE

As a pro se appearing class member, as I do not have an ECF privilege for direct filing, I have this date sent to the Clerk of Court for filing this document in the Northern District Electronic Case Filing system via email as an ECF compliant PDF copy to the Judges deputy clerk of this case and via US Mail an Original and the required number of courtesy copies per the Judges standing order with a good receipt and copied via email to all the listed parties appearing counsel as set forth in the current PACER Docket Report as shown in the Deputy clerk's email; so that thus all parties who have consented to electronic service will receive notice of this filing by operation of what the ECF system uses as electronic notice. Any parties who have not consented to electronic service will receive a paper copy of this electronically filed document through the United States Postal Service.

REGINALD R. BURGESS

I declare by the laws of the State of California under penalty of perjury the above is true and correct signed at Tustin, California this 9th day of March , 2015

Reginald Burgess
12325 Imperial Hwy #145
Norwalk, CA 90650