KEITH R. VERGES (kverges@figdav.com)
PARKER D. YOUNG (parker.young@figdav.com)
RAYMOND E. WALKER (ray.walker@figdav.com
FIGARI & DAVENPORT, L.L.P.
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: (214) 939-2000
Fax: (214) 939-2090
(*Admitted Pro Hac Vice*)

| | |
|---|---|
| SHAWN T. LEUTHOLD | VERA BROOKS |
| (leuthold@aol.com) | (vbrooks@thompsonbrookslaw.com) |
| LAW OFFICE OF SHAWN T. LEUTHOLD | THOMPSON & BROOKS |
| 1671 The Alameda #303 | 412 E. Madison Street, Suite 900 |
| San Jose, California 95126 | Tampa, Florida 33602 |
| Tel: (408) 924-0132 | Tel: (813) 387-1822 |
| Fax: (408) 924-0134 | Fax: (813) 387-1824 |
| | (*Admitted Pro Hac Vice*) |

ATTORNEYS FOR PLAINTIFFS RICHARD NOLL
AND RHYTHM MOTOR SPORTS, LLC

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RICHARD NOLL AND RHYTHM MOTOR SPORTS, LLC, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC.,<br><br>Defendant. | CASE NO. 5:11-CV-04585-EJD<br><br>**RESPONSE TO OBJECTOR DANIEL PAILES' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Date: June 11, 2015<br>Time: 9:00 a.m.<br>Judge: Honorable Edward J. Davila<br>Courtroom: 4, 5th Floor<br>Trial Date: Not yet set<br><br>Jury Trial Demanded |

Plaintiffs Richard Noll ("Noll") and Rhythm Motor Sports LLC ("Rhythm") ("collectively, Plaintiffs") file this Response to the Objector Daniel Pailes' ("Pailes") Motion for Administrative Relief and state:

## I. INTRODUCTION

On April 17, 2017, 2015, Pailes filed an Objection ("Pailes Objection") with Exhibit 1 thereto styled "Motion for Settlement to be Amended with the Magistrate or other Venue in this Court and 7-11 Motion for Administrative Relief." Exhibits 2-4 do not invoke Local Rule 7-11, but are styled "Motion to Amend Settlement based on Attorney's Fees vs. Distribution for Class Member;" " Motion for Discovery and Demand for Production of Documents;" and "Motion for Special Damages," respectively[1]. None of the Pailes Motions set forth specifically the action requested and reasons supporting the motion, nor are they accompanied by a proposed order, stipulation, or declaration. Moreover, Pailes did not confer with Plaintiffs' counsel regarding any proposed administrative relief. Finally, the Pailes Motions are essentially part of his Objection, the response to which is due on or before May 8, 2015, pursuant to the Order Conditionally Certifying a Settlement Class and Preliminarily Approving Proposed Settlement ("Preliminary Approval Order") (Doc. 133; ¶ 11). Plaintiffs therefore respectfully request that the Court deny the Pailes Motions and permit Plaintiffs to address the Pailes Objection on May 8, 2015.

## II. ARGUMENT

Local Rule 7-11 permits motions for administrative relief for matters not otherwise governed by a federal statute, federal or local rule, or standing order of the assigned judge. Rule 7-11(a) requires that the motion:

> set forth specifically the action requested and the reasons supporting the motion and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why the stipulation could not be obtained.

The Pailes Motions fail to comply and should therefore be denied.

---

[1] Collectively, Exhibits 1-4 are referred to as the "Pailes Motions."

### A. THE PAILES MOTIONS HAVE NO SPECIFICITY REGARDING ACTION REQUESTED OR SUPPORTING REASONS.

Exhibit 1 to the Pailes Objection does not set forth specifically the action requested or any reasons therefor. It merely states that he is "filing this motion to provide him with an instrument and rule with which he can use to provide the relief for the sellers/the class members in this case." [Doc. 136-1.] Otherwise, Exhibit 1 merely recites excerpts of Local Civil Rules, without any reasoning or application to his Objection.

Exhibit 2 to the Pailes Objection acknowledges that the Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees;" this is the percentage sought by Class Counsel from the Settlement Fund. [Doc. 136-2 at 1.] Exhibit 2 does not request any different figure, nor does it provide any reasoning that would support an amount different from the fees sought by Class Counsel.

Exhibit 3 to the Pailes Objection addresses discovery of (1) "documents that have their names on it produced by eBay;" (2) various papers "of the class members whose accounts were shut down;" and (3) "all the documents reviewed by the plaintiff attorney's produced for this trial." [Doc.136-3.] While it is questionable whether these discovery matters are sufficiently specific, there is no reasoning provided, which is significant because none of eBay's production in the case dealt with Pailes, nor does the case address "shutting down" of eBay member accounts. As for "all the documents" that Plaintiffs' counsel reviewed, there is no reasoning justifying the breadth of this request nor does Pailes address the Protective Order in this case, which prohibits dissemination of confidential documents. More importantly, as addressed below, Pailes failed to confer with Plaintiffs' counsel regarding discovery.

Finally, Exhibit 4 exceeds the 5-page limit for administrative motions and merely recites indeterminate amounts of various categories of damages. It does not specify any particular

amount demanded by Pailes. Moreover, there is no reasoning regarding the applicability of any special damages to the Settlement Class or the calculation thereof.

In conclusion, since the Pailes Motions fail to specify the action requested and the supporting reasons, the Court should deny the Pailes Motions.

### B. THE PAILES MOTIONS ARE NOT ACCOMPANIED BY ORDERS, STIPULATIONS OR DECLARATIONS.

The Pailes Motions are not accompanied by any proposed orders, stipulations or declarations that explain why a stipulation could not be obtained. These omissions are significant because they confirm the lack of specificity of relief requested and Pailes' failure to meaningfully confer with Plaintiffs' counsel. For this independent reason, the Court should deny the Pailes Motions.

### C. PAILES DID NOT CONFER WITH PLAINTIFFS' COUNSEL.

Pailes contacted the Administrator regarding the proposed settlement, and Class Counsel called him back, since his questions were beyond the ability of the Administrator's staff to answer. He did not ask for any discovery and his concerns were unique; he thought he'd lost his his credit reputation and had his eBay account shut down unfairly. Neither of these problems were intrinsic to the recurring fees for Good 'Til Cancelled ("GTC") listings at issue. Pailes in fact commented that, for the GTC fees at issue, he thought Class Counsel had done a good job. At the end of the telephone call, Pailes had not proposed a different Settlement Fund for the GTC fees at issue, a different percentage of attorneys' fees, or that he be provided any discovery. Class Counsel is willing to consider providing Pailes with appropriate discovery, but that should be a matter for conference between the parties before it is presented to the Court via a motion. Civil L.R. 37-1. For example, Plaintiffs' counsel does not have any documents with Daniel Pailes' name on them. Moreover, the protective order prohibits production of all of the documents

reviewed by Plaintiffs' counsel to persons not covered by the protective order. Since Pailes did not meaningfully confer on the subjects of the Pailes Motions, the Court should deny them.

### D. THE PAILES MOTIONS ARE REALLY PART OF HIS OBJECTION.

For the most part, the Pailes Motions challenge the substantive merits of the proposed settlement, and are therefore the subject of the Court's Preliminary Approval Order. Plaintiffs respectfully request that the court deny the Pailes Motions, subject to considering Plaintiffs' response to the Pailes Objection, which is due on or before May 8, 2015. .

### III. CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Plaintiffs respectfully request that the Court deny any administrative relief suggested by the Pailes Motions and address his Objections to the proposed settlement on June 11, 2015 and after Plaintiffs respond to the Pailes Objection on or before May 8, 2015.

Dated: April 21, 2015.                    Respectfully submitted,

                                          By: /s/ Keith R. Verges
                                              Keith R. Verges
                                              Parker D. Young
                                              Raymond E. Walker

                                          FIGARI & DAVENPORT, L.L.P.
                                          3400 Bank of America Plaza
                                          901 Main Street
                                          Dallas, Texas 75202
                                          Telephone (214) 939-2017
                                          Facsimile (214) 939-2090
                                          *ADMITTED PRO HAC VICE*

                                          Shawn T. Leuthold
                                          LAW OFFICE OF SHAWN T. LEUTHOLD
                                          1671 The Alameda #303
                                          San Jose, California 95126
                                          Telephone: (408) 924-0132
                                          Facsimile: (408) 924-0134

Vera Brooks
THOMPSON & BROOKS
412 E. Madison Street, Suite 900
Tampa, Florida  33602
Tel: (813) 387-1822
Fax: (813) 387-1824
(Admitted Pro Hac Vice)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court, on this 21st day of April, 2015.  A copy has been emailed to Pailes at the email address for him provided by eBay for notice to the Settlement Class.

/s/ Keith R. Verges
Keith R. Verges