April 20, 2015

Clerk of the U. S. District Court
for the Northern District of California
280 South 1st Street
San Jose, CA 95113



Re: Richard Noll and Rhythm Motor Sports, LLC v. eBay Inc.
    Case No. 5:11-cv-04585
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Class Action Settlements and request for
attorney's fees. I am a class member who is not being represented by counsel, and I do
not intend to appear at the Final Approval Hearing.

I adopt and incorporate the objections of other class members. In addition,
the basis of my objection are four fold: 1) There is no adequate showing that the proposed
Settlement bears any relationship to the alleged damages inflicted by Defendant on
Plaintiffs; 2) The actions of Class Counsel, including improper request for a protective
order and/or confidentiality agreement, may be indicia of a consciousness of unfairness
and collusion; and violates class member's Constitutional right to Due Process; 3) The
amount of the proposed attorney fees plus expenses constitute over reaching and
represents unjust enrichment; and 4) The Settlements does not protect the interests of
sub-classes members who may have other, unrelated claims against defendants such as
those arising from tort.

In its Settlement Statement published on the case web site, Class Counsel failed to recite
what particular discovery results, what particular proceedings, and what particular
procedures led up to the proposed Settlement. Members of the class, including myself,
need to be able to look through the file, including discovery, and satisfy themselves that
the proposed Settlement is adequate, fair, and an arms length transaction, but this is not
possible because there is a protective order in place. Instead, we are offered only empty
recitations naming types of discovery that could have been copied from a law school
hornbook, and the examples of discovery that are set forth raise red flags about
unnecessary and unproductive procedures. If the role of an objector is to have any
meaning, it must be coupled with the right to scrutinize the case file and verify the
details. Failure to allow this access, coupled with Court approval, constitutes a denial of
My right to due process under the 5th and 14th Amendments to the U.S. Constitution

Since I am a member of the class, and therefore a client of Class Counsel, there is legal authority to support my right to access and scrutinize Class Counsel's file. Beside the Rules of Professional Conduct, there is *In the Matter of Kaleidoscope, Inc.* 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in *Resolution Trust Corp. v. H—, P.C.* 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

The protective order and/or confidentiality agreement in place was the result of a joint collaboration between Class Counsel and the Defense, and it raises the specter of collusion. Under Rule 26©, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause.* For good cause to exist under Rule 26 ©, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News, Inc. v. U.S. District Court—N.Dist. (San Jose)* 187 F.3d 1096, 1103 (9th Cir. 1999). Class Counsel and the Defense obtained a protective order, but they avoided the Court's scrutiny that may have benefited members of the class.

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access to discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order and/or confidentiality agreement, Class Counsel may have seen no need to engage in real discovery to determine what the case was worth. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class. Once they discovered what attorney fees were acceptable to the defense, they may have seen no need to discover more.

Rule 23 sets no particular standards for objectors, but it sets high standards, including high ethical standards, for class counsel in class action cases such as this. In *Eubank v. Pella Corp.* (a case decided June 2, 2014) Nos. 13-2091, 13-2133, 13-2136, 13-2162, 13-2202, the Seventh Circuit removed Class Counsel for "demonstrated" lack of integrity in another matter completely independent of the instant case before the Court. And in *Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3rd 913, 918 (7th Cir. 2011) the Court ruled that only slight misconduct by Class Counsel was grounds for removal.

Therefore, I oppose the proposed settlement and demand greater information on how it

represents an adequate result for the class. I request that the protective order and/or confidentiality agreement be either vacated or modified so that class members may determine whether discovery was adequate. I also oppose the amount of attorney fees requested as being way above what might be considered reasonable especially because the red flags raised by unnecessary discovery meant only to pad Class counsel's lodestar.

Very truly yours,

Sebrina Narkin
85391 Chezem Road
Eugene, OR 97405
541-525-0292
ke7fxa1@yahoo.com
eBay ID: breenv1

cc  Figari & Davenport LLP
    Cooley LLP