1  KEITH R. VERGES (kverges@figdav.com)
2  PARKER D. YOUNG (parker.young@figdav.com)
   RAYMOND E. WALKER (ray.walker@figdav.com
3  FIGARI & DAVENPORT, L.L.P.
   901 Main Street, Suite 3400
4  Dallas, Texas  75202
   Tel: (214) 939-2000
5  Fax: (214) 939-2090
   (*Admitted Pro Hac Vice*)
6

7  SHAWN T. LEUTHOLD                          VERA BROOKS
   (leuthold@aol.com)                         (vbrooks@thompsonbrookslaw.com)
8  LAW OFFICE OF SHAWN T. LEUTHOLD            THOMPSON & BROOKS
   1671 The Alameda #303                      412 E. Madison Street, Suite 900
9  San Jose, California  95126                Tampa, Florida  33602
   Tel: (408) 924-0132                        Tel: (813) 387-1822
10 Fax: (408) 924-0134                        Fax: (813) 387-1824
                                              (*Admitted Pro Hac Vice*)
11

12 ATTORNEYS FOR PLAINTIFFS RICHARD NOLL
   AND RHYTHM MOTOR SPORTS, LLC
13

14              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
15                     SAN JOSE DIVISION

16 RICHARD NOLL AND RHYTHM          )   CASE NO. 5:11-CV-04585-EJD
   MOTOR SPORTS, LLC, Individually  )
17 and on behalf of all others similarly )   **RESPONSE TO OBJECTIONS**
   situated,                        )
18                                  )
19        Plaintiffs,               )   Date:      June 11, 2015
                                    )   Time:      9:00 a.m.
20 v.                               )   Judge:     Honorable Edward J. Davila
                                    )   Courtroom: 4, 5th Floor
21 EBAY INC.,                       )   Trial Date: Not yet set
                                    )
22        Defendant.                )   Jury Trial Demanded
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ....................................................................................................1

II.    ARGUMENT AND AUTHORITIES .....................................................................1

    A.    Reginald Burgess Objection. ......................................................................1

        1.    Burgess' Background ........................................................................1

        2.    The Burgess Objection Is Not Well Taken.......................................5

            a.    The Class Incentive Awards Are Not Conditioned Upon Support for Settlement. ..........................................5

            b.    The Class Was Properly Certified for Settlement Purposes.............7

            c.    The Release Does Not Affect Other Current Litigation Against eBay ......................................................7

            d.    Burgess May Appear Pro Se ...............................................8

            e.    Burgess' Objection Regarding Class Counsel Should Be Overruled...............................................9

            f.    Burgess' Purported Supplemental Objection Should Be Overruled...............................................10

    B.    Daniel Pailes Objection...............................................................................11

        1.    Pailes' Background. .........................................................................11

        2.    Pailes' Objection Is Not Well Taken. ..............................................12

    C.    Objection of Sebrina Narkin .......................................................................13

        1.    Narkin's Background. ......................................................................13

        2.    The Narkin Objection Is Not Well Taken .......................................14

III.    CONCLUSION.......................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Alamo v. eBay*,
   No. C 09-01733-EJD (N.D. Cal. Dec. 18, 2009) .................................................................9

*Algarin v. Maybelline, LLC*,
   No. 12-CV-03000-AJB (S.D. Cal.).......................................................................................10

*Amador v. Baca*,
   299 F.R.D. 618 (C.D. Cal. 2014)...................................................................................12, 13

*Arnold v. FitFlop USA, LLC*,
   No. 11-CV-09730-W-KSC, 2014 WL 1670133 (S.D. Cal. Apr. 28, 2014).........................14

*Burgess v. Forbes*,
   No. 5:09-cv-00629-JF, 2009 WL 1068877 (N.D. Cal. April 20, 2009) ...............................3

*Burgess v. Hartford Life Ins. Co*,
   No. 3:09-CV-888 CFD, 2010 WL 3490968 (D. Conn. Aug. 30, 2010) ...............................4

*Burgess v. Launi*,
   No. 8:11-cv-00545 AG MLG (C.D. Cal. June 27, 2011)..............................................3, 4, 8

*Burgess v. Otto Bock Healthcare*,
   No. 5:14-cv-00302 EJD (N.D. Cal. Mar. 11, 2014) ......................................................2, 3

*Campbell v. eBay*,
   No. 13-CV-2632-HSG (N.D. Cal.) ......................................................................................8

*Dunkel v. eBay*,
   No. 12-CV-01452-EJD (N.D. Cal.) ...............................................................................2, 8, 9

*Fernando v. eBay, Inc.*,
   No. 4:10-CV-01668-SBA(NC) (N.D. Cal. Jan. 31, 2013) ..........................................8, 2

*Fernando v. PayPal*,
   No. 10-CV-01688-SBA (N.D. Cal.) ..................................................................................8, 9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003)............................................................................................15

*In Re Bluetooth Headset Prods. Liability Litig.*,
   654 F.3d 935 (9th Cir. 2011)..............................................................................................15

*In re Reginald Burgess*,
   No. LA-02-37195-ER (Bankr. C.D. Cal. April 27, 2004)..............................................4, 5

*In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions*
    *Act (FACTA) Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014) ........................................................6

*Keirsey v. eBay Inc.*,
    No. 12-cv-01200-JST, 2013 U.S. Dist. LEXIS 152531 (N.D. Cal. Oct. 22, 2013) ...............16

*Lane v. Facebook, Inc.*,
    No. C-08-3845-RS (N.D. Cal.)...........................................................................................10

*Larsen v. Trader Joe's Co.*,
    No. 11-CV-005188-WHO, 2014 WL 3404531 (N.D. Cal., July 11, 2014) ...........................14

*Lopez v. HBC Bank USA*,
    No. 1:13-CV-21104-FAM (S.D. Fla.) ...................................................................................11

*Pailes v. HSBC Mortgage Corp.*,
    No. 1:10-CV-11509-GAO (D. Mass.) ...................................................................................11

*Pailes v. United States Peace Corps*,
    No. 1:08-CV-02214-JDB (D.D.C.).........................................................................................11

*Radcliffe v. Experian Information Solutions, Inc.*,
    715 F.3d 1157 (9th Cir. 2014)............................................................................................6, 7

*Razilov v. Nationwide Mut. Ins. Co.*,
    No. 01-cv-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) ..........................................6

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984).............................................................................................................15

*Shimkus v. Gersten Cos.*,
    816 F.2d 1318 (9th Cir. 1987)...........................................................................................8, 9

*U.S. ex rel. Reginald P. Burgess v. California*,
    No. CV 04-03053 (C.D. Cal. July 26, 2004) .........................................................................5

*Van Vranken v. Atl. Ritchfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ......................................................................................7

*Zepeda v. PayPal*,
    No. 4:10-CV-02500-SBA (N.D. Cal.) ...........................................................................2, 8, 9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .....................................................................................................................7

Plaintiffs Richard Noll ("Noll") and Rhythm Motor Sports LLC ("Rhythm") (collectively, "Plaintiffs") file this Response to the Objections that have been filed by Reginald Burgess ("Burgess Objection") (Doc. 135); Daniel Pailes ("Pailes Objection") (Doc. 136); and Sebrina Narkin ("Narkin Objection") (Doc. 138) and state:

## I.   INTRODUCTION

Plaintiffs and Class Counsel have earnestly tried to do the best job possible for this Settlement Class of nearly 1.2 million members.  Many Class Members have called or emailed to express gratitude, but three have objected[1].  (Verges Decl. ¶ 3.)   All three objections were submitted *pro se*, and none raises any substantive concerns about the fairness, reasonableness, or adequacy of the Settlement.  In addition, the Narkin Objection is untimely, and Narkin is not a member of the Settlement Class.  (*See* Declaration of Krishna Vasireddy, filed contemporaneously herewith)  For these reasons, and for the reasons provided below, Plaintiffs respectfully request that the Court overrule all of the Objections.

## II.   ARGUMENT AND AUTHORITIES

A.   REGINALD BURGESS OBJECTION.

1.   Burgess' Background.

Burgess has an extensive litigation history spanning more than a decade, in which he has filed numerous frivolous lawsuits; has been reprimanded by numerous courts and judges; and has been found to be a vexatious litigant.

Burgess' antics have been well documented in this District and in this Court, and in numerous cases involving eBay.  Most relevant here, Burgess has previously attempted to obtain

---

[1] On May 6, 2015, after the objection deadline, a Settlement Class Member emailed the Class Administrator to indicate that he or she wished to submit a partial objection.  However, the substance of the message was that the recurring monthly fees were not adequately explained, and there was no commentary regarding whether the terms of Settlement Agreement and proposed plan of distribution were fair, reasonable, or adequate. [Verges Decl. ¶ 4.] Plaintiffs therefore do not respond.

money by intervening in and objecting to class action settlements with eBay and PayPal.  In the course of doing so, he has filed numerous meritless and procedurally improper documents.  For example, in *Fernando v. eBay*, Burgess unilaterally submitted a settlement conference statement, even though he was not a party and his request to intervene had previously been denied.  No. 4:10-CV-01668-SBA (N.D. Cal, January 31, 2013) (Doc. 91) (Verges Decl., Exh. D).  The Court rejected the submission and barred Burgess from filing anything further without prior leave of Court.  *Id.* He thereafter bombarded the Court with a slew of frivolous pleadings, including motions to intervene and revoke the pro hac vice status of the plaintiff's counsel, a notice of appearance, a motion to intervene and amend the complaint, and a case management statement that was stricken from the record.  *Id.* (Docs. 122, 127-131, 159-60.)

In another case styled *Zepeda v. PayPal*, Burgess also attempted to intervene and object to a proposed settlement (among numerous other filings).  No. 4:10-CV-02500-SBA (N.D. Cal. Aug. 19, 2014) (Doc. 238) (Verges Decl., Exh. E).  On September 2, 2014, Burgess filed a declaration as part of an objection in the *Zepeda* matter.  (Verges Decl., Exh. F.) (Doc. 250).  On September 11, 2014, Burgess offered to withdraw his objection in *Zepeda* in exchange for the payment of $5,000.00.  No. 4:10-CV-02500-SBA (Doc. 259) (Verges Decl., Exh. H).  Burgess also attempted to intervene in another case before this Court, *Dunkel v. eBay*, No. 12-CV-01452-EJD, which this Court denied.  (Verges Decl., Exh. G.) (Docs. 41, 51).  Through counsel, he thereafter filed numerous pleadings in that case, including a notice of joinder and numerous requests to revoke the pro hac vice status, and to disqualify the plaintiff's counsel.  No. 12-CV-01452-EJD (Docs. 61, 65, 68-74).

In this District, Burgess has also filed multiple lawsuits against eBay directly, employing similarly improper tactics.  *See, e.g.*, *Burgess v. Otto Bock Healthcare*, No. 5:14-cv-00302 EJD

(N.D. Cal. Mar. 11, 2014) (Doc. 77).   In March 2014, this Court admonished Burgess for noticing two motions for hearing without obtaining a hearing date from Judge Davila's courtroom deputy, and ordered that "any further motions noticed in contravention of the Standing Order or filed improperly as ex parte application will be summarily denied." *Burgess v. Otto Bock Healthcare,* No. 5:14-cv-00302 EJD (N.D. Cal. Mar. 11, 2014) (Doc. 77).   In another matter, Burgess sued eBay, but failed to actually assert any claims against it; Judge Fogel dismissed the complaint and later dismissed the suit when Burgess failed to pay the required filing fee. *Burgess v. Forbes*,  No. 5:09-cv-00629-JF, 2009 WL 1068877, * 3 (N.D. Cal. April 20, 2009) (Doc. 32) (dismissing eBay, noting it was "highly unlikely Burgess will be able to assert any viable action," and requiring him to pay filing fee in order to proceed); *see* Doc. 37 (final judgment).

Outside of this District, Burgess' litigation abuses are equally well documented.  In 2011, Judge Andrew J. Guilford formally declared Burgess a vexatious litigant:

> The Court has also received numerous convoluted filings from Plaintiff, which are difficult to decipher but which relate to a potential appeal to the Ninth Circuit. . . .  Plaintiff has a history of filing non-meritorious lawsuits and playing procedural games with those suits to prolong them needlessly. While the Ninth Circuit has emphasized that "the simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious,'" [citation omitted], the issue here is not one of simple volume. Instead, the issue here is the nature of the lawsuits filed, the techniques employed by Plaintiff in litigating them, and Plaintiff's repeated failure to follow court orders. The Court finds that Plaintiff is a vexatious litigant.

*Burgess v. Launi*, No. 8:11-cv-00545 (C.D. Cal. June 27, 2011) (Guilford, J.) (Verges Decl., Exh. A).  Similarly, a Connecticut District Court observed that:

> Burgess has a long history of vexatious and duplicative litigation. Federal and state courts have noted that Burgess' tactics are "suspicious," and indicate that he uses different forums to interfere

with proceedings in another forum, along with hopes that some forum will give him a favorable ruling.

*Burgess v. Hartford Life Ins. Co*, No. 3:09-CV-888 CFD, 2010 WL 3490968, at *5 (D. Conn. Aug. 30, 2010).

Burgess' litigation history dates back to his failed attempt to take a home and other property from an incompetent and elderly man:

> This case is another chapter in the lengthy book of litigation brought by Burgess concerning his involvement with the assets of June and George Williams. Prior to 2001, Burgess and his now ex-wife Karen Sparks ("Sparks") were live-in caregivers for June and George Williams in Los Angeles, California. [citation omitted] June Williams was the aunt of Sparks. *Id.* The Williams made Burgess and Sparks "trustees of trusts" that would allow Burgess and Sparks to take title to the Williams' home, located in California, and obtain certain other rights and assets upon the death of the Williams. *Id.* In October 2001, Sparks conveyed the Williams home as a "gift" to Burgess via quitclaim deed. [citation omitted]. After June Williams passed away, John Williams ("Williams") removed his brother George from the residence and initiated proceedings in the California State probate court. *Id., see also United States ex rel. Burgess v. State of California*, No. 04–03053, 2004 U.S. Dist. LEXIS 29742, at *3–4 (C.D. Cal. July 23, 2004). The probate court found that Burgess and Sparks had obtained their trustee status through undue influence, and transferred the living trust to Williams as conservator. The court also entered judgment against Burgess and Sparks for damages of $400,000, which was later memorialized in an order dated August 8, 2002.

*Burgess*, 2010 WL 3490968, at *1. After Burgess' attempt to obtain the elderly George Williams' house was foiled, he embarked on a campaign of removals, bankruptcies and other litigation designed to delay or prevent enforcement of the judgment. *See* Request for Judicial Notice filed in *Burgess v. Launi*, No. 8:11-cv-00545 AG MLG (C.D. Cal. May 26, 2011) (Doc. 98) (attaching over 30 Exhibits, lettered A-JJ, to provide examples of Burgess' meritless litigation). (Verges Decl., Exh. B.)

During this campaign, Bankruptcy Judge Robles (whom Burgess later sued) found that Burgess had a history of vexatious, harassing, and duplicative litigation. *In re Reginald Burgess*,

No. LA-02-37195-ER, at *5 (Bankr. C.D. Cal. April 27, 2004) (Verges Decl., Exh. B at 22).[2] This 2004 opinion itemizes at least seven (7) independently vexatious acts in various courts.  (*Id.* at 4.)  After losing in both state and bankruptcy court, and being declared a vexatious litigant, Burgess next filed suit in the United States District Court for the Central District of California, naming as defendants (1) the State of California; (2) an opposing lawyer from the state court litigation; (3) Sparks; (4) Judge Robles, and (5) ten "Doe" defendants.  *U.S. ex rel. Reginald P. Burgess v. California*, No. CV 04-03053 (C.D. Cal. July 26, 2004).  Judge Pregerson dismissed all of the claims, as to all of the defendants, with prejudice.  (Verges Decl., Exh. C.)

Plaintiffs respectfully request that the Court consider Burgess' bona fides when addressing his objection.

### 2.   <u>The Burgess Objection Is Not Well Taken.</u>

The Burgess objection is difficult to understand, but appears to be primarily an assault on the class action procedure and a reiteration of his disappointment for being unsuccessful in *Zepeda*, *Fernando* and *Dunkel*.  Burgess cites certain cases where class settlement was not approved or classes not certified, but makes no effort to show how those cases are applicable to this proposed Settlement.  The Court should overrule the Burgess Objection for these reasons alone.  However, in an abundance of caution, the following addresses the specifics that Plaintiffs can glean from the Burgess Objection.

### a.   <u>The Class Incentive Awards Are Not Conditioned Upon Support for Settlement.</u>

Burgess attacks the proposed class incentive awards as a payment to Class Representatives "to shut up and take the settlement and screw over the class" in violation of

---

[2] This opinion appears to be on LEXIS at 2004 BANKR LEXIS 2445, but is not on Westlaw.

*Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2014).  In *Radcliffe*, the settlement agreement explicitly conditioned incentive awards on the class representatives' support for settlement.  There was dissent among the plaintiffs, because some of the *Radcliffe* plaintiffs objected and class counsel told one of these plaintiff-objectors that he would "jeopardize the five thousand dollar" incentive award if he did not support the settlement. *Radcliffe*, 715 F.3d at 1164.  In addition, the maximum amount any class member could receive under the settlement was $750, which the Court found compared unfavorably with the $5,000 incentive awards.  *Id.* at 1165.

In contrast, the Settlement Agreement imposes no conditions on incentive awards. (Settlement Agreement ¶ 2.1(a).)  Any incentive is not only subject to Court approval, but "any reduction by the Court or by an appellate court of the enhancement award sought by Plaintiffs shall not affect any of the Parties' rights and obligations under the Settlement Agreement, and shall only serve to increase the amount of the Net Settlement Fund to be distributed to Class Members."  (*Id.*)  Moreover, the range of payment in partial reimbursement of GTC Listing Fees is at least as high as $18,000.[3]  (Verges Decl., ¶ 18.)  This sum exceeds the proposed incentive payments.

Finally, Burgess suggests that each Class Member should get the same amount as each Class Representative.  This is contrary to the myriad cases cited in the Motion for Approval of Attorneys' Fees and Class Incentive Awards (Doc. 134), which demonstrate that Class Representatives do extra work and accept extra risks, for which some additional compensation is warranted.  *See also In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act*

---

[3] All of the distribution calculations are not complete, but current estimates have at least one Class Member receiving this sum.

*(FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. 2014) (incentive award may be appropriate when a class representative will not gain any benefit beyond that he would receive as an ordinary class member); *accord Razilov v. Nationwide Mut. Ins. Co.*, No. 01-cv-1466-BR, 2006 WL 3312024, at *4 (D. Or. Nov. 13, 2006) (approving the payment of an incentive award where the only benefit a class representative was going to receive from a settlement was the same statutory damages other class members would receive); *Van Vranken v. Atl. Ritchfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (where a class representative's claim made up "only a tiny fraction of the common fund," a substantial incentive award was appropriate). Accordingly, since there is no condition applicable to the proposed incentive awards, *Radcliffe* does not apply.

### b.    The Class Was Properly Certified for Settlement Purposes.

Burgess appears to argue that class certification is improper, but does not address any of the Rule 23 criteria that were set forth in the Motion for Preliminary Approval. As set forth in that motion, all persons who placed GTC Listings and paid recurring fees are sufficiently similarly situated to be treated as a class for settlement purposes. Burgess' conclusory incantation that the Settlement Class was established "out of thin air" and that this case is "actually a mass tort" (Doc. 135 at 2, 5) does not change Plaintiffs' earlier showing of predominantly common questions, typicality of their claims with those of the class, adequacy of their and Class Counsel's representation, and manageability of the notice and administration of the Settlement. (Doc. 130 at 12-15.)

### c.    The Release Does Not Affect Other Current Litigation Against eBay.

Burgess also claims that the scope of the release granted by the Settlement Class is too broad. However, the scope of the release is limited to all claims and legal theories that could have been raised *based upon the allegations in the Action*. (Settlement Agreement ¶ 4.2

(emphasis added).)  This does not, as Burgess asserts, cover "any eBay policy or scenario that could be brought in the future," but relates only to the factual allegations in the Complaint, namely that eBay improperly charged recurring fees for GTC Listings.  Since the release is limited to the conduct for which eBay is sued, this argument lacks merit.

Burgess also appears to assert that the Settlement in this case will somehow adversely affect other pending matters against eBay, including *Zepeda, Fernando, Dunkel,* and *Campbell*. *See Fernando v. PayPal*, No. 10-CV-01688-SBA, *Zepeda v. PayPal*, No. 10-CV-02500-SBA, *Dunkel v. eBay*, No. 12-CV-01452-EJD, and *Campbell v. eBay*, No. 13-CV-2632-HSG.  But none of these cases has anything to do with GTC Listing Fees or the recovery of those fees.  In reality, Burgess' Objection appears to be little more than a complaint about these other cases against eBay and PayPal, especially his inability to intervene in them, as discussed above.

### d.    Burgess May Appear *Pro Se*.[4]

Burgess next objects to the purported requirement that he must appear through an attorney if he wishes to object, citing Federal Rule of Civil Procedure 23(c)(2)(B)(iv).  But that rule does not require an objector to appear through counsel; it is permissive, and Class Counsel acknowledges Burgess' right to appear *pro se* and object.[5]  Burgess next cites *Shimkus v. Gersten Cos.*, 816 F.2d 1318 (9th Cir. 1987), as some kind of impediment to settlement.  *Shimkus* was not a class action, but a decree under Title VII of the Civil Rights Act.  There, the Ninth Circuit

---

[4]  This does not address whether, as a vexatious litigant, Burgess has any special obligations before filing pleadings in this Court.  In *Burgess v. Launi*, the court imposed a $25,000 security requirement on Burgess, and Plaintiffs reserve the right to request a similar security or other relief if Burgess continues to file frivolous pleadings that serve to delay distribution of the Settlement Fund to over 1 million Settlement Class Members.  *Burgess v. Launi,* No. 8:11-cv-00545-AG-MLG (C.D. Cal. June 27, 2011) (Verges Decl., Exh. A).

[5]  Burgess may be alluding to his failed attempts to intervene in other class actions against eBay, which the courts have routinely denied.  For example, on or about January 31, 2013, Burgess attempted to intervene and submit a settlement conference report in a pending class action.  Judge Cousins had denied intervention and disregarded Burgess' settlement conference statement.  *See Fernando v. eBay, Inc.*, No. 4:10-CV-01668-SBA(NC) (N.D. Cal. Jan. 31, 2013).

rejected a consent decree that applied only to discrimination against African Americans, because it failed to include all persons adversely affected by the defendant's discriminatory conduct.  The Settlement Class here has no similar defect; it includes *all* persons who placed GTC Listings during the Class Period.  Moreover, the amount of fees refunded is directly proportional to the amount of fees paid, the fairest way of allocating the Settlement Fund.  *Shimkus* is irrelevant.

### e.   Burgess' Objection Regarding Class Counsel Should Be Overruled.

Burgess' objection regarding Class Counsel is also unfounded.  Class Counsel was approved by the Court, was admitted *pro hac vice*, associated with California counsel, and has successfully represented classes against eBay in other matters in this District and Division.  *See, e.g.*, *Alamo v. eBay*, No. C 09-01733-EJD (N.D. Cal. Dec. 18, 2009).

The objection to Class Counsel appears to draw from Burgess' attack of Marina Tributsky, who was counsel in the *Zepeda*, *Fernando*, and *Dunkel* cases, in which Burgess attempted to intervene and generally object to every aspect of the litigation.  In that regard, much of the Burgess Objection appears to be lifted from his myriad filings in those cases.  For example, Burgess filed a very similar objection to preliminary approval of settlement filed in *Zepeda v. PayPal*, No. 4:10-CV-02500-SBA (N.D. Cal. Aug. 19, 2014) (Doc. 238) (Verges Decl., Exh. E).  Similarly, in his objection to the Settlement here, Burgess erroneously states that "the issue with Noll was that eBay cancelled the listing after the sale was made but the buyer tried to pay with a fraudulent payment method . . . ."  (Burgess Objection, Doc. 135 at 7:12-13.)  Those allegations appear nowhere in Noll's pleadings, but appear to be lifted from allegations in some other case.  Stated plainly, the vast majority of the objection filed by Burgess simply makes no sense in the context of this case, and appears to merely reiterate arguments (which were overruled) in other, unrelated, cases.

### f. Burgess' Purported Supplemental Objection Should Be Overruled.

Finally, on or about March 26, 2015, Burgess submitted a purported supplement to his objection ("Burgess Supplement"),[6] to which he attached orders from other cases, including *Zepeda*, *Algarin v. Maybelline, LLC*, No. 12-CV-03000-AJB (S.D. Cal.), and *Lane v. Facebook, Inc.*, No. C-08-3845-RS (N.D. Cal.). None of these opinions have anything to do with this case. Rather, the Burgess Supplement reads essentially as an attack on Judge Armstrong's refusal to disqualify class counsel in *Zepeda* matter and her refusal to allow Burgess to intervene.

The opinion in *Zepeda* denies preliminary approval of settlement in a case alleging that PayPal placed improper holds on sellers' funds. Importantly, the proposed *Zepeda* settlement involved no cash reimbursement to the proposed class members. *See Zepeda v. PayPal*, No. 4:10-CV-02500-SBA (N.D. Cal. Mar. 25, 2015). In addition to the lack of monetary relief to the class members, the Court also found that the release was overbroad because it encompassed anything having to do with PayPal's obligations under the Electronic Fund Transfers Act, not just the allegedly improper holds on which the case was based. (Verges Decl., Exh. J at 7-20.) The Court denied preliminary approval because it improperly overlapped with another class settlement, *Comb v. eBay*, and because the class included PayPal account holders outside of the timeframe in which the alleged misconduct occurred. (*Id.* at 17-18.) However, the Settlement Agreement in this case has no overlap with *Comb v. PayPal* or, for that matter, with *Zepeda v. PayPal*, as PayPal is not even a party.

Burgess also cites an order from *Algarin v. Maybelline*, which he attaches as Exhibit B to his Settlement Objection. His reliance on *Algeran* is misplaced. (Verges Decl., Exh. J at 22-45.) The *Algeran* case arose out of allegations that Maybelline's makeup did not last the 24 hours it

was advertised to last, which has nothing to do with the present case.  The district court denied the plaintiff's motion for class certification (not made in the settlement context), in large part because the reliance element of the UCL and CLRA claims was not sufficiently common.  (*Id.* at 36-37.)  In sharp contrast to *Algeran*, Plaintiffs' principal claim was for breach of a contract for GTC Listings that involved a User Agreement, Fees Pages, and other disclosures that were uniform across the class; and the evidence showed that GTC Listings were placed, renewed, and invoiced in a manner that was uniform across the Class.  *Algeran* is inapposite, and has no bearing on the propriety of  the Settlement or the Court's Order certifying a settlement class.

The Court should overrule the Burgess Objection.

**B.**     **DANIEL PAILES OBJECTION.**

1.     **Pailes' Background.**

Pailes has been involved in multiple cases against the United States Peace Corps and in individual and class action litigation against HSBC Bank USA.  *See Pailes v. United States Peace Corps*, No. 1:08-CV-02214-JDB (D.D.C.) (filed 2008; dismissed Nov. 2, 2009); *Pailes v. HSBC Mortgage Corp.*, No. 1:10-CV-11509-GAO (D. Mass.) (filed Sept. 2, 2010; dismissed Nov. 30, 2012); *Lopez v. HBC Bank USA*, No. 1:13-CV-21104-FAM (S.D. Fla.) (filed Mar. 28, 2013; Pailes' objection overruled Oct. 29, 2014).  (Verges Decl., ¶ 15).  Pailes' concerns appear to be driven largely by unique financial and other hardships he has faced.  However, the entirety of Pailes' GTC Listing fees at issue in this case appear to be under $25, so it is unlikely that Pailes' GTC transactions were the source of his hardship.  (*Id.*)

1

2

**2.      Pailes' Objection Is Not Well Taken.**

The essence of Pailes' objection appears to be that he and others suffered special damages, such as being "forced to go into bankruptcy," having their accounts shut down, and having their reputations harmed.  (Doc. 136 at 1.)  These are unique and individualized elements of damage that Plaintiffs' Counsel does not believe are appropriate for class treatment or settlement. *See, e.g.*, *Amador v. Baca*, 299 F.R.D. 618, 635 (C.D. Cal. 2014) ("Recognizing that class treatment was inappropriate for the plaintiffs' separate claims for special damages including emotional distress, the court limited certification to the issue of general damages.)  Class Members wishing to pursue claims for special damages, assuming they would be available, were free to opt out of the Settlement.

In addition, Pailes remarks that, in his mind, eBay's actions were "unjust enrichment and were beyond a breach of contract."  (Doc. 136 at 1.)  However, the operative Third Amended Complaint in this case asserted claims for both unjust enrichment and breach of contract, both of which survived motions to dismiss.  (Doc. 102 at 25, 33; Doc. 57 at 8, 11.)  Plaintiffs contend that eBay charged more in recurring fees for GTC Listings than it should have; and the measure of damages was the same under either a contract or unjust enrichment theory.  Plaintiffs and Class Counsel took these damages into account in evaluating the Settlement, and Pailes' contrary suggestion lacks merit.

Pailes also asserts that the Plaintiffs' lawyers will receive more than 25% of the settlement, which is simply not the case.  (Doc. 136 at 3.)  The requested amount of attorneys' fees is exactly 25% of the Settlement Fund.  Moreover, the Net Settlement Fund will be automatically credited and paid to all Class Members, without any claims process.  Class Counsel respectfully submits that its requested attorneys' fee award is proper and that the

proposed distribution method is the best means practicable to get funds into the hands of Settlement Class members efficiently.

Pailes concludes with a general societal complaint that the compromise involves a fraction of the fees at issue and that the "class suffers more indignity and is left with the miserable task of cleaning up the wrongs in their credit damage that was inflicted upon them, the credit damage with the credit bureaus and their own reputation as a seller on the internet, their loss of time and business through cleaning up the mess." (Doc. 136 at 5.)  Should the Class settlement not be approved, then no compensation would be provided to the Settlement Class and even more harm would befall the Settlement Class.  As for these additional elements of damage, it is Class Counsel's opinion that those matters are individualized and not appropriate for class-wide treatment or calculation.  Accordingly, the Court should overrule the Pailes' objection.

Pailes raises a host of other purported concerns in several attachments to his objection, styled as motions for administrative relief.  These matters are also meritless, and are addressed in Plaintiffs' Response to Objector Daniel Pailes' Motion for Administrative Relief.  (Doc. 137.)

## C.   OBJECTION OF SEBRINA NARKIN.

### 1.   Narkin's Background.

Narkin is not a Class Member, nor did she timely file her objection.  (Doc. 138, filed April 24, 2015.)  eBay's records show that no one by her name or using her user ID paid any recurring GTC Listing fees during the Class Period.  (Vasireddy Decl. ¶¶ 3-4.)  The deadline for filing objections was April 20, 2015, and the Narkin Objection was not filed until April 24, 2015. (Doc. 133 ¶ 10 at 7 (written objection must be filed with the Court by April 20, 2015 and served on counsel for eBay and Plaintiffs the same day).)

The Narkin Objection also completely lacks specificity and is nearly identical to other objections filed by Michael Narkin, a former attorney and Narkin's apparent husband.  (Verges Decl., Exh. K.)  According to the response to a very similar Michael Narkin objection, Narkin resigned from the California Bar after it charged him with misconduct, then he went on to set up a fake law school that bilked students' tuition and was closed by the State.  (Declaration of Wyatt Lison in *Larsen v. Trader Joe's Co.*, No. 11-CV-005188-WHO (Doc. 120), attached to Verges Decl., Exh. L.)  It appears that Michael Narkin either wrote the objection for Narkin, or that objector Narkin copied Michael Narkin's objection from another case.

## 2.    <u>The Narkin Objection Is Not Well Taken.</u>

In her objection, Narkin argues that: (1) there is no adequate showing that the proposed settlement bears any relationship to the alleged damages; (2) Class Counsel's entry into the protective order indicates unfairness and violates due process; (3) the amount of the attorneys' fees and expenses are overreaching; and (4) the settlement does not protect the interests of sub-classes.  Each objection should be overruled.  *See generally Larsen v. Trader Joe's Co.*, No. 11-CV-005188-WHO, 2014 WL 3404531, * 7-8 (N.D. Cal., July 11, 2014) (overruling essentially identical Narkin objection and granting final approval to class action settlement); *accord Arnold v. FitFlop USA, LLC*, No. 11-CV-09730-W-KSC, 2014 WL 1670133, *8 (S.D. Cal. Apr. 28, 2014).

First, the Motions for Preliminary and Final Approval (filed contemporaneously herewith) address in detail the scope of potential relief available, including the total amount of GTC Listing Fees at issue.  (Doc. 130.)  The motions also address the various defenses presented by eBay to both class certification and the case on the merits.  They also explain that payments to Class Members from the Net Settlement Fund, after they payment of attorneys' fees and

expenses, will amount to approximately 50% of the first month's renewal fees for GTC Listings in the Class.  Class Counsel respectfully submits that the Motions for Preliminary and Final Approval refute this augment and show that the Settlement is more than fair, reasonable, and adequate in light of all the relevant factors.

Second, the protective order in this case was legitimate, approved by the Court, and a prerequisite to Class Counsel's ability to obtain meaningful discovery.  eBay maintains a very specialized set of electronic data and business methods, and there is no question that eBay has a legitimate right to protect that confidentiality.  Narkin never asked to see any discovery and Class Counsel was willing to permit inspection and copying.  It is well settled that protective orders do not violate due process. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"); *accord Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984).  In any event, Narkin did not make any effort to modify the protective order or become a party to it in order to access any protected discovery.  Narkin suggests no reason why the protective order entered in this case somehow indicates collusion between Class Counsel and eBay.

Third, the amount of proposed attorneys' fees and expenses fall precisely within the Ninth Circuit benchmark, as more fully set forth in the Motion for Approval of Attorneys' Fees and Expenses. (Doc. 134.)  The "canned" Narkin objection does not address anything in that motion or explain why Class Counsel should not receive the full benchmark 25% fee.  *In Re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Courts typically calculate twenty-five percent of the fund as the 'benchmark' for a reasonable fee award . . . .").

Fourth, contrary to Narkin's claim, there are no subclasses, and the Settlement properly protects the entire Class.  The Net Settlement Fund is automatically distributed on a pro-rata basis, depending upon the amount of GTC Listing Fees each person paid.  As explained in the Preliminary Approval Motion, this is the most equitable and efficient way to distribute payments to Class Members.  Similar distribution plans have been approved in other cases challenging eBay's products and fees.  *See, e.g.*, *Keirsey v. eBay Inc.*, No. 12-cv-01200-JST, 2013 U.S. Dist. LEXIS 152531, at *13 (N.D. Cal. Oct. 22, 2013).

In conclusion, given the generic nature of the Objection, its untimeliness, and the fact that Narkin is not a Class Member, the Court should overrule the Narkin Objection.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court overrule the Objections and enter an Order finally approving the Settlement and proposed distribution plan.

Dated: May 8, 2015

Respectfully submitted,


By: /s/ Keith R. Verges
      Keith R. Verges
      Parker D. Young
      Raymond E. Walker

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone (214) 939-2017
Facsimile (214) 939-2090
(*Admitted Pro Hac Vice*)

Shawn T. Leuthold
LAW OFFICE OF SHAWN T. LEUTHOLD
1671 The Alameda #303
San Jose, California  95126
Telephone: (408) 924-0132
Facsimile: (408) 924-0134

Vera Brooks
THOMPSON & BROOKS
412 E. Madison Street, Suite 900
Tampa, Florida  33602
Tel: (813) 387-1822
Fax: (813) 387-1824
(*Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFFS

1

## <u>CERTIFICATE OF SERVICE</u>

2

   I hereby certify that all counsel of record will be served with a copy of this document via
3 the Court's CM/ECF system pursuant to the local rules of this Court, on this 8th day of May,
2015, and via email to all objectors as follows:

4

5       Daniel Pailes                    Sebrina Narkin
        daniel.pailes@yahoo.com          ke7fxal@yahoo.com
6

7       Reginald Burgess
        rburgers123@gmail.com
8

9                                        /s/ Keith R. Verges
                                         Keith R. Verges
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 | **RESPONSE TO OBJECTIONS**                                           **PAGE 18**
     **(CASE NO. 5:11-cv-04585-EJD)**